CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger, *S.D.N.Y. admission pending*
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                          :    Chapter 11
                                               :
Retrieval-Masters Creditors Bureau, Inc.,[1]   :    Case No. 19-23185 (      )
                                               :
                            Debtor.            :
---------------------------------------------------------x

## DEBTOR'S MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE: (A) FOR ORDER AUTHORIZING AND APPROVING PROCEDURES FOR MANAGING GOVERNMENTAL REQUESTS AND/OR DEMANDS FOR INFORMATION; AND (B) FOR AN EMERGENCY ORDER ENJOINING RELATED GOVERNMENTAL ACTION PENDING COURT'S CONSIDERATION OF SUCH PROCEDURES, AND GRANTING RELATED RELIEF

Retrieval-Masters Creditors Bureau, Inc. (the "**Debtor**") as and for its motion (this

"**Motion**")[2] seeking: (a) an Order (the "**Information Procedures Order**"), authorizing and

---

[1]     The last four digits of the Debtor's taxpayer identification number are 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]     A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case, are set forth in greater detail in the *Declaration of Russell H. Fuchs Pursuant to Local Bankruptcy Rule 1007-2 in Support of "First Day" Motions* (the "**First Day Declaration**"), filed contemporaneously with the Debtor's voluntary petition for relief filed under chapter

approving procedures for managing governmental requests and/or demands for information (the

"**Information Procedures**"), as annexed as **Exhibit "A"** hereto; and (b) for an emergency order

(the "**Emergency Order**") enjoining related governmental action pending the Court's

consideration of the Information Procedures, and granting related relief, respectfully represents

as follows:[3]

## Preliminary Statement

1.     As detailed in the First Day Declaration, the Debtor has been driven to seek relief

in this Court by the discovery of a significant data security breach that brought about a host of

negative consequences.  Among those are not only a crush of litigation and pre-litigation activity

by contract counter-parties and other private entities from whom the Debtor is now protected by

virtue of section 362(a)'s automatic stay, but also a host of requests and demands made by

numerous governmental authorities, including by at least eight state attorneys general and one

state banking authority (the "**Regulator Demands**"), all related to the data security breach

sustained by the Debtor.  To date, at least 38 states have indicated some interest in seeking

information related to the data breach.

2.     The Debtor lacks both the human and financial resources to meet the Regulator

Demands, which would try even the healthiest of companies, much less one that has just lost

---

11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), on the date
hereof (the "**Petition Date**").  Capitalized terms used but not otherwise defined herein shall have the
meaning given to them elsewhere in this Motion or in the First Day Declaration, as applicable.

[3]      Because the injunctive relief sought by the Motion is not sought on behalf of any non-debtor party and
otherwise relates to the administration of the Debtor's case, no adversary proceeding under Rule 7001 of
the Federal Rules of Bankruptcy Procedure is appropriate or required.  *See In re Residential Capital, LLC,*
480 B.R. 529, 538-39 (Bankr. S.D.N.Y. 2012) (recognizing as "issue of first impression" question of
whether an adversary proceeding is required "to protect the *debtor itself*, and not just a non-debtor party,
from third party discovery" and concluding that no adversary proceeding is required, because power to stay
discovery is an "essential attribute of the Court's power to administer a bankruptcy proceeding….")
(emphasis in original).

most of its clients, as the Debtor has.  Yet, arguably, the automatic stay does not apply to protect

the Debtor from the Regulator Demands, to the extent that they constitute an exercise of "police

and regulatory power" excepted from the automatic stay under section 362(b)(4).[4]

3.      At the same time, the Debtor recognizes the legitimate interests of appropriate

governmental authorities to obtain information relevant to the data breach incident.  Indeed, a

significant factor in the Debtor's decision to seek relief in this Court was its desire to be as

responsive to legitimate governmental information requests as its condition will allow, through a

process that is sufficiently coordinated and streamlined so as to be accommodated within the

tight constraints in which the Debtor finds itself.  Accordingly, the Debtor seeks two related

forms of relief by the Motion.

4.      First, and fundamentally, the Debtor seeks the Court's approval of the

Information Procedures, as described herein and set forth as **Exhibit "A"** hereto.  Second, while

the Debtor submits that the Information Procedures are fair and reasonable, it also recognizes

that affected governmental entities are entitled to a full and fair opportunity to be heard on

appropriate notice, as well as a chance to informally communicate with the Debtor about any

specific concerns they may have about the Information Procedures.  Accordingly, the Debtor

requests that pending a hearing to consider the Information Procedures approximately 12 days

from the date hereof (subject to the dictates of the Court's calendar), the Court enjoin the pursuit

of any Regulator Demands, to the full extent otherwise applicable to private parties under section

362(a).

---

[4]      The filing of the Motion does not constitute an admission that the Regulator Demands, or any particular
Regulator Demand, properly falls within the police and regulatory power exception, and the Debtor
reserves all its rights in this regard.

## Jurisdiction and Venue

5.      The United States Bankruptcy Court for the Southern District of New York (the

"**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the Amended Standing Order of Reference from the United States District Court for the

Southern District of New York, dated January 31, 2012.  The Debtor confirms its consent,

pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent

that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter

final orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein are sections 105(a) and 362(a) of the

Bankruptcy Code, Bankruptcy Rule 9013(a), and rule 9013-1 of the Local Bankruptcy Rules for

the Southern District of New York (the "**Local Rules**").

## Background

8.      The Debtor is a debt and medical receivables collection agency that was founded

in 1977 in New York City.  Over time, the business grew into a thriving agency and, in 1995,

relocated to Elmsford, New York, where it is currently domiciled.

9.      The Debtor has two basic business segments.  The first principally involves

collections from retail consumer debtors of direct mail marketers, among others.  The second

involves the collection of receivables on behalf of clinical diagnostic laboratories, and does

business under the name American Medical Collection Agency.

10. In March 2019, the Debtor became aware of a significant IT security breach involving its servers. That led to a cascade of events that ultimately necessitated the commencement of the instant chapter 11 case. While set forth in greater detail in the First Day Declaration, these events included, among numerous other things, the Debtor's expenditure of millions of dollars to provide legally required notice to potentially affected parties; the loss of most of the Debtor's client base; and an influx of information requests, demands, threats, putative class actions, requests for meetings, and other similar communications and occurrences that have severely strained the Debtor's limited resources.

11. While the automatic stay under section 362(a) of the Bankruptcy Code that came into effect upon the filing of the Debtor's chapter 11 petition affords the Debtor the breathing room it needs in respect of its dealings with private entities,[5] it does not apply to the Regulator Demands to the extent that the Regulator Demands constitute an exercise of "police and regulatory power" within the meaning of section 362(b)(4) of the Bankruptcy Code.

12. The Regulator Demands are both voluminous and insistent, and often are similar enough to each other to be largely redundant, while just dissimilar enough to require separately prepared responses by the Debtor's professionals and personnel. Meanwhile, the Debtor has been reduced by the circumstances to a skeletal workforce of just 25 persons, and very limited financial resources given the near-cessation of ongoing business activity.

13. Accordingly, the Debtor, working closely with both the undersigned lead counsel and its regulatory counsel, have devised the Information Procedures, for which it seeks the Court's approval hereby.

---

[5] *See, e.g., In re MBM Entertainment, LLC,* 531 B.R. 363, 408 (Bankr. S.D.N.Y. 2015) ("[A]ffording a debtor breathing room from creditors is a major goal of the bankruptcy laws[.]")(internal quotation marks omitted).

## The Information Procedures

14.      The proposed Information Procedures are designed so that the Debtor can be responsive to Regulator Demands in a way that minimizes cost and duplication of effort.  As set forth in detail in **Exhibit "A,"**[6] the basic outline of the process the Information Procedures contemplate is that first, any unit of government (each, a "**Regulator**") with authority to exercise "police and regulatory power" over the Debtor within the meaning of section 362(b) of the Bankruptcy Code may submit a reasonably detailed request to the Debtor for information, defined as a "**Request**."  The Debtor is to then organize an electronic data room that will be guided by the various Requests, and which shall represent a good faith effort by the Debtor to be as thorough and responsive as its circumstances will allow, subject to any applicable privilege. Finally, the Debtors will then provide Regulators seeking interviews or depositions based on their review of the data room with an opportunity to conduct them in single sessions that may include multiple Regulator participants.

15.      Importantly, the Court's approval of the Information Procedures would be without prejudice to the right of any Regulator (or the Debtor, for that matter) to seek relief from the Information Procedures by motion made on appropriate notice, for good cause shown.

## Basis for Relief

**I.        Section 105(a) Allows The Court to Act To Assure the Orderly
          Conduct of a Chapter 11 Case.**

16.      Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under section 105(a), the Court has the equitable powers to "assure the orderly

---

[6]      The procedures as summarily described within the body of the Motion are presented for ease of reading. Parties are encouraged to review the actual Information Procedures as set forth in **Exhibit "A"** and which, to the extent of any inconsistency with the description contained in the Motion, shall govern.

conduct of the reorganization proceedings." *Lyondell Chem. Co. v. CenterPoint Energy Gas*

*Serv., Inc. (In re Lyondell Chem. Co.),* 402 B.R. 571, 587 n.33 (Bankr. S.D.N.Y. 2009), *quoting*

*Erti v. Paine Webber Jackson & Curtis, Inc.* (*In re Baldwin–United Corp. Litigation* ), 765 F.2d

343, 348 (2d Cir.1985).  *See also In re Steffan*, 97 B.R. 741, 746 (Bankr. N.D.N.Y. 1989)

(bankruptcy court has "ample power to enjoin actions excepted from the automatic stay which

might interfere in the rehabilitative process whether in a liquidation or reorganization case.")

(citations and internal quotation marks omitted).

17.    Indeed, the legislative history of section 105(a) suggests that giving a court

leeway to individually provide relief in circumstances where the automatic stay might not

otherwise apply is one of section 105(a)'s primary purposes:

> There are some actions, enumerated in the exceptions, that
> generally should not be stayed automatically upon
> commencement of the case, for reasons of either policy or
> practicality.  Thus, the court will have to determine whether
> a particular action which may be harming the estate should
> be stayed.

*See* S.Rep. No. 989, 95th Cong., 2d Ses. 51, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5787,

5837; H.Rep. No. 595, 95th Cong., 2d Ses. 342, *reprinted in* 1978 U.S. Code Cong. & Ad.News

5963, 6298.

18.    Moreover, courts have used section 105(a) to protect the administration of a debtor's

case specifically by staying regulatory actions.  *See Penn Terra Ltd. v. Dep't of Envtl. Res. of Pa.,*

733 F.2d 267, 273 (3d Cir. 1984) (where regulator sought to enforce environmental clean-up order,

court may, "in its discretion… issue an appropriate injunction, even if the automatic stay is not

operative); *In re Sec. Gas & Oil, Inc.*, 70 B.R. 786, 793 (Bankr. N.D. Cal. 1987) ("Issuance of an

injunction is appropriate where the threatened state activity would unduly interfere with the proper

functioning of the Bankruptcy Code.")

## II.      The Information Procedures Are Fair and Reasonable

19.      As detailed in the First Day Declaration, while the Debtor had a thriving business until as recently as April, that changed in the aftermath of the data security breach that it suffered.  To even describe the Debtor as a shell of its former self would be charitable. Notwithstanding that, the Debtor has done what it needed to do to satisfy its legal obligations and mitigate any harm caused to anyone whose information may have been compromised, including by mailing 7,662,479 individual notices at a cost of approximately $3.8 million.

20.      Under the unfortunate circumstances in which the Debtor finds itself, the Information Procedures are eminently reasonable.  Those procedures allow for the consolidation of information and the channeling of information requests in a way that will be both largely responsive to the Regulator Demands and yet that the Debtor is optimistic it will be able to manage.  Meanwhile, the alternative is likely a free-for-all situation in which the Debtor would have no ability to effectively respond to *anyone,* much less everyone.

## III.     Cause Exists To Stay All Regulator Demands Pending A
##          Hearing on the Information Procedures

21.      The Debtor understands that affected entities are entitled to a full and fair opportunity, if they choose, to interpose objections to the Information Procedures, and be heard in connection therewith.  The Debtor also would expect that such entities may want the chance to communicate any questions or concerns about the Information Procedures with the Debtor on an informal basis, in the hope of heading off any objections.  For these reasons, the Debtor requests that the Court provisionally stay any Regulator Demands, to the full extent as would apply to non-governmental entities under section 362(a), pending a hearing on the Information Procedures that the Debtor would propose to occur in approximately 12 days.

22.    This relief is justified.  First, the typical four-factor test normally applicable to injunctive relief is not required in the context of a motion under section 105(a) to effectively extend the parameters of the automatic stay.  *See*, *e.g., In re Adelphia Communications Corp.*, 298 B.R. 49, 54 (S.D.N.Y. 2003) ("Because the basic purpose of section 105(a) is to enable the court to do whatever necessary to aid its jurisdiction, *i.e.*, anything arising in or relating to a bankruptcy case, the Second Circuit, courts in this District, and courts in other circuits have construed section 105(a) liberally to enjoin suits that might impede the reorganization process and embraced the use of section 105 without proof of all four factors normally required for injunctions, such as inadequate remedy of law or irreparable harm.") (multiple citations and internal quotation marks omitted).

23.    Second, even under the traditional four-factor test, a stay is warranted.  In the Second Circuit, "[a] party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or ... sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the [movant]'s favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the [movant]'s favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (citation and internal quotation marks omitted).

24.    All of the foregoing factors militate in favor of the stay that the Debtor seeks. First, because, for the reasons discussed herein, the proposed Information Procedures are fair and reasonable under the circumstances of the Debtor's case, it is reasonably likely that they will be approved.  Second, because the Debtor lacks the wherewithal to respond to Regulator Demands outside the strictures of the Information Procedures, any civil enforcement activities by

governmental entities would stretch the Debtor beyond its breaking point, and eliminate any real possibility for its orderly liquidation, thereby causing irreparable harm.  Third, because the lack of a stay would inevitably force the Debtor into a haphazard, triaged response mode to Regulator Demands, whereas the potential approval of Information Procedures would actually inure to regulators' *benefit,* by creating an orderly process for the receipt of information, the "balance of hardships" necessarily tips in the Debtor's favor.  Finally, the public interest would not be disserved by the issuance of a stay pending consideration of the Information Procedures.  To the contrary, the public will be best served by the stay, which will allow the Court to consider the Information Procedures and potentially approve an information gathering process that will not discriminate between and among the interests of residents of different states based solely on the regulatory equivalent of a "race to the courthouse" by their respective attorneys general, in terms of which of them can threaten the Debtor most effectively and insistently in a bid to appropriate its limited attention and resources.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

25.    To successfully implement the foregoing, the Debtor requests that the Bankruptcy Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Motion Practice

26.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

## **Notice**

27.     The Debtor will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the attorneys general in the states where the Debtor conducts its business operations; (d) any other unit of government known to the Debtor to have made any request, demand, or otherwise to have communicated with the Debtor in connection with matters relevant to the Information Procedures; (e) the National Association of Attorneys General; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

28.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

**Conclusion**

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an Order, substantially in the form annexed as **Exhibit "B"** hereto: (i) preliminarily enjoining the initiation or continuation of Regulator Demands pending a hearing (the "**Hearing**") to consider the Information Procedures; and (ii) scheduling the Hearing; (b) enter an Order, substantially in the form annexed as **Exhibit "C"** hereto, authorizing and approving the Information Procedures; and (c) grant such other and further relief as may be just.

Dated:  June 17, 2019
      New York, New York

                      CHAPMAN AND CUTLER LLP
                      *Proposed Counsel for the Debtor and*
                      *Debtor in Possession*

                    By:  /s/ Steven Wilamowsky
                      Steven Wilamowsky
                      1270 Avenue of the Americas
                      New York, NY 10020-1708
                      Telephone: 212.655.6000

                              -and-

                      Aaron M. Krieger, *S.D.N.Y. admission pending*
                      111 West Monroe Street
                      Chicago, IL 60603-4080
                      Telephone: 312.845.3000

**<u>EXHIBIT A</u>**

Retrieval-Masters Creditors Bureau, Inc.
Case No. 19-23185 (__) (the "**Debtor**")[1]

[PROPOSED] INFORMATION PROCEDURES (these "**Procedures**")

The following procedures shall apply with respect to any unit of government (each, a "**Regulator**") with authority to exercise "police and regulatory power" over the Debtor within the meaning of section 362(b)(4) of the Bankruptcy Code.

1.  Each Regulator seeking information or discovery (whether formal or informal) from the Debtor shall send a written request to the Debtor (each, a "**Request**") that sets forth the nature of its Request, the particular information sought, the purpose of the Request, and any other details the Regulator deems relevant.  Such Request shall be sent to the Debtor by so as to be received no later than July 19, 2019.

2.  To the extent that any Regulator has previously sent a Request to the Debtor prior to the implementation of these Procedures, such Regulator may transmit an email to the Debtor indicating its reliance on its prior Request, and attaching a copy therewith.

3.  By no later than August 3, 2019 (unless extended by order of the Bankruptcy Court), the Debtor shall have created an electronic data room (the "**Data Room**"), the contents of which shall have been informed by the Requests and shall be the product of a good faith effort by the Debtor to provide pertinent information that is as fulsome as the Debtor's resources reasonably permit, after appropriate review by counsel for any materials that are subject to an applicable privilege.

4.  The Debtor shall provide access to the Data Room to each Regulator that has submitted a Request, as well as, upon request, to counsel for any official committee appointed in the Debtor's case.

5.  After reviewing the contents of the Data Room, any Regulator seeking to interview or depose any of the Debtor's personnel, may communicate the details of its request to the Debtor's counsel, and the Debtor shall cooperate to make appropriate arrangements to schedule for the witness at issue a single interview or deposition, as applicable, at which multiple Regulators may attend, at times and dates that are convenient to as many Regulators as practicable, within such time frames and other parameters as may be reasonably accomplished under the circumstances.

6.  Any communications to the Debtor under these Procedures shall be sent to the Debtor as well as its regulatory counsel, as follows:

---

[1]   The Debtor also does business under the trade name American Medical Collection Agency.  The court exercising jurisdiction over the Debtor's chapter 11 case is referred to herein to as the "**Bankruptcy Court**."

Retrieval Masters Creditors Bureau, Inc.
4 Westchester Plaza, Suite 110
Elsmford, NY 10523
Attention: Chief Operating Officer

-and-

Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY 10017
Attention: Richard D. Weinberg, Esq.

7.  The Bankruptcy Court's approval of these Procedures shall be without prejudice
    to the right of any Regulator or the Debtor to seek relief from these Procedures,
    by motion to the Bankruptcy Court made upon appropriate notice, for good cause
    shown.

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re                                                                   :      Chapter 11
                                                                        :
Retrieval-Masters Creditors Bureau, Inc.,[1]                            :      Case No. 19-23185 (    )
                                                                        :
                                    Debtor.                             :
---------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE: (A) PRELIMINARILY ENJOINING CERTAIN GOVERNMENTAL ACTION PENDING HEARING ON DEBTOR'S MOTION FOR ORDER AUTHORIZING AND APPROVING PROCEDURES FOR MANAGING GOVERNMENTAL REQUESTS AND/OR DEMANDS FOR INFORMATION; (B) SCHEDULING <u>SUCH HEARING; AND (C) GRANTING RELATED RELIEF</u>

Upon the motion (the "**Motion**")[2] of the debtor and debtor in possession (the "**Debtor**") in the above-captioned for case an Order (the "**Information Procedures Order**"), authorizing and approving procedures for managing governmental requests and/or demands for information (the "**Information Procedures**"), as annexed as **Exhibit "A"** to the Motion; and (b) for an emergency order enjoining related governmental action pending the Court's consideration of the Information Procedures, and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been provided by overnight delivery and/or email to the attorneys general of each state in which the Debtor is licensed to do business; and it appearing that the relief sought by the Motion is in the best interests of the Debtor's estate, its creditors, and

---

[1]     The last four digits of the Debtor's taxpayer identification number are 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.  The Debtor also does business as American Medical Collection Agency.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

other parties in interest, and is not unduly prejudicial to any party; and upon the record of the "first day" hearing held in the Court on June [__], 2019; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED, that the Motion is granted to the limited extent set forth in this Order; and it is further

ORDERED, that, pursuant to section 105(a) of the Bankruptcy Code, all governmental units exercising or purporting to exercise jurisdiction over the Debtor or its estate hereby are stayed and enjoined, to the full extent as would otherwise apply but for section 362(b)(4) of the Bankruptcy Code, from initiating, continuing, or otherwise pursuing any Regulator Demands, or any other civil actions or demands against the Debtor, pending a ruling of the Court in respect of the balance of the relief sought by the Motion; and it is further

ORDERED, that a hearing (the "**Hearing**") to consider the balance of the relief sought in the Motion, and in particular, the Information Procedures, shall be held in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York at [__:__] in the [morning][afternoon] (EDT); and it is further

ORDERED, that any objections to the Information Procedures or other relief sought in the Motion shall be: (a) served upon counsel to the Debtor, Chapman and Cutler LLP, 1270 Sixth Avenue, New York, New York 10020, Attention: Steven Wilamowsky, Esq.; and (b) filed with proof of service with the Clerk of the Court, and a courtesy copy delivered to the chambers of the undersigned, but not later than 4:00 in the afternoon (EDT) on [＿＿＿＿＿], 2019; and it is further

ORDERED, that the Debtor shall serve a copy of this Order, by not later than one (1) business day after the date of entry hereof, upon: (a) the attorneys general in the states where the Debtor conducts its business operations; (b) any other unit of government known to the Debtor to have made any request, demand, or otherwise to have communicated with the Debtor in connection with matters relevant to the Information Procedures; and (c) the National Association of Attorneys General; and it is further

ORDERED, that service of this Order to a particular party entitled to service pursuant to the foregoing paragraph shall be made by overnight courier, *provided, however,* that service may be effected by email and/or fax, solely to the extent that, with respect to each such party: (i) the Debtor has the direct email address and/or fax number of a specific person known to the Debtor to have communicated to or interacted with the Debtor regarding the issues connected with or relevant to the Information Procedures (*i.e.,* the data security breach sustained by the Debtor); or (ii) such party has filed a notice of appearance in the Debtor's case.

Dated: White Plains, New York
      June [＿], 2019               _____
                                      UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                             :   Chapter 11
                                                  :
Retrieval-Masters Creditors Bureau, Inc.,[1]      :   Case No. 19-23185 (    )
                                                  :
                              Debtor.             :
-----------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING PROCEDURES FOR MANAGING GOVERNMENTAL REQUESTS AND/OR DEMANDS FOR INFORMATION

Upon the motion (the "**Motion**")[2] of the debtor and debtor in possession (the "**Debtor**")

in the above-captioned for case an Order (the "**Information Procedures Order**"), authorizing

and approving procedures for managing governmental requests and/or demands for information

(the "**Information Procedures**"), as annexed as **Exhibit "A"** to the Motion; and (b) for an

emergency order enjoining related governmental action pending the Court's consideration of the

Information Procedures, and granting related relief; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and notice of the Motion having been provided by in accordance with [CASE

MANAGEMENT ORDER]; and the Court having entered that certain *Order Pursuant To*

*Section 105(a) Of The Bankruptcy Code: (a) Preliminarily Enjoining Certain Governmental*

*Action Pending Hearing On Debtor's Motion For Order Authorizing And Approving Procedures*

---

[1]   The last four digits of the Debtor's taxpayer identification number are 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*For Managing Governmental Requests And / Or Demands For Information; (b) Scheduling Such Hearing; and (c) Granting Related Relief* [doc. no. [▮]] (the "**Emergency Order**"); and the Emergency Order having, *inter alia,* established at date for a hearing for the Court's consideration of the Motion and, specifically, the Information Procedures (the "**Hearing**"); and the Hearing having been held and concluded on [�_____ __,] 2019; and upon the record of the Hearing, any objections interposed at the Hearing, the "first day" hearing held in the Debtor's case, and the docket in the Debtor's case; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED, that the Information Procedures are approved in their entirety; and it is further

ORDERED, that any Regulator (as defined in the Information Procedures) or party otherwise seeking information from the Debtor arising from, related to, or in connection with any data security breach sustained by the Debtor, may only do so pursuant to the Information Procedures, and shall otherwise be enjoined from proceeding against the Debtor by any means other than as contemplated by the Information Procedures; and it is further

ORDERED, that entry of this Order shall be without prejudice to the right of any Regulator or the Debtor to seek relief from the Information Procedures, by motion to the Court made upon appropriate notice, for good cause shown; and it is further

ORDERED, that the Court shall retain jurisdiction over all matters arising from the

interpretation or implementation of this Order.

Dated: White Plains, New York
     June [⬛], 2019
                                  _____
                                    UNITED STATES BANKRUPTCY JUDGE