CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger, *S.D.N.Y. admission pending*
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | : | Case No. 19-23185 (RDD) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------x

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS

Retrieval-Masters Creditors Bureau, Inc. (the "**Debtor**") respectfully states the following

in support of this motion (the "**Motion**"):[2]

---

[1] The last four digits of the Debtor's taxpayer identification number are 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2] A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case, are set forth in greater detail in the *Declaration of Russell H. Fuchs Pursuant to Local Bankruptcy Rule 1007-2 and in Support of "First Day" Motions* (the "**First Day Declaration**"), filed contemporaneously with the Debtor's voluntary petition for relief filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), on the date hereof (the "**Petition Date**"). Capitalized terms used but not otherwise defined herein shall have the meaning given to them elsewhere in this Motion or in the First Day Declaration, as applicable.

## Relief Requested

1.        The Debtor seeks entry of interim and final orders, substantially in the forms annexed hereto as **Exhibit A** and **Exhibit B** (respectively, the "**Interim Order**" and "**Final Order**"), authorizing the Debtor to: (a) pay prepetition wages, salaries, other compensation, and reimbursable employee expenses; and (b) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto.  In addition, the Debtor requests a final hearing be scheduled by the Bankruptcy Court (as defined below) within approximately 25 days of the Petition Date to consider approval of this Motion on a final basis.

## Jurisdiction and Venue

2.        The United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012.  The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The bases for the relief requested herein are sections 105(a), 362(d), 363(b), 507(a), and 541(b)(1) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

**Background**

5.      The Debtor is a debt and medical receivables collection agency that was founded in 1977 in New York City.  Over time, the business grew into a thriving agency and, in 1995, relocated to Elmsford, New York, where it is currently domiciled.

6.      The Debtor has two basic business segments.  The first principally involves collections from retail consumer debtors of direct mail marketers, among others.  The second involves the collection of receivables on behalf of clinical diagnostic laboratories, and does business under the name American Medical Collection Agency.

7.      In March 2019, the Debtor became aware of a significant IT security breach involving its servers.  That led to a cascade of events that ultimately necessitated the commencement of the instant chapter 11 case.  More details regarding these events and the Debtor's business are set forth in the First Day Declaration.

8.      On the date hereof, the Debtor filed a voluntary petition for relief under the Bankruptcy Code.  The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case and no official committees have been appointed or designated.

**The Debtor's Workforce**

9.      As of the Petition Date, the Debtor employed approximately 25 employees, including approximately 22 full-time employees (collectively, the "**Full-Time Employees**")[3] and approximately 3 part-time employees (collectively, the "**Part-Time Employees**" and, together with the Full-Time Employees, collectively, the "**Employees**").

---

[3] Full-Time Employees are generally scheduled to work 40 hours per week.

10.     The Employees perform a wide variety of functions which will be critical to the

Debtor's go-forward operations and the administration of this chapter 11 case.  In many

instances, the Employees include personnel who are intimately familiar with the Debtor's

operations and that are essential to the Debtor's business.  Without the continued, uninterrupted

services of the Employees, the ability of the Debtor to maintain and administer its estate will be

materially impaired.

11.     Many of the Employees rely on their compensation and benefits to pay their daily

living expenses.  These individuals could experience significant financial constraints if the

Bankruptcy Court does not permit the Debtor to continue paying their compensation and

providing them with health and other benefits.  Accordingly, the Debtor respectfully submits that

the relief requested herein is necessary and appropriate under the facts and circumstances of this

chapter 11 case.

### Employee Compensation and Benefits

12.     By this Motion, the Debtor seeks authority to: (a) pay and honor certain

prepetition claims relating to, among other things, wages, salaries, and other compensation,

payroll services, federal and state withholding taxes and other amounts withheld, reimbursable

expenses, health insurance, workers' compensation benefits, life insurance, short- and long-term

disability coverage, paid time off, COBRA benefits, 401(k) plan contributions, and certain other

benefits that the Debtor has provided in the ordinary course (collectively, the "**Employee**

**Compensation and Benefits**"); and (b) pay all costs related to or on account of the Employee

Compensation and Benefits.

13.     Subject to court approval, the Debtor intends to continue its applicable prepetition

Employee Compensation and Benefits in the ordinary course.  Out of an abundance of caution,

the Debtor further requests confirmation of its right to modify, change, and/or discontinue any of

its Employee Compensation and Benefits and/or to implement new programs, policies, and

benefits in the ordinary course of business on a postpetition basis during this chapter 11 case in

the Debtor's sole discretion and without the need for further Court approval, subject to

applicable law.

14.     To the extent that any amounts owed to any Employees on the Petition Date will

exceed the statutory cap of $12,850 set forth in sections 507(a)(4) and 507(a)(5) of the

Bankruptcy Code the Debtor seeks approval to pay any such amounts solely pursuant to the Final

Order.

**I.      Employee Compensation and Withholding Obligations**

**A.      Unpaid Compensation**

15.     In the ordinary course, the Debtor has incurred obligations to its Employees for,

among other things, salaries, wages, overtime, and other similar obligations (collectively, the

"**Employee Compensation**").  The Debtor pays its Employees on a bi-weekly basis, which

accrue on either a salaried or hourly basis.  The Debtor average bi-weekly gross Employee

Compensation, including salaries, wages, and related compensation, has been approximately

$66,000 for the Employees, not including tax deductions.  The majority of the Debtor's payroll is

made by direct deposit through electronic transfer of funds to the Employees' bank accounts or

other electronic means.

16.     As of the Petition Date, certain prepetition wage obligations are due and owing on

account of certain hourly workers owed in arrears.  Further, certain Employees may be entitled to

unpaid compensation due to: (a) discrepancies that may exist between the amounts actually paid

by the Debtor and the amounts that the Debtor was required to pay; and (b) some checks issued

to Employees before the Petition Date may not have been presented for payment, or may not

have cleared the Debtor's banking system and, accordingly, may not have been honored and paid

as of the Petition Date.

17.     As of the Petition Date, the Debtor estimates that it owes approximately $38,000

on account of accrued but unpaid Employee Compensation (the "**Unpaid Compensation**").

Accordingly, the Debtor respectfully requests that the Bankruptcy Court authorize it to continue

such programs and policies and to pay any prepetition or postpetition claims with respect thereto,

in each case, in the ordinary course of business on a postpetition basis.

**B.     Withholding Obligations and Payroll Taxes**

18.     During each applicable payroll period, the Debtor routinely deducts certain

amounts from Employees' paychecks (collectively, the "**Deductions**"), and forwards such

amounts to various third-party recipients.  The Debtor only retains payments related to the

Employee's share of health care benefits and insurance premiums.

19.     In addition to the Deductions, certain federal and state laws require that the

Debtor withhold certain amounts from Employees' gross pay related to federal, state, and local

income taxes, as well as Social Security and Medicare taxes (collectively, the "**Employee**

**Payroll Taxes**") for remittance to the appropriate federal, state, or local taxing authorities.  The

Debtor must then match the Employee Payroll Taxes from its own funds and pay, based on a

percentage of gross payroll, additional amounts for federal and state unemployment insurance

and Social Security and Medicare taxes (the "**Employer Payroll Taxes**" and, together with the

Employee Payroll Taxes, the "**Payroll Taxes**").

20.     As of the Petition Date, the Debtor estimates that it owes approximately $12,500

on account of the Deductions and the Payroll Taxes (collectively, the "**Withholding**

**Obligations**").  Accordingly, the Debtor respectfully requests that the Bankruptcy Court

authorize the Debtor to continue such programs and policies and to pay any prepetition or

postpetition claims with respect thereto, in each case, in the ordinary course of business on a

postpetition basis.

      C.     **Payroll Processing**

     21.     Certain Withholding Obligations for the Debtor's Employees are processed and

administered by Paylocity Corporation ("**Paylocity**").  As of the Petition Date, the Debtor

estimates it owes approximately $2,230 to Paylocity on account of prepetition payroll services

(the "**Unpaid Payroll Processing Fees**").  Accordingly, the Debtor respectfully requests that the

Bankruptcy Court authorize the Debtor to continue such programs and policies and to pay any

prepetition or postpetition claims with respect thereto, in each case, in the ordinary course of

business on a postpetition basis.

     22.     Prior to the Petition Date and in the ordinary course of business, the Debtor

reimbursed certain Employees for approved expenses incurred on behalf of the Debtor in the

scope of their employment (the "**Reimbursable Expenses**").  Reimbursable Expenses include,

among other expenses, meal allowances and cellular telephone allowances.  Employees who pay

for their own Reimbursable Expenses up front apply for reimbursement of such expenses by

submitting an expense report to the Debtor.  Once it has determined that the charges are for

allowable reimbursable business expenses, the Debtor has typically reimbursed such Employees

for any such expenses.

     23.     The Debtor's inability to reimburse the Reimbursable Expenses could impose a

hardship on the Employees where such individuals incurred obligations for the Debtor's benefit.

Employees incurred the Reimbursable Expenses as business expenses on the Debtor's behalf and

with the understanding that such expenses would be reimbursed.  As of the Petition Date, the

Debtor estimates that it owes not more than $1,000 in aggregate Reimbursable Expenses.

Accordingly, the Debtor respectfully requests that the Bankruptcy Court authorize the Debtor to

continue such programs and policies and to pay any prepetition or postpetition claims and fees

with respect thereto, in each case, in the ordinary course of business on a postpetition basis.  For

the avoidance of doubt, the Debtor will not seek to pay any outstanding Reimbursable Expenses

or fees related thereto in advance of the date they come due.

## II.    Employee Benefits Programs

24.    The Debtor has offered its Employees the ability to participate in a number of

insurance and benefits programs, including, among other programs, medical, dental, retirement

plans and other employee benefit plans (collectively, the "**Employee Benefits Programs**").

25.    Failure to continue the Employee Benefits Programs could cause Employees to

experience severe hardship.  Accordingly, the Debtor respectfully requests that the Bankruptcy

Court authorize the Debtor to continue such programs and policies and to pay any prepetition or

postpetition claims with respect thereto, in each case, in the ordinary course of business on a

postpetition basis.

## Basis for Relief

## I.    Sufficient Cause Exists to Authorize the Debtor to Honor the Employee Compensation and Benefits Obligations

26.    Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code entitle the Employee

Compensation and Benefits to priority treatment.  As priority claims, the Debtor is required to

pay these claims in full to confirm a chapter 11 plan.  *See* U.S.C. § 1129(a)(9)(B) (requiring

payment of certain allowed unsecured claims, given priority under sections 507(a)(4) and

507(a)(5) of the Bankruptcy Code, for: (a) wages, salaries or commissions, including vacation,

severance, and sick leave pay earned by an individual; and (b) contributions to an employee

benefit plan).  In this case none of the Employees are slated to receive more than $12,850 on

account of their prepetition claims.  Thus, the relief sought with respect to compensation only

affects the timing of payments to Employees and does not have any material negative impact on

recoveries for general unsecured creditors.  Indeed, the Debtor submits that payment of the

Employee Compensation and Benefits at this time enhances value for the benefit of all interested

parties.

27.     The Debtor also seeks authority to pay the Withholding Obligations to the

appropriate third-party payees.  These amounts principally represent Employee earnings that

governments, Employees, and judicial authorities have designated for deduction from

Employees' Wages.  Indeed, certain Withholding Obligations may not be property of the

Debtor's estate because the Debtor has withheld such amounts from Employees' Wages on

another party's behalf.  *See* 11 U.S.C. §§ 541(b)(1), (d).  Further, federal and state laws require

the Debtor to withhold certain tax payments from Employees' Wages and to pay such amounts to

the appropriate taxing authority.  26 U.S.C. §§ 6672, 7501(a); *see also City of Farrell v. Sharon*

*Steel Corp.*, 41 F.3d 92, 95–97 (3d Cir. 1994) (finding that state law requiring a corporate debtor

to withhold city income tax from its employees' wages created a trust relationship between

debtor and the city for payment of withheld income taxes); *In re DuCharmes & Co.*, 852 F.2d

194, 196 (6th Cir. 1988) (noting that individual officers of a company may be held personally

liable for failure to pay trust fund taxes).  Because the Withholding Obligations may not be

property of the Debtor's estate, the Debtor requests authorization to transmit the Withholding

Obligations to the proper parties in the ordinary course of business.

**II.**     **Payment of the Employee Compensation and Benefits Is Warranted Under Section**
       **363(b)(1) of the Bankruptcy Code and the Doctrine of Necessity**

28.     Courts generally acknowledge that it is appropriate to authorize the payment (or other special treatment) of prepetition obligations in appropriate circumstances.  *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 175 (Bankr. S.D.N.Y. 1989) (granting authority to pay prepetition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc.*, (*In re James A. Phillips, Inc.*), 29 B.R. 391, 398 (S.D.N.Y. 1983) (granting authority to pay prepetition claims of suppliers who were potential lien claimants).   In authorizing payments of certain prepetition obligations, courts have relied on several legal theories, rooted in sections 1107(a), 1108, 363(b), 507, and 105(a) of the Bankruptcy Code.

29.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, debtors in possession are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners."  *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate…." *Id.*  Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim."  *Id.*  The *CoServ* court specifically noted that satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate."  *Id.*

30.     Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so.  *See, e.g.*, *In re Ionosphere Clubs*, 98 B.R. at 175 (discussing prior order authorizing payment of prepetition wage claims pursuant to section 363(b) and noting that relief is appropriate where payment is needed to "preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale.");

*see also Armstrong*, 29 B.R. at 397 (relying on section 363 to allow contractor to pay prepetition

claims of suppliers who were potential lien claimants because the payments were necessary for

general contractors to release funds owed to debtors).  Specifically, the business judgment

standard requires that a debtor "articulate some business justification, other than mere

appeasement of major creditors."  *In re Ionosphere Clubs*, 98 B.R. at 175.

31.     In addition, courts may authorize payment of prepetition claims in appropriate

circumstances based on section 105(a) of the Bankruptcy Code.  Section 105(a) codifies the

Bankruptcy Court's inherent equitable powers to "issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of this title."  Under section 105(a), courts

may authorize pre-plan payments of prepetition obligations when essential to the continued

operation of a debtor's businesses.  *See In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr.

S.D.N.Y. 1996); *see also In re Fin. News Network Inc.*, 134 B.R. 732, 735–36 (Bankr. S.D.N.Y.

1991) (holding that the "doctrine of necessity" stands for the principle that a bankruptcy court

may allow pre-plan payments of prepetition obligations where such payments are critical to the

debtor's organization").  Specifically, the Bankruptcy Court may use its power under section

105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the

"necessity of payment" rule (also referred to as the "doctrine of necessity"). *See In re Ionosphere

Clubs*, 98 B.R. at 176.

32.     The Debtor submits that the payment of the Employee Compensation and

Benefits represents a sound exercise of the Debtor's business judgment, is necessary to avoid

immediate and irreparable harm to the Debtor's estate, and is therefore justified under sections

105(a) and 363(b) of the Bankruptcy Code.  Paying prepetition wages, employee benefits, and

similar obligations will benefit the Debtor's estate and its creditors by allowing the the operation of the Debtor to continue without further interruption.

33.    In addition, the majority of Employees rely exclusively on the Employee Compensation and Benefits to satisfy their daily living expenses.  Many of the Debtor's Employees expect and require their wages to arrive on a timely basis.  Consequently, Employees will be exposed to significant financial difficulties if the Debtor is not permitted to honor its obligations related thereto expeditiously.  Moreover, failure to satisfy such obligations will jeopardize Employee morale and loyalty at a time when Employee support is critical to the Debtor's businesses.

34.    The importance of a debtor's employees to its operations has been repeatedly recognized by courts in this district, and such courts have granted relief similar to the relief requested herein.  *See, e.g.*, *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. June 20, 2017) (authorizing debtors to continue employee compensation and benefit programs and pay certain prepetition obligations related thereto on a postpetition basis); *In re BCBG Max Azria Global Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 29, 2017) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Mar. 20, 2017) (same); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015) (same); *In re Eagle Bulk Shipping Inc.*, Case No. 14-12303 (SHL) (Bankr. S.D.N.Y. Sept. 19, 2014) (same).[4]

35.    Accordingly, the Debtor respectfully requests that the Bankruptcy Court authorize the Debtor to pay any prepetition amounts accrued and unpaid on account of the Employee

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been annexed to this Motion.  Copies of these orders are available upon request of the Debtor's proposed counsel.

Compensation and Benefits and to continue the Employee Compensation and Benefits on a postpetition basis in the ordinary course of business and consistent with past practices.

## Processing of Checks and Electronic Fund Transfers Should Be Authorized

36.     The Debtor has sufficient funds to pay any amounts described in this Motion.  In addition, under the Debtor's existing cash management system, which is described in further detail in a separate motion, the Debtor can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Insurance Policies.  Accordingly, the Debtor believes there is minimal risk that checks or wire transfer requests that the Bankruptcy Court has not authorized will be inadvertently made.  Therefore, the Debtor respectfully requests that the Bankruptcy Court authorize and direct all applicable financial institutions, when requested by the Debtor, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## The Requirements of Bankruptcy Rule 6003 Are Satisfied

37.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtor believes an immediate and orderly transition into chapter 11 is critical to the viability of its chapter 11 proceeding and that any delay in granting the relief requested could hinder the Debtor's operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of this chapter 11 case would severely disrupt the Debtor's operations at this critical juncture.  Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

38.     To successfully implement the foregoing, the Debtor requests that the Bankruptcy Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Reservation of Rights**

39.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Bankruptcy Court grants the relief sought herein, any payment made pursuant to the Bankruptcy Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

**Motion Practice**

40.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

**Notice**

41.     The Debtor will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the attorneys general in the states where the Debtor conducts its business operations; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

42.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter the

Interim Order and Final Order granting the relief requested herein and such other relief as the

Bankruptcy Court deems appropriate under the circumstances.

Dated:  June 17, 2019
       New York, New York

                         CHAPMAN AND CUTLER LLP
                         *Proposed Counsel for the Debtor and*
                         *Debtor in Possession*


                         By:   /s/ Steven Wilamowsky
                              Steven Wilamowsky
                              1270 Avenue of the Americas
                              New York, NY 10020-1708
                              Telephone: 212.655.6000

                              -and-

                              Aaron M. Krieger, *S.D.N.Y. admission pending*
                              111 West Monroe Street
                              Chicago, IL 60603-4080
                              Telephone: 312.845.3000

## **EXHIBIT A**

**Proposed Interim Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                                      :    Chapter 11
                                                           :
Retrieval-Masters Creditors Bureau, Inc.,[1]               :    Case No. 19-23185 (RDD)
                                                           :
                                    Debtor.                :
                                                           :
------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING THE DEBTOR
TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES,
OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE
EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

---

Upon the motion (the "**Motion**")[2] of the debtor and debtor in possession (the

"**Debtor**") in the above-captioned case for entry of an interim order (this "**Interim Order**"),

authorizing the Debtor to: (a) pay certain prepetition employee wages, salaries, other

compensation, and reimbursable employee expenses; and (b) continue employee benefits

programs in the ordinary course, all as more fully set forth in the Motion; and upon the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference from the United States District Court for

the Southern District of New York, dated January 31, 2012; and that this Court may enter a final

order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§157(b); and this Court having found that the Debtor's notice of the Motion and opportunity for

---

[1]    The last four digits of the Debtor's taxpayer identification number are 9495.  The location of the Debtor's
       service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.
       The Debtor also does business as American Medical Collection Agency.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a hearing on the Motion were appropriate under the circumstances and no other notice need be

provided; and this Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before this

Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "**Final Hearing**") on the Motion shall be held on

_____, 2018, at __:__ __.m., prevailing Eastern Time. Any objections or responses to entry of

a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on

_____, 2018, and shall be served on: (a) the Debtor and its counsel; (b) the Office of the

United States Trustee for the Southern District of New York; (c) the holders of the 20 largest

unsecured claims against the Debtor; (d) the attorneys general in the states where the Debtor

conducts its business operations; and (e) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  In the event no objections to entry of a final order on the Motion are

timely received, this Court may enter such final order without need for the Final Hearing.

3.      The Debtor is authorized, in its sole discretion, to continue to provide, and to pay

any claims or obligations on account of, the Employee Compensation and Benefits in the

ordinary course and in accordance with the Debtor's prepetition policies and prepetition

practices, irrespective of whether such obligations arose prepetition or postpetition; *provided,*

*however* that the Debtor is only authorized, in its sole discretion, to pay claims or obligations on

account of Reimbursble Expenses up to an aggregate amount of $1,000 and, *provided further*

that: (a) any payments shall only be made as they become due, and that no payments shall be

accelerated prior to the final hearing of this Motion; and (b) no payments shall be made above

the statutory cap pursuant to 11 USC 507(a)(4) of $12,850 prior to the final hearing of this

Motion and nothing in this order should be construed as approving any transfer pursuant to 11

USC 503(c), and a separate motion should be filed for any request that falls within Section

503(c).  This Order does not implicitly or explicitly approve any bonus plan, incentive plan or

other plan covered by Section 503(c) of the Bankruptcy Code.

4.      The Debtor shall not make any non-ordinary course bonus, incentive, or

severance payments to its Employees or any Insiders (as such term is defined in section 101(31)

of the Bankruptcy Code) without further order of this Court.  For the avoidance of doubt, no

bonus, incentive, or severance payments shall be made to any Insider without further order of

this Court.

5.      The Debtor is authorized to forward any unpaid amounts on account of

Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in

accordance with the Debtor's prepetition policies and practices.

6.      The Debtor is authorized to pay costs and expenses incidental to payment of the

Employee Compensation and Benefits obligations, including all administrative and processing

costs and payments to outside professionals.

7.      Nothing contained herein is intended or should be construed to create an

administrative priority claim on account of the Employee Compensation and Benefits

obligations.

8.      Notwithstanding the relief granted in this Interim Order and any actions taken

pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the

validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute

any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim;

(d) an implication or admission that any particular claim is of a type specified or defined in this

Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of

the Debtor's rights or the rights of any other Person under the Bankruptcy Code or any other

applicable law; or (g) a concession by the Debtor that any liens (contractual, common law,

statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly

reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

Any payment made pursuant to this Interim Order is not intended and should not be construed as

an admission as to the validity of any particular claim or a waiver of the Debtor's rights to

subsequently dispute such claim.

9.      The banks and financial institutions on which checks were drawn or electronic

payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, and all such banks and financial institutions are authorized to rely

on the Debtor's designation of any particular check or electronic payment request as approved by

this Interim Order.

10.     The Debtor is authorized to issue postpetition checks, or to effect postpetition

fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection

with any Insurance Policies.

11.     Notwithstanding anything to the contrary contained in this Interim Order or in the Motion, any payment, obligation or other relief authorized by this Interim Order shall be subject to and limited by the requirements imposed on the Debtor under the terms of any interim and/or final orders regarding and the use of cash collateral or the approval of postpetition financing (any such order, a "**<u>Financing Order</u>**") or any budget in connection therewith, approved by this Court in this chapter 11 case. In the event of any conflict between the terms of this Interim Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

12.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b)

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15.     The time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2019
        White Plains, New York

_____

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Proposed Final Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re                                                  :    Chapter 11
                                                       :
Retrieval-Masters Creditors Bureau, Inc.,[1]           :    Case No. 19-23185 (RDD)
                                                       :
                              Debtor.                  :
---------------------------------------------------------x

**FINAL ORDER AUTHORIZING THE DEBTOR
TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (II)
CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "**Motion**")[2] of the debtor and debtor in possession (the "**Debtor**") in the above-captioned case for entry of a final order (this "**Final Order**"), authorizing the Debtor to: (a) pay certain prepetition employee wages, salaries, other compensation, and reimbursable employee expenses; and (b) continue employee benefits programs in the ordinary course, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b); and this Court having found that the Debtor's notice of the Motion and opportunity for

---

[1]    The last four digits of the Debtor's taxpayer identification number are 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a hearing on the Motion were appropriate under the circumstances and no other notice need be

provided; and this Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before this

Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtor is authorized in its sole discretion, to continue to provide, and to pay

any claims or obligations on account of, the Employee Compensation and Benefits in the

ordinary course and in accordance with the Debtor's prepetition policies and prepetition

practices, irrespective of whether such obligations arose prepetition or postpetition *provided,*

*however* that the Debtor is only authorized, in its sole discretion, to pay claims or obligations on

account of Reimbursble Expenses up to an aggregate amount of $1,000 and, *provided further*

that (a) any payments shall only be made as they become due; and (b) nothing in this order

should be construed as approving any transfer pursuant to 11 USC 503(c), and a separate motion

should be filed for any request that falls within Section 503(c).  This Order does not implicitly or

explicitly approve any bonus plan, incentive plan or other plan covered by Section 503(c) of the

Bankruptcy Code

3.      The Debtor shall not make any non-ordinary course bonus, incentive, or

severance payments to its Employees or any Insiders (as such term is defined in section 101(31)

of the Bankruptcy Code) without further order of this Court.  For the avoidance of doubt, no

bonus, incentive, or severance payments shall be made to any Insider without further order of this Court.

4.     The Debtor is authorized to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtor's prepetition policies and practices.

5.     The Debtor is authorized to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

6.     Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

7.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as

an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

8.        The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

9.        The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with any Insurance Policies.

10.        Notwithstanding anything to the contrary contained in this Final Order or in the Motion, any payment, obligation or other relief authorized by this Final Order shall be subject to and limited by the requirements imposed on the Debtor under the terms of any interim and/or final orders regarding and the use of cash collateral or the approval of postpetition financing (any such order, a "**Financing Order**") or any budget in connection therewith, approved by this Court in this chapter 11 case. In the event of any conflict between the terms of this Final Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

11.        The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b)

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14.     The time periods set forth in this Final Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2019
        White Plains, New York


_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE