Heather M. Crockett
Deputy Attorney General
Justin Clouser
Deputy Attorney General
Indiana Office of the Attorney General
CURTIS T. HILL, JR.
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone: 317-233-6254

*Attorneys for the State of Indiana*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| RETRIEVAL-MASTERS CREDITORS BUREAU, INC.[1], | CASE NO. 19-23185 (RDD) |
| DEBTOR. | |

**STATE OF INDIANA'S MOTION TO DISMISS
DEBTOR'S REQUEST FOR RELIEF**

Comes now the State of Indiana, by Indiana Attorney General Curtis T. Hill, Jr., and Deputy Attorney General Heather Crockett, and hereby files its Motion to Dismiss Debtor's Motion Pursuant to Section 105(a) of the Bankruptcy Code: (A) For Order Authorizing and Approving Procedures for Managing Governmental Requests and/or Demands for Information; and (B) For An Emergency Order Enjoining Related Governmental Action Pending Court's Consideration of Such Procedures, and Granting Related Relief ("Debtor's Request for Relief"), and states as follows:

1.      Retrieval-Masters Creditors Bureau, Inc. ("Debtor"), filed its Motion Pursuant to Section 105(a) of the Bankruptcy Code: (A) For Order Authorizing and Approving Procedures for

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

Managing Governmental Requests and/or Demands for Information; and (B) For An Emergency Order Enjoining Related Governmental Action Pending Court's Consideration of Such Procedure's, and Granting Related Relief on or about June 17, 2019.

2. Debtor filed the Motion as a First Day Motion and had requested the assertions made therein be heard with other First Day Motions on June 21, 2019. This matter was adjourned to July 16, 2019.

3. The Debtor is requesting relief that is inappropriate, and not properly before the Court.

### A. Debtor's Motion Is Procedurally Flawed

4. Any requests for an Injunction or a Temporary Restraining Order should be made pursuant to a properly filed adversary complaint pursuant to Federal Rule of Bankruptcy 7001(7).

5. Requests for an Injunction of police or regulatory powers actions are no exception.

6. Pursuant to § 362(b)(4) of the Bankruptcy Code, a governmental unit's ability to act under its police and regulatory powers is not stayed. Therefore, the Debtor is improperly asking the Court to take action to enjoin the States with an interest from acting within those powers.

7. Debtor is attempting to obtain an unprecedented stay of investigative procedures, through the filing of a First Day Motion, without providing notice to all impacted Parties. The Court granting such a request is akin to ordering law enforcement agencies to cease an investigation on the basis of inconvenience to the defendant.

8. Debtor relies on *In re Residential Capital, LLC,* 480 B.R. 529 (Bankr. S.D.N.Y. 2012), to support its conclusion that an adversary filing is not necessary, but the facts of *Residential Capital, LLC* are dissimilar to the matter at hand.

9. In *Residential Capital, LLC,* the Debtor was seeking a stay of third-party litigation stemming from a case already filed in the District Court.

10. The Court shall consider six factors when deciding whether to limit or permit discovery: (1) the scope of requested discovery; (2) the context in which the request arises; (3) the need for the discovery; (4) the timing of the discovery; (5) the burden of the debtors from the requested discovery; and (6) the expense of the discovery and who should bear the cost. *Id.* at 539.

11. "The touchstone for granting injunctive relief against third party actions is whether the third party will 'threaten to thwart or frustrate the debtor's reorganization efforts.'" *Id.* at 541.

12. In this matter, there is no underlying filing, nor is the request pursuant to a discovery rule, but rather it falls within the police and regulatory power of the State.

13. Debtor asserts that the requests made by at least eight States are very similar, but just different enough to require individual responses. Yet given the nature of the information most of the responses will be identical and therefore easily provided. The burden is not greater than the State of Indiana's interest in obtaining the information.

14. Neither the State of Indiana's Civil Investigation Demand nor any other State's request threatens to thwart or frustrate Debtor's reorganization efforts; rather the request(s) seeks to obtain information that will be material to the determination of any claim that may be asserted by the State against Debtor. Of greater import, the information sought will be able assist the State in ensuring the innocent victims of the data breach are notified and able to take appropriate steps to protect themselves from further damage from the data breach.

15. The Parties had agreed to negotiate a possible joint resolution to this matter; therefore it was tabled to July 16, 2019.

16. Debtor has refused to provide even the most basic of documents, including the security report created by Charles Rivers & Associates.

17. By refusing to provide the Charles Rivers & Associates report, outlining the nature of the data breach, Debtor is refusing to provide a crucial piece of material evidence, creating an inability to come to a joint resolution in this matter.

### B. Debtor Has Not Met Its Burden for a Temporary Restraining Order

18. Furthermore, should the Court deem Debtor's request appropriately brought, Debtor has requested relief that is not available under Section 105(a) of the Bankruptcy Code.

19. The standard for issuing a Section 105(a) injunction was stated in *In Re Calpine Corporation*, 365 B.R. 401 (Bankr. S.D.N.Y. 2007), and reasserted by *In re Lyondell Chemical Co.*, 402 B.R. 571 (Bankr. S.D.N.Y. 2009). The standard requires the Court to review whether there is a likelihood of successful reorganization, whether there is an imminent irreparable harm to the estate in the absence of an injunction, whether the balance of harms tips in favor of the moving part, and whether the public interest weighs in favor of an injunction. *Id.* at 588-589.

20. In the matter at hand, Debtor has provided minimal information as to its ability to reorganize, as the Chapter 11 filing was skeletal. Yet Debtor readily recognizes that its reorganization efforts shall solely be for the purpose of liquidation. (See Declaration of Russell H. Fuchs, paragraph 4). "If there are reasons to conclude that the debtor(s) could not reorganize, that plainly should affect the debtors' ability to invoke this factor." *Id.* at 590. The Court in *Lyondell Chemical Co.* went on to state that the harms caused by an involuntary insolvency proceedings are irreparable and outweigh harms that would be borne by the creditors. *Id.* But in that case the involuntary insolvency proceedings were instituted under a foreign jurisdiction with the intent of directly impacting the bankruptcy estate. Here, the requests were pending when Debtor filed a

4

voluntary petition. Further, there will be no harm to Debtor because Debtor has already acknowledged its inability to reorganize.

21. Lastly, the Court must look to public policy considerations. In *Lyondell Chemical Co.* the court went into great detail regarding the respect that guaranties should be given, and the possibility of theoretical unequal treatment of creditors and an impairment of creditors proceeding with their normal remedies when a Section 105(a) injunction is granted. The court stated the public interest concerns were not so great as to warrant an outright denial of the injunction, but were great enough to limit the injunction to sixty days. *Id.* at 594.

22. In this case, there are two areas of public-interest concerns that the Court must take into account. First, if the Court grants injunctive relief under Section 105(a) in the manner Debtor has requested, it opens the door for Debtor to evade investigation by governmental entities and dictate the terms and manner in which an investigation would take place, all while avoiding the duty of being under oath when providing documentation. The second is the harm that will be felt by the innocent victims of the data breach if Debtor is allowed to avoid providing the necessary information about the breach. These factors greatly outweigh any harm that could be caused to Debtor.

23. Pursuant to 11 USC § 362(b)(4), "the filing of a petition under section 301, 302, 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay - … the commencement or continuation of an action or proceeding by a governmental unit… to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."

24. The relief requested is inappropriate in its entirety, but at a minimum it is not properly before the Court. No such request should be granted until such a time that Debtor has followed all appropriate procedures, served all Parties, and the matter can be briefed in its entirety. Debtor's request for relief should be dismissed by the Court.

WHEREFORE, the State of Indiana respectfully requests the Court dismiss Debtor's Motion Pursuant to Section 105(a) of the Bankruptcy Code: (A) For Order Authorizing and Approving Procedures for Managing Governmental Requests and/or Demands for Information; and (B) For An Emergency Order Enjoining Related Governmental Action Pending Court's Consideration of Such Procedures, and Granting Related Relief, and for all other relief that is just and proper in the premises.

    Respectfully submitted,

    CURTIS T. HILL, JR.
    Attorney General of Indiana
    Atty. No. 13999-20

By: /s/ Heather M. Crockett
    Heather M. Crockett, Atty. No. 26325-22
    Deputy Attorney General
    Office of Attorney General
    Indiana Government Center South, 5th Floor
    302 West Washington Street
    Indianapolis, IN  46204-2770
    Telephone: 317-233-6254
    Facsimile: 317-232-7979
    Email:  Heather.Crockett@atg.in.gov

**CERTIFICATE OF SERVICE**

 I do hereby certify that a copy of the foregoing *State Of Indiana's Objection To And Motion To Dismiss Debtor's Request For Relief* has been duly served upon all counsel of record listed below, by ECF notification on July 10, 2019:

- Jordan Adler    jordan.adler@ag.ny.gov
- Jessica Boelter    jboelter@sidley.com, mlinder@sidley.com;emcdonnell@sidley.com
- Justin Clouser    justin.clouser@atg.in.gov
- Heather M Crockett    heather.crockett@atg.in.gov
- Matthew C. De Re    matt@attorneyzim.com
- Christopher R. Donoho    chris.donoho@hoganlovells.com
- Derek W. Edwards    derek.edwards@wallerlaw.com, Nancy.easterling@wallerlaw.com;tapdocketingclerk-nash@wallerlaw.com
- William Hao    william.hao@alston.com, leslie.salcedo@alston.com
- Serene K. Nakano    serene.nakano@usdoj.gov
- Nicholas A. Pasalides    npasalides@reichpc.com
- William S. Sugden    will.sugden@alston.com
- United States Trustee    USTPRegion02.NYECF@USDOJ.GOV
- Steven Wilamowsky    wilamowsky@chapman.com
- Tom Zimmerman    tom@attorneyzim.com, firm@attorneyzim.com

            By: /s/ Heather M. Crockett
              Heather M. Crockett
              Deputy Attorney General