Heather M. Crockett
Deputy Attorney General
Justin Clouser
Deputy Attorney General
Indiana Office of Attorney General
CURTIS T. HILL, JR.
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone: 317-233-6254

*Attorneys for the State of Indiana*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| RETRIEVAL-MASTERS CREDITORS BUREAU, INC.[1], | CASE NO. 19-23185 (RDD) |
| DEBTOR. | |

## STATE OF INDIANA'S MOTION TO CONVERT TO CHAPTER 7, OR IN THE ALTERNATIVE, APPOINT A CHAPTER 11 TRUSTEE

Comes now the State of Indiana, by Indiana Attorney General Curtis T. Hill Jr., by Deputy Attorneys General Heather Crockett and Justin Clouser, and hereby does file its *Motion to Convert Case to Chapter 7, or in the Alternative, Appoint a Chapter 11 Trustee*, and states as follows:

1. Debtor filed its Petition for Chapter 11 Bankruptcy on or about June 17, 2019.

2. Retrieval-Masters Creditors Bureau, Inc. ("Debtor"), filed its Motion Pursuant to Section 105(a) of the Bankruptcy Code: (A) For Order Authorizing and Approving Procedures for Managing Governmental Requests and/or Demands for Information; and (B) For An Emergency Order Enjoining Related Governmental Action Pending Court's Consideration of Such Procedure's, and Granting Related Relief on or about June 17, 2019.

---

[1] The last four digits of Debtor's taxpayer identification number is 9495. The location of Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. Debtor also does business as American Medical Collection Agency.

3. 11 USC § 1112(b)(4)(A) states that if substantial or continuing loss to or diminution of the estate and the absence of reasonable likelihood of a plan confirmation exists, it is deemed just cause for conversion from a Chapter 11 to a Chapter 7 case.

4. Pursuant to 11 USC § 1112 (b)(2), "The court may not convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establish that (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title… and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)."

5. There is no reasonable likelihood that Debtor can confirm a plan under Chapter 11, and there is a substantial and continuing loss and diminution of the estate.

6. Debtor has yet to file its schedules, and must do so by July 31, 2019.

7. Debtor has indicated that there is only approximately $200,000.00 cash on hand, and are incurring expenses of approximately $100,000.00 per month.

8. Russell Fuch, Debtor's CEO and Sole Proprietor, stated in his Sworn Declaration, that the purpose of filing the Chapter 11 was to liquidate the Debtor's assets.

9. Debtor does not have any remaining accounts large enough to maintain its current monthly expenses.

10. Debtor does not have the ability to accept payment from Visa or MasterCard.

11. Debtor has only 25 employees remaining on staff for the purpose of handling the basic affairs of day to day operation.

2

12. Reorganization in this matter is not feasible, and it is in the best interests of Debtor, its estate, and its creditors to liquidate its assets in an orderly manner.

13. Capital infusions made by Mr. Fuch prior to the filing of the Chapter 11 Petition are not beneficial to the creditors, and in fact only seek to serve his own interests by making him a priority creditor during liquidation of the company's assets. No other income is available to Debtor at this time.

14. There is legitimate concern about Debtor's ability to maintain appropriate security measures in place to ensure the safety of the data currently being stored at its facility. Additionally, Debtor has been unwilling to provide the State of Indiana with any assurances as to what security analysis has been performed, what security protocols are in place, or what data is actually available for inspection.

15. Debtor has gone so far as to seek the functional equivalent of a Temporary Restraining Order to specifically prevent the State of Indiana, and many other states, from accessing information under the guise that it would be too costly to comply with the discovery requests and Civil Investigation Demands propounded to them.

16. Given the cost of continued operation, the basic expenses associated with continued security needs, the concern about the loss of data, and the unwillingness of Debtor to turn over even the most basic of documentation, it is in the best interests of creditors, the estate, and all governmental agencies seeking information from Debtor, that this case be converted to a Chapter 7, to allow a liquidating trustee to be appointed to collect and/or sell the remaining accounts receivable and tangible assets in Debtor's possession, and secure the data for all investigating states to review, pursuant to 11 U.S.C. § 1112(b)(1) and (3).

17. Should the Court deem conversion to a Chapter 7 Case premature, the State of Indiana would request the Court appoint a Chapter 11 Trustee, as is allowed under 11 USC § 1112(b).

18. 11 U.S.C.A. § 1104 governs the appointment of a trustee or examiner. There is a presumption against appointing a Chapter 11 trustee and in favor of a debtor's current management, and appointing a trustee is generally considered an extraordinary remedy. *In re Tahkenitch Tree Farm P'ship*, 158 B.R. 525, 527 (Bankr. E.D. La. 1993).

19. The need for a trustee must be proved by clear and convincing evidence. *Id.* But if the Court finds cause for appointment of trustee in Chapter 11 exists, then the Court has no discretion and must appoint the trustee. *In re Colorado-Ute Elec. Assoc., Inc.*, 120 B.R. 164, 174 (Bankr. D. Colo. 1990).

20. Under § 1104(a), a court shall order the appointment of a trustee at any time after the commencement of the case but before the confirmation of a plan upon the request of a party in interest in two situations: (1) per § 1104(a)(1), "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case..."; or (2) per § 1104(a)(2), " if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate..."

21. Pursuant to 11 USC § 1104(a)(2), courts will consider factors such as: (1) the trustworthiness of debtor; (2) the debtor-in-possession's past and present performance and prospects for the debtor's rehabilitation; (3) the confidence (or lack thereof) of the business community and creditors in present management; and (4) the costs and benefits derived by the

4

appointment of a trustee. *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

22. Debtor was grossly mismanaged prior to the filing of the Chapter 11 Petition, as it failed to implement appropriate security protocols to ensure the safety of the protected health information of over 20 million individuals. Debtor wished to narrow the scope in which the States could investigate the data breach, and has now refused to provide the Charles Rivers report, a document that is absolutely necessary to ensure the proper collection of all facts surrounding the data breach.

23. Debtor is in no position to reorganize, is refusing to fully cooperate with the discovery process, and merely seeks to gain some advantage by filing the Chapter 11 Petition, and enjoin the ability of governmental entities and creditors alike from asking it to account for the actions that lead to the filing.

24. The business community lacks any and all confidence in Debtor's abilities, as evidence by the unwillingness of Visa and MasterCard to allow Debtor to accept payment from them, and the bulk of Debtor's clients refusing to continue a business relationship with Debtor even though assurances have been made that safety procedures are in place.

25. Further, continued influxes of money from Mr. Fuch are not likely to improve the business and will not benefit the creditors in this matter.

WHEREFORE, the State of Indiana respectfully requests that the Court convert this Chapter 11 case to a Chapter 7, or in the alternative appoint a Chapter 11 Trustee, and for all other relief that is just and proper in the premises.

       Respectfully submitted,

       CURTIS T. HILL, JR.
       Attorney General of Indiana
       Atty. No. 13999-20

By: /s/ Heather M. Crockett
       Heather M. Crockett,
       Deputy Attorney General
       Indiana Office of Attorney General
       Indiana Government Center South, 5th Floor
       302 West Washington Street
       Indianapolis, IN  46204-2770
       Telephone: 317-233-6254
       Facsimile: 317-232-7979
       Email:  Heather.Crockett@atg.in.gov

By: /s/ Justin Clouser
       Justin Clouser
       Deputy Attorney General
       Indiana Office of Attorney General
       Indiana Government Center South, 5th Floor
       302 West Washington Street
       Indianapolis, IN  46204-2770
       Telephone: 317-233-3300
       Facsimile: 317-232-7979
       Email:  Justin.Clouser@atg.in.gov

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing *State Of Indiana's Motion to Convert Case to Chapter 7, or in the Alternative, Appoint a Chapter 11 Trustee* has been duly served upon all counsel of record listed below, by ECF notification on July 10, 2019:

- Jordan Adler    jordan.adler@ag.ny.gov
- Jessica Boelter    jboelter@sidley.com, mlinder@sidley.com;emcdonnell@sidley.com
- Justin Clouser    justin.clouser@atg.in.gov
- Heather M Crockett    heather.crockett@atg.in.gov
- Matthew C. De Re    matt@attorneyzim.com
- Christopher R. Donoho    chris.donoho@hoganlovells.com
- Derek W. Edwards    derek.edwards@wallerlaw.com, Nancy.easterling@wallerlaw.com;tapdocketingclerk-nash@wallerlaw.com
- William Hao    william.hao@alston.com, leslie.salcedo@alston.com
- Serene K. Nakano    serene.nakano@usdoj.gov
- Nicholas A. Pasalides    npasalides@reichpc.com
- William S. Sugden    will.sugden@alston.com
- United States Trustee    USTPRegion02.NYECF@USDOJ.GOV
- Steven Wilamowsky    wilamowsky@chapman.com
- Tom Zimmerman    tom@attorneyzim.com, firm@attorneyzim.com

By: /s/ Heather M. Crockett
Heather M. Crockett
Deputy Attorney General