CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
New York, NY 10020-1708
Telephone: 212.655.6000
-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
In re                                                                    :    Chapter 11
                                                                              :
Retrieval-Masters Creditors Bureau, Inc.,[1]      :    Case No. 19-23185 (RDD)
                                                                              :
                          Debtor.                                  :
----------------------------------------------------------x

## DEBTOR'S REPLY TO OBJECTIONS TO MOTION FOR
## APPROVAL OF DEBTOR-IN-POSSESSION FINANCING

Retrieval-Masters Creditors Bureau, Inc. (the "Debtor") as and for its Reply (this

"Reply") to: (a) the *State of Indiana's Objection to Motion of Debtor For Entry of An Order

Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507: (I) Authorizing the Debtor to

Obtain Secured Superpriority Postpetition Financing; (II) Granting Liens and Superpriority

Administrative Expense Claims; (III) Authorizing Use of Cash Collateral; (IV) Granting

Adequate Protection; (V) Modifying the Automatic Stay; and (VI) Granting Related Relief,* dated

July 30, 2019 [Doc. No. 92] (the "Indiana Objection"); and (b) the *Joinder of the State of Texas

In the Relief Requsted [sic] by the [Indiana Objection]* [Doc. No. 97] (the "Texas Joinder" and,

---

[1]    The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's
       service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.
       The Debtor also has done business as American Medical Collection Agency.

together with the Indiana Objection, the "Objections"); and (c) in further support of the *Motion of Debtor For Entry of An Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507: (I) Authorizing the Debtor to Obtain Secured Superpriority Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Authorizing Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; and (VI) Granting Related Relief,* dated June 22, 2019 [Doc. No. 82] (the "Motion), by its undersigned counsel, respectfully represents as follows:[2]

## The Objections

1. Including the Texas Joinder, only two objections to the Motion were filed, other than one very limited objection [Doc. No. 101] filed by Conduent State & Local Solutions, LLC ("Conduent").[3]

2. The Texas Joinder relies entirely on the Indiana Objection, and the Debtor therefore addresses this Reply to that pleading.

3. The basis for the Indiana Objection is not entirely clear. However, to the extent the Debtor can glean Indiana's specific points of objection, it responds serially, in order of the relevant paragraph number of the Indiana Objection, as follows:

4. Paragraph 8: Indiana questions the arm's length nature of the negotiations around the DIP Loan Facility because "no information as to the nature of [Mr. Bradley E.] Scher's employment, who he reports to, or how he is paid, has been provided by [the] Debtor."

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them by the Motion.

[3] Conduent's limited objection appears exclusively focused on its concerns that the DIP Loan Facility not be used to: (a) "roll up" (*i.e.,* refinance) the Prepetition Loan Facility; (b) limit the ability of any party to challenge the Prepetition Lender's liens and claims; or (c) provide a security interest that would prime or supersede any preexisting property right of Conduent. The DIP Loan Facility does none of those things, and the Debtor therefore is hopeful that its ongoing discussions with Conduent will result in the withdrawal and/or resolution of its objection.

**Response:  While the Debtor has described Mr. Scher's role in prior pleadings, the Debtor is prepared at the Hearing to make an evidentiary showing of Mr. Scher's independence and exclusive authority in all matters related to the DIP Loan Facility**.

5. <u>Paragraph 11</u>:  Indiana claims that the Debtor "fails to recognize the position in which [the] postpetition DIP Note would put Fuchs in relation to other creditors," insofar as (according to the Indiana Objection) there will be no value remaining to support a distribution to other creditors.  Indiana further alleges that "control of the estate will be undoubtedly ceded to Fuchs," which is purported to "therefore benefit[] a singular party in interest."  **Response:  In fact, as will be adduced at the Hearing, any chance of a recovery to creditors will disappear if the DIP Loan Facility is *not* approved.  Moreover, Indiana and other States are likely to be the greatest beneficiaries of the granting of the Motion, because without the DIP Loan Facility, the Debtor simply will not have the wherewithal to respond in any meaningful way to their information requests.**

6. <u>Paragraph 12</u>:  Indiana concedes that the terms of the DIP Note may be fair and reasonable, but suggests that Mr. Fuchs "could easily provide unsecured lending to the Debtor."  In addition, Indiana claims "the transaction is not necessary to preserve the assets of the estate as there are little to no assets."  **Response:  It is unclear why what Mr. Fuchs *could* do, if he so chose in his sole discretion and most likely against the advice of his personal counsel, is relevant to the Court's determination of the Motion.  As far as whether the DIP Loan Facility likely is necessary for preservation of the estate, that is a question of fact in respect of which the Debtor will be prepared to present evidence at the Hearing.**

7. <u>Paragraphs 14 and 15</u>.  Indiana complains of what it characterizes as "zero effort" on the part of the Debtor "to obtain outside financing[.]"  **Response:  This objection, and the**

- 3 -

**implicit suggestion that it would be possible to obtain non-insider financing, is fundamentally at odds with Indiana's claim in paragraph 11 of the Indiana Objection that the Debtor's secured liabilities will exceed the value of its assets. In any event, the Debtor is prepared to present evidence at the Hearing (in addition to the record of its case) regarding its financing prospects in the absence of the DIP Loan Facility.**[4]

8. <u>Paragraph 17</u>:  **Indiana requests that the Motion "be heard in conjunction with [its] Motion to Convert [the Debtor's case]." Response: The Debtor is aware of no legal basis for Indiana's request. As of the date hereof, the Motion referred to has not been scheduled for hearing. Morever, as will be adduced at the Hearing, delaying the Court's consideration of the Motion could have grievous consequences, including the likelihood that the Debtor would be left without the liquidity to meet its payroll obligations in the near term.**[5]

---

[4] The Debtor notes that, upon information and belief, both the public retirement systems for Indiana and Texas allocate a portion of their investments to distressed debt and special situations. If either State (or anyone else) has any interest in extending a loan to the Debtor here, the Debtor would be open to entertaining an offer. The Debtor notes in that vein that the DIP Loan Facility comes with no commitment fee and contains no prepayment penalties of any kind, and therefore contains no structural impediments to "take out" financing on terms favorable to the Debtor's estate.

[5] In any event, there are no grounds justifying the granting of the "Motion to Convert," and the Debtor will be prepared to address Indiana's allegation to the contrary at the appropriate time.

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion and overrule the Objections.

Dated:  August 6, 2019
       New York, New York

                        CHAPMAN AND CUTLER LLP
                        *Proposed Counsel for the Debtor and*
                        *Debtor in Possession*

                        By:  /s/Steven Wilamowsky
                            Steven Wilamowsky
                            1270 Avenue of the Americas
                            New York, NY 10020-1708
                            Telephone: 212.655.6000

                              -and-

                        Aaron M. Krieger
                        111 West Monroe Street
                        Chicago, IL 60603-4080
                        Telephone: 312.845.3000