**Hearing Date and Time: September 13, 2019 at 10:00 a.m. (EDT)**
**Objection Deadline: September 6, 2019 at 4:00 p.m. (EDT)**

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | : | Case No. 19-23185 (RDD) |
|  | : |  |
| Debtor. | : |  |
----------------------------------------------------------x

### NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM; (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM; AND (III) APPROVING NOTICE THEREOF

**PLEASE TAKE NOTICE** that on August 29, 2019, the debtor and debtor in possession

(the "**Debtor**") in the above-captioned case filed the *Motion of Debtor for Entry of an Order: (I)*

*Setting Bar Dates for Submitting Proofs of Claim; (II) Approving Procedures for Submitting*

*Proofs of Claim; and (III) Approving Notice Thereof* (the "**Motion**," a copy of which is attached

hereto).  A hearing (the "**Hearing**") on the Motion will be held before the Honorable Robert D.

---

[1]    The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

Drain of the United States Bankruptcy Court for the Southern District of New York (the

"**Court**"), in Room 248, 300 Quarropas Street, White Plains, New York 10601, on **September**

**13, 2019, at 10:00 a.m.** (EDT).

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an

"**Objection**") to the Motion and the relief requested therein shall be in writing, shall conform to

the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District

of New York, and the *Order Granting Debtor's Motion for Order Authorizing the Establishment*

*of Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 31] (the "**Case**

**Management Order**"), shall set forth the basis for the Objection and the specific grounds

therefore, and shall be filed with the Court electronically in accordance with General Order M-

399 by registered users of the Court's case filing system (the User's Manual for the Electronic

Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the

Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule

9070-1 and served so as to be actually received no later than **September 6, 2019**, at 4:00 p.m.

(EDT) (the "**Objection Deadline**"), upon the parties on the Service List (as defined in the Case

Management Order).

Dated: August, 29, 2019
New York, New York

CHAPMAN AND CUTLER LLP
*Proposed Counsel for the Debtor and*
*Debtor in Possession*

By:   /s/ Steven Wilamowsky
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

**Hearing Date and Time: September 13, 2019 at 10:00 a.m. (EDT)**
**Objection Deadline: September 6, 2019 at 4:00 p.m. (EDT)**

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                          :   Chapter 11
                                                               :
Retrieval-Masters Creditors Bureau, Inc.,[1]                   :   Case No. 19-23185 (RDD)
                                                               :
            Debtor.                                            :
-----------------------------------------------------------x

## MOTION OF DEBTOR FOR ENTRY OF AN ORDER: (I)
## SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM;
## (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS
## OF CLAIM; AND (III) APPROVING NOTICE THEREOF

Retrieval-Masters Creditors Bureau, Inc. (the "**Debtor**") respectfully states the following

in support of this motion (the "**Motion**"):[2]

---

[1]     The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's
        service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.
        The Debtor also does business as American Medical Collection Agency.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning given to them elsewhere in
        (1) this Motion, (2) the *Declaration of Russell H. Fuchs Pursuant to Local Bankruptcy Rule 1007-2 and in
        Support of "First Day" Motions* [Doc. No. 2] (the "**First Day Declaration**"), and the "DIP Note" (as
        defined below), as applicable.

## Relief Requested

1.      The Debtor seeks entry of an order, substantially in the form annexed hereto as

**Exhibit "A"** (the "**Bar Date Order**")[3]: (a) setting Bar Dates (as defined herein) for creditors to

submit Proofs of Claim (as defined herein) in this chapter 11 case; (b) approving the procedures

described herein for submitting Proofs of Claim in this chapter 11 case and the form of the Proof

of Claim annexed as **Exhibit "B"** hereto; and (c) approving the form and manner of service of

the notice of the Bar Dates, substantially in the form annexed hereto as **Exhibit "C"** (the "**Bar

Date Notice**"), including the publication version of the Bar Date Notice, substantially in the form

annexed hereto as **Exhibit "D"**, and allowing for publication on one occasion in The New York

Times (National Edition).

## Jurisdiction and Venue

2.      This Court (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District

Court for the Southern District of New York*, dated January 31, 2012.  The Debtor confirms its

consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy

Rules**"), to the entry of an order by the Court in connection with this Motion to the extent that it

is later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3]      Except as otherwise defined herein, all terms shall have the meanings ascribed to them by the Bankruptcy
Code.  In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the
Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy
Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy
Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

4.      The bases bases for the relief requested herein are sections 105(a), 501, 502(b)(9), and 503(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003, rules 2002-1 and 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim of the United States Bankruptcy Court for the Southern District of New York (the "**Guidelines**").

## Background

5.      The Debtor is a debt and medical receivables collection agency that was founded in 1977 in New York City.  Over time, the business grew into a thriving agency and, in 1995, relocated to Elmsford, New York, where it is currently domiciled.

6.      Russell H. Fuchs is the founder and Chief Executive Officer of the Debtor, and owns 100% of the equity interests in the Debtor.

7.      The Debtor had two basic business segments.  The first principally involved collections from retail consumer debtors of direct mail marketers, among others.  The second involved the collection of receivables on behalf of clinical diagnostic laboratories, and did business under the name American Medical Collection Agency

8.      In March 2019, the Debtor became aware of a significant IT security breach involving its servers.  That led to a cascade of events that ultimately necessitated the commencement of the instant chapter 11 case.

9.      On June 17, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code.  The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3

10.     On July 2, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") in this Chapter 11 Case.  *See* Notice Appointing Creditors Committee [Doc. No. 44].

11.     A more detailed description of the Debtor's businesses and its reasons for commencing its chapter 11 case are set forth in the First Day Declaration, which First Day Declaration is incorporated herein by reference.

**Proposed Bar Dates**

12.     Except as otherwise set forth herein, the Debtor seeks to establish 5:00 p.m. prevailing Eastern Time on October 23, 2019, (the "**General Claims Bar Date**") as the deadline by which all persons and entities must submit proofs of claim (each, a "**Proof of Claim**") asserting claims that arose on or before the Petition Date (each, a "**Claim**") against the Debtor in this chapter 11 case.  This date is 35 days after September 18, 2019, the date by which the Debtor proposes to disseminate the bar date packages with the Bar Date Notice.  The proposed General Claims Bar Date includes Claims asserted under section 503(b)(9) of the Bankruptcy Code.[4]  If approved, the proposed General Claims Bar Date would occur at least 35 days after the proposed date of service of the Bar Date Notice as set forth herein and is therefore in compliance with the Guidelines.

13.     In addition to the General Claims Bar Date, pursuant to section 502(b)(9), the deadline by which all governmental units must submit Proofs of Claim asserting Claims that

---

[4]     "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business, and entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code. See  11 U.S.C. § 503(b)(9).  The Debtor is not presently aware of any claimants having 503(b)(9) claims, but is providing for their assertion herein out of an abundance of caution.

arose on or before the Petition Date against the Debtor in this chapter 11 case (the

"**Governmental Bar Date**") is 5:00 p.m. prevailing Eastern Time on December 16, 2019.

14.     The Debtor seeks authority to establish supplemental bar dates (any such date, a

"**Supplemental Bar Date**") without further order of the Bankruptcy Court to the extent the

Debtor amends or supplements its schedules of assets and liabilities (collectively, the

"**Schedules**") to provide adequate notice and opportunity to submit a Proof of Claim to parties

holding claims affected thereby.  In such instances, the Debtor will provide such parties with

notice, in a form substantially similar to the Bar Date Notice, that will clearly set forth the

Supplemental Bar Date by which such parties must submit a Proof of Claim (and which shall

afford parties at least 35 days from the notice date to submit Proofs of Claim consistent with the

Guidelines).

15.     Lastly, the Debtor seeks to require any person or entity that holds a Claim arising

from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based

on such rejection on or before the later of: (a) the General Claims Bar Date; and (b) any date the

Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date

is provided, 30 days from the date of entry of such order (the "**Rejection Bar Date**," and

together with the General Claims Bar Date, the Supplemental Bar Date and the Governmental

Bar Date, collectively, the "**Bar Dates**").  The Debtor will provide notice of the Rejection Bar

Date to the contract or lease counterparty whose contract or lease is being rejected at the time the

Debtor rejects any executory contract or unexpired lease.

## Proposed Procedures for Submitting Proofs of Claim

**I.      Parties Required to Submit a Proof of Claim**

16.     In accordance with the Guidelines and Bankruptcy Rule 3003(c)(2), the Debtor

proposes that any person or entity ***other than*** those listed below that holds a Claim against the

Debtor be required to submit a Proof of Claim to assert such Claim in accordance with the Bar

Date Order.  Subject to Bankruptcy Court approval of the Bar Dates and Bar Date Order, the

Debtor proposes that the following persons or entities do not need to submit a Proof of Claim in

this chapter 11 case:

     a.     any person or entity that has already submitted a Proof of Claim against the Debtor with the Clerk of the Bankruptcy Court  in a form substantially similar to Official Bankruptcy Form No. 410;

     b.     any person or entity whose Claim is listed on the Schedules filed by the Debtor; provided that: (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; and (ii) the claimant agrees with the amount, nature, and priority of the Claim as set forth in the Schedules;

     c.     any holder of a Claim previously allowed by order of the Bankruptcy Court;

     d.     any holder of a Claim that has already been paid in full;

     e.     any holder of a Claim for which a specific deadline has previously been fixed by the Bankruptcy Court or otherwise fixed pursuant to the Bar Date Order;

     f.     any holder of a Claim based on an equity interest in the Debtors;

     g.     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a claim entitled to administrative expenses status under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

     h.     any current employee of the Debtors, if an order of the Bankruptcy Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; and

     i.     any current or former officer or director for indemnification, contribution, or reimbursement.

## II.     The Proof of Claim Form

17.     The Debtor seeks approval of the form of the Proof of Claim annexed as **Exhibit**

**"B"** hereto, which, although based upon Official Form 410, has been modified to allow creditors

to assert 503(b)(9) Claims.

## III.    Requirements for Preparing and Submitting Proofs of Claim

18.     In accordance with the Guidelines, the Debtor requests that the Bankruptcy Court

require all Proofs of Claim submitted in this chapter 11 case be consistent with the following.

a.     Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; (iv) be filed in accordance with the Bar Date Order; and (v) unless otherwise consented to by the Debtor in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

b.     In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtor pursuant to any order of the Bankruptcy Court authorizing the Debtor to pay prepetition Claims.

c.     Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.  Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at  www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

       d.     Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILLNOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

### IV.  Consequences of Failing to Timely Submit a Proof of Claim

19.     In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, the Debtor proposes that any entity that is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date be forever barred, estopped, and enjoined from asserting such Claim—including any such Claim asserting administrative expenses status under section 503(b)(9) of the Bankruptcy Code – against the Debtor (or submitting a Proof of Claim with respect to that claim), and the Debtor and its property be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim.  Moreover, the Debtor proposes that such creditor be prohibited from: (a) voting on any chapter 11 plan filed in this chapter 11 case on account of such Claim, and (b) participating in any distribution in this chapter 11 case on account of such Claim.

### The Bar Date Notice

20.     The Bar Date Notice is substantially similar to the form notice annexed to the Guidelines, as required thereby.  Among other things, the proposed Bar Date Notice: (a) identifies the Bar Dates; (b) includes detailed procedures for submitting a timely and accurate Proof of Claim; (c) lists the parties who are not required to submit a Proof of Claim; (d) describes the consequences of failing to submit a Proof of Claim in accordance with the Bar Date Order and Guidelines; and (e) provides creditors with the name and telephone number of the individuals to whom questions may be addressed and from whom additional information may be obtained.

21.    By no later than September 18, 2019 (35 days in advance of the General Claims

Bar Date), the Debtor will cause the Bar Date Notice and a Proof of Claim form to be served by

first-class mail upon:

a.    the U.S. Trustee;

b.    counsel to the Committee (if any) and any other official committee
formed in this chapter 11 case;

c.    any persons or entities that have requested notice of the
proceedings in this chapter 11 case pursuant to Bankruptcy Rule
2002;

d.    all persons or entities that have submitted Proofs of Claim against
the Debtor;

e.    all known creditors and other known holders of Claims against the
Debtor, including all persons or entities listed in the Schedules for
which the Debtor has addresses;

f.    all parties to executory contracts and unexpired leases of the
Debtor;

g.    all parties to litigation with the Debtor (through their counsel, if
known), and all counsel identified as counsel for any plaintiffs on
the docket of the multi-district litigation captioned *In re: American
Medical Collection Agency, Inc., Customer Data Security Breach
Litigation* (MDL No. 2904) before the United States Judicial Panel
on Multidistrict Litigation, *provided* that in the case of class action
litigation, service will be provided only to named plaintiff(s)
through their counsel;

h.    the Internal Revenue Service for the Southern District of New
York;

i.    any other governmental units applicable to the Debtor's
businesses; and

j.    attorneys general for all fifty states in which the Debtor conducts
business.

22.    The Debtor also intends to provide notice of the Bar Dates by publication to help

ensure that all potential claimants receive adequate notice of the Bar Dates.  Specifically, the

Debtor proposes to publish the Bar Date Notice, modified for publication substantially in the

form annexed hereto as **Exhibit "D"**, on one occasion in The New York Times (National

Edition), at least 28 days before the General Claims Bar Date in accordance with Bankruptcy

Rule 2002 and the Guidelines.

**Basis for Relief**

**I.      The Proposed Bar Dates Comply with the Guidelines and Should Be Approved**

23.      Generally, claimants must submit a Proof of Claim to assert a Claim in a

bankruptcy proceeding. See 11 U.S.C. § 501(a).  Bankruptcy Rule 3003(c)(3) typically governs

the submission of Proofs of Claim in a chapter 11 case and provides, in relevant part, that "[t]he

court shall fix and for cause shown may extend the time within which proofs of claim or interest

may be filed."  General claims bar dates are integral to the twin goals of chapter 11 – preserving

going-concerns and maximizing creditor recovery value.  *See In re Waterman S.S. Corp.*, 59

B.R. 724, 726 (Bankr. S.D.N.Y. 1986).  Indeed, prolonged uncertainty regarding the aggregate

liabilities of the bankruptcy estate could delay or derail the development of a sound restructuring

plan process to the detriment of creditors and parties in interest. *Id.* ("Absent the setting of a bar

date, a Chapter 11 case could not be administered to a conclusion.").

24.      Recognizing the importance of setting deadlines for submitting claims against a

debtor, courts in this jurisdiction routinely approve relief similar to that requested in the motion.

*See, e.g., 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y.

July 24, 2017) (setting general and governmental bar dates); *In re BCBG Max Azria Glob.

Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Apr. 26, 2017) (same); *In re Avaya

Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Mar. 22, 2017) (same); *In re Sabine Oil &*

*Gas Corp.*, Case No. 15-11853 (SCC) (Bankr. S.D.N.Y. Nov. 10, 2015) (same); *In re Hawker Beechcraft, Inc.*, Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. July 26, 2012) (same).[5]

25.     To ensure that the Debtor is able to confirm and consummate a plan, the Debtor will require accurate information regarding the nature, validity, amount, and status of all Claims that will be asserted against its estate in this chapter 11 case.  It is important that the Debtor begins the claims analysis and reconciliation process as soon as possible pursuant to clear procedures designed to both limit confusion on the part of creditors and facilitate an efficient process that conserves estate resources.  Fixing the Bar Dates as proposed herein will help the Debtor accomplish the foregoing objectives.

26.     In addition, requiring holders of 503(b)(9) Claims to assert such Claims using the Form of Proof of Claim attached hereto on or prior to the General Claims Bar Date will ensure that the Debtor has accurate information regarding the nature, validity, and amount of such 503(b)(9) Claims while affording parties asserting 503(b)(9) Claims appropriate and adequate notice.  Moreover, this approach facilitates a cost-effective, efficient claims process for such creditors and helps conserve estate resources to the benefit of the Debtor's unsecured creditors.[6]

27.     Although the Guidelines include holders of claims allowable under section 503 of the Bankruptcy Code in the list of parties not required to submit a Proof of Claim, the Guidelines also provide that "there will of course be variations in specific situations and the list is not intended to be exhaustive."  *See* Guidelines, at ¶ 9.  The Debtor submits that requiring parties to assert 503(b)(9) Claims by Proof of Claim on or before the General Claims Bar Date is justified

---

[5]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtor's proposed counsel.

[6]     Parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.

and warranted under the circumstances present here.  Indeed, other courts in this jurisdiction

regularly deviate from the Guidelines with respect to fixing bar dates for submitting claims under

section 503(b)(9) of the Bankruptcy Code.  *See, e.g., 21st Century Oncology Holdings, Inc.*, Case

No. 17-22770 (RDD) (Bankr. S.D.N.Y. July 24, 2017) (establishing a bar date for 503(b)(9)

claims); *In re BCBG Max Azria Glob. Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr.

S.D.N.Y. Apr. 26, 2017) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y.

Mar. 22, 2017) (same); *In re Sabine Oil & Gas Corp.*, Case No. 15-11853 (SCC) (Bankr.

S.D.N.Y. Nov. 10, 2015) (same); *In re Hawker Beechcraft, Inc.*, Case No. 12-11873 (SMB)

(Bankr. S.D.N.Y. July 26, 2012) (same).[7]

28.  Finally, the Bar Dates proposed herein comply with the Guidelines and the

applicable provisions of the Bankruptcy Code, are appropriate, and should thus be approved.

First, the General Claims Bar Date will be at least 35 days after the Debtor provides notice to

claimants of such bar date.  Second, the Governmental Bar Date is not less than 180 days after

the Petition Date in accordance with section 502(b)(9) of the Bankruptcy Code.  Third, the

Rejection Bar Date and Supplemental Bar Dates are necessary to provide the Debtor with

flexibility to handle situations in which a creditor's claim status may change during this chapter

11 case (such as in the event of contract or lease rejections) or to ensure that creditors receive

proper notice and an opportunity to assert claims.  Accordingly, the Debtor requests the

Bankruptcy Court establish the Bar Dates set forth herein.

---

[7]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this
motion. Copies of these orders are available upon request of the Debtor's proposed counsel.

II.     **The Proposed Procedures for Submitting Proofs of Claim Should Be Approved**

29.     The Debtor has worked to design procedures that: (a) provide creditors with ample notice and opportunity to submit Proofs of Claim, (b) provide a clear process for effecting the same, and (c) achieve administrative and judicial efficiency.  Indeed, the procedures described above are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing this chapter 11 case to move forward quickly with a minimum of administrative expense and delay, on the other hand.

30.     Among other things, the proposed procedures provide clear instructions for submitting Proofs of Claim that are calculated to avoid confusion or uncertainty among creditors that might lead them to submit unnecessary protective Proofs of Claim or multiple Proofs of Claim, which, in either event, would result in unnecessary expense and delay in the claims reconciliation process for all parties affected thereby.

III.    **The Proposed Form and Manner of the Bar Date Notice Should be Approved**

        A.      **The Form of Bar Date Notice Satisfies the Requirements of the Guidelines**

31.     The Bar Date Notice substantially conforms to the form notice annexed to the Guidelines, varying only to the extent appropriate and necessary.  Moreover, the publication version of the Bar Date Notice will be substantially similar to the attached Bar Date Notice and will only omit provisions that are not applicable or are not absolutely necessary (such as the official definition of "claim") to reduce publication costs.  *See* Guidelines, at ¶ 5.

32.     The Debtor believes that the Bar Date Notice and Bar Date Order and all exhibits and attachments thereto substantially comply with the applicable rules and the Guidelines establishing the procedural guidelines relating to the establishment of bar dates and providing notice thereof.  The Bar Date Notice and the Bar Date Order were modeled on the forms attached

to the Guidelines.  The Debtor submits that any alterations to these forms are appropriate,

minimal, and generally have been limited to those instances where such deviations: (a) are

necessary or appropriate; (b) adopt changes that are expressly contemplated by the Guidelines; or

(c) provide additional information for the benefit of potentially interested parties.

**B.      The Proposed Notice and Service Satisfies Due Process Requirements**

33.     Bankruptcy Rule 2002(a)(7) requires that the Debtor provides claimants at least

21-days' notice by mail of the time fixed for submitting Proofs of Claim pursuant to Bankruptcy

Rule 3003(c).  In addition, Bankruptcy Rule 2002(l) provides that the Bankruptcy Court may

order notice by publication if it finds that notice by mail is impractical or that it is desirable to

supplement other notice.  Bankruptcy Rule 9008 also provides that the Bankruptcy Court shall

determine the form and manner of publication notice, the newspapers used, and the frequency of

publication.

34.     To determine the adequacy of notice to a creditor, the case law distinguishes

between "known" and "unknown" creditors.  Generally speaking, the former is a creditor whose

identity is either known or is reasonably ascertainable by the debtor, while the latter is one whose

interests are conjectural or future or, although potentially discoverable upon investigation, do not

come to the knowledge of the debtor in the ordinary course of business.  *See Tulsa Prof'l*

*Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 317 (1950) (publication is acceptable where it is not "reasonably

possible or practicable to give more adequate warning," whereas when names and addresses are

available, notice must be mailed).

35.     Where a creditor is known to the debtor, due process requires that the debtor take

reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting

proofs of claim. *See, e.g., In re Enron Corp.*, Case No. 01-16034, 2006 WL 898031, at *4

(Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any

known creditor, while constructive notice is generally sufficient with an unknown creditor.");

*Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, Case No. 02-9629, 2003 WL

21355214, at *3 (S.D.N.Y. June 11, 2003) (same); *Pope*, 485 U.S. at 491 (where creditor was

known or "reasonably ascertainable," then due process only requires "notice by mail or other

means as certain to ensure actual notice").

36.     Where a creditor is unknown to the debtor, due process requires only that the

debtor take reasonable steps, such as notice by publication, to provide constructive notice of the

deadline for submitting proofs of claim. *See, e.g., In re XO Commc'ns*, 301 B.R. 782, 793

(Bankr. S.D.N.Y. 2003) (finding that if a creditor is unknown constructive notice is generally

sufficient); *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that

when a creditor is 'unknown' to the debtor, publication notice of the claims bar date is adequate

constructive notice sufficient to satisfy due process requirements . . . ."); *In re U.S.H. Corp. of

New York*, 223 B.R. 654, 659 (Bankr. S.D.N.Y. 1998) (same).  Furthermore, debtors are not

required to publish notice in an excessive number of publications.  *See In re Best Prods. Co.*,

Inc., 140 B.R. 353 (Bankr. S.D.N.Y. 1992) (finding it impracticable to expect a debtor to publish

notice in every newspaper that an unknown creditor possibly may read).[8]

---

[8] While the Debtor will of course serve the Bar Date Notice upon counsel for the named plaintiffs in any of the purported class actions associated with the data breach suffered by the Debtor, the Debtor submits that any individual whose personal information may or may not have been compromised in connection with the data breach, but who has not, as of the date hereof, commenced an action against the Debtor in an appropriate forum alleging a specific harm arising therefrom, is not a "known creditor" for purposes hereof and that the mere fact that an individual may have been subjected to an increased risk of identity fraud or related harms is insufficient to render such individual a "known creditor" of the Debtor's estate.  In this regard, *see*, *Fero v. Excellus Health Plain, Inc.*, 236 F. Supp. 3d 735, 753 (W.D.N.Y. 2017), *on reconsideration sub nom. Fero v. Excellus Health Plan, Inc.*, 304 F. Supp. 3d 333 (W.D.N.Y. 2018) (finding that individuals who have suffered only the alleged harm of increased risk of identity fraud have suffered only speculative harms insufficient to confer standing).  *See also In re: Credit-Based*

37.     To provide creditors reasonably known to the Debtor with actual notice of the Bar

Dates proposed herein, the Debtor proposes to serve the Bar Date Notice by no later than

September 18, 2019 (35 days in advance of the General Claims Bar Date) upon all known

creditors identified during a thorough review of the Debtor's books and records.  As such, the

Debtor will be providing actual notice to creditors reasonably known to them with no less than

35-days' notice of the General Claims Bar Date in satisfaction of Bankruptcy Rule 2002(a)(7).

38.     After the initial mailings of the Bar Date Notices and Proof of Claim Forms, the

Debtor may, in its discretion, make supplemental mailings of notices, including in the event that:

(a) notices are returned by the post office with forwarding addresses;[9] (b) certain parties acting

on behalf of parties in interest (*e.g*., banks and brokers with respect to equity interest holders)

decline to pass along notices to these parties and instead provide their names and addresses to the

Debtor for direct mailing; and (c) additional claimants become known to the Debtor.  In these

and similar circumstances, the Debtor requests that the Bankruptcy Court permit them to make

supplemental mailings of the Bar Date Notices and Proof of Claim Forms at any time up to 21

days in advance of the applicable Bar Date, with any such mailings deemed timely and the

applicable Bar Date being enforced against the relevant creditors.

39.     To provide creditors unknown to the Debtor with constructive notice of the Bar

Dates proposed herein, the Debtor proposes to publish the Bar Date Notice, modified as

necessary (but consistent with the requirements of the Guidelines), in The New York Times

(National Edition) on one occasion no later than 28 days prior to the General Claims Bar Date.

---

*Asset Servicing and Securitization LLC,* 2014 WL 7177629, at *2 (Bankr. S.D.N.Y. Dec. 9, 2014) ("For unknown creditors, *including creditors whose claims are speculative or conjectural*, constructive notice of the Bar Date, including notice through publication, suffices.") (citations and internal quotation marks omitted) (emphasis added).

[9]     However, if notices are returned as "return to sender" without a forwarding address, the Debtor respectfully requests that they should not be required to mail additional notices to such creditors.

As such, the Debtor will be providing unknown creditors with at least 28 days' constructive notice of the General Claims Bar Date in satisfaction of the Guidelines and Bankruptcy Rule 2002(a)(7).

40.     In light of the foregoing, service and publication of the Bar Date Notice as proposed herein is reasonably designed to reach all interested parties in a cost-effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and the Guidelines.  Accordingly, the Debtor respectfully requests that the Bankruptcy Court deem the proposed form of Bar Date Notice and mailing and publication thereof good, adequate, and sufficient notice of the Bar Dates set forth herein.

## **Motion Practice**

41.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion.  Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

## **Notice**

42.     The Debtor will provide notice of this Application in a manner compliant with the Court's *Order Granting Debtor's Motion for Order Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 31], dated June 24, 2019.

## **No Prior Request**

43.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtor respectfully requests that the Court enter the Order granting

the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Dated:  August 29, 2019
       New York, New York

                                CHAPMAN AND CUTLER LLP
                                *Proposed Counsel for the Debtor and*
                                *Debtor in Possession*


By:   /s/ Steven Wilamowsky
       Steven Wilamowsky
       1270 Avenue of the Americas
       30th Floor
       New York, NY 10020-1708
       Telephone: 212.655.6000

       -and-

       Aaron M. Krieger
       111 West Monroe Street
       Chicago, IL 60603-4080
       Telephone: 312.845.3000

## EXHIBIT "A"

**Proposed Bar Date Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re                                                  :    Chapter 11
                                                       :
Retrieval-Masters Creditors Bureau, Inc.,[1]          :    Case No. No. 19-23185 (RDD)
                                                       :
                        Debtor.                        :
-----------------------------------------------------------x

### ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF

Upon the motion (the "**Motion**")[2] of the debtor and debtor in possession (the "**Debtor**") for entry of an order (this "**Bar Date Order**") pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3): (a) setting bar dates for creditors to submit Proofs of Claim in this chapter 11 case; (b) approving procedures for submitting Proofs of Claim; and (c) approving the form of notice of the bar dates and manner of service thereof; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b); and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

---

[1]    The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing, if any,

before this Court (the "**Hearing**"); and this Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

and upon all of the proceedings had before this Court; and after due deliberation and sufficient

cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted to the extent set forth herein.

2.    Except as otherwise provided herein, all persons and entities including, without

limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a claim

(as defined in section 101(5) of the Bankruptcy Code) against the Debtor which arose before

June 17, 2019 (the "**Petition Date**"), including claims pursuant to section 503(b)(9) of the

Bankruptcy Code (each, a "**503(b)(9) Claim**"), shall submit a written proof of such Claim

through the Court's website at www.nysb.uscourts.gov so that it is actually received on or before

**5:00 p.m. (EDT) on October 23, 2019** (the "**General Claims Bar Date**").

3.    Notwithstanding any other provision of this Bar Date Order, Proofs of Claim

submitted by governmental units must be filed so as to be actually received on or before **5:00**

**p.m. (EST) on December 16, 2019** (the "**Governmental Bar Date**").

4.    Any person or entity that holds a Claim arising from the rejection of an executory

contract or unexpired lease must submit a Proof of Claim based on such rejection on or before

the later of: (a) the General Claims Bar Date; and (b) any date this Court may fix in the

applicable order authorizing such rejection and, if no such date is provided, 30 days from the

date of entry of such order.  The Debtor will provide notice of the Rejection Bar Date to the

contract or lease counterparty whose contract or lease is being rejected at the time the Debtor

rejects any executory contract or unexpired lease.

5.      If the Debtor amends or supplements its Schedules subsequent to the date hereof,

the Debtor shall provide notice of any amendment or supplement to the holders of Claims

affected thereby.  The Debtor shall also provide such holders with notice that they will be

afforded at least 35 days from the date of such notice to submit Proofs of Claim with respect to

Claims affected by the amendment or supplement of the Schedules or otherwise be forever

barred from doing so.

6.      In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, any holder of

a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely

submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined

from: (a) asserting such Claim against the Debtor and its chapter 11 estate; (b) voting on any

chapter 11 plan filed in this case on account of such Claim; and (c) participating in any

distribution in this chapter 11 case on account of such Claim.

7.      The form of Proof of Claim annexed as **Exhibit "B"** to the Motion is hereby

approved.

8.      The following procedures for the submission of Proofs of Claim asserting Claims

against the Debtor in this chapter 11 case shall apply:

(a)      Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; (iv) be filed in accordance with this Bar Date Order; and (v) unless otherwise consented to by the Debtor in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

(b)      In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value

3

of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtor pursuant to any order of the Bankruptcy Court authorizing the Debtor to pay prepetition Claims.

(c)     Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.  Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at  www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

(d)     Proofs of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date.

**PROOFS OF CLAIM SUBMITTED BY FAX OR E-MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

9.     The following persons or entities need not submit a Proof of Claim in this chapter

11 case on or prior to the General Claims Bar Date:

(a)     any person or entity that has already submitted a Proof of Claim against the Debtor with the Clerk of the Bankruptcy Court  in a form substantially similar to Official Bankruptcy Form No. 410;

(b)     any person or entity whose Claim is listed on the Schedules filed by the Debtor; provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; and (ii) the claimant agrees with the amount, nature, and priority of the Claim as set forth in the Schedules;

(c)     any holder of a Claim previously allowed by order of the Bankruptcy Court;

(d)     any holder of a Claim that has already been paid in full;

(e)      any holder of a Claim for which a specific deadline has previously been fixed by the Bankruptcy Court or otherwise fixed pursuant to the Bar Date Order;

(f)      any holder of a Claim based on an equity interest in the Debtors;

(g)      any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a claim entitled to administrative expenses status under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

(h)      any current employee of the Debtors, if an order of the Bankruptcy Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; and

(i)      any current or former officer or director for indemnification, contribution, or reimbursement.

10.      Nothing in this Bar Date Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11.      The notice substantially in the form annexed as **Exhibit "C"** to the Motion is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the General Claims Bar Date on:

(a)      the U.S. Trustee;

(b)      each member of the Committee;

(c)      any persons or entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002;

(d)      all persons or entities that have submitted Proofs of Claim against the Debtor;

(e)      all known creditors and other known holders of Claims against the Debtor, including all persons or entities listed in the Schedules for which the Debtor has addresses;

(f)      all parties to executory contracts and unexpired leases of the Debtor;

(g)     all parties to litigation with the Debtor (through their counsel, if known), and all counsel identified as counsel for any plaintiffs on the docket of the multi-district litigation captioned *In re: American Medical Collection Agency, Inc., Customer Data Security Breach Litigation* (MDL No. 2904) before the United States Judicial Panel on Multidistrict Litigation, *provided* that in the case of class action litigation, service will be provided only to named plaintiff(s) through their counsel;

(h)     the Internal Revenue Service for the Southern District of New York;

(i)     any other governmental units applicable to the Debtor's businesses; and

(j)     state attorneys general for states in which the Debtor conducts business.

12.     After the initial mailing of the Bar Date Notices and Proof of Claim Forms, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential claimants become known to the Debtor.  In this regard, the Debtor may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

13.     Pursuant to Bankruptcy Rules 2002(f) and 2002(l), the Debtor shall publish a form of the Bar Date Notice (modified as necessary but consistent with the requirements of the Guidelines), substantially in the form annexed as **Exhibit "D"** to the Motion, on one occasion in The New York Times (National Edition) at least 28 days prior to the General Claims Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the General Claims Bar Date.

14.     Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

15.     The Debtor is authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

17.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     Entry of this Bar Date Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

19.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Bar Date Order.

Dated: _____, 2019
         White Plains, New York


_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit "B"

**Proposed Form of Proof of Claim**

**United States Bankruptcy Court, Southern District of New York**

<table>
<tr><td>

**Fill in this information to identify the case (Select only one Debtor per claim form):**

Debtor: _____

Case Number: _____

</td></tr>
</table>

Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | **Who is the current creditor?** | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br><br><br><br><br><br><br>Contact phone _____<br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br><br><br><br><br><br>Contact phone _____<br>Contact email _____ |
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.   Claim number on court claims registry (if known)_____      Filed on _____<br>                                                                                      MM  / DD  / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**    $_____ . **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

Official Form 410                              **Proof of Claim**                              page 2

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
| | ☐ Yes. (i) Include the value of the goods delivered to and received by Cenveo in the 20 days prior to the Commencement Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by Cenveo pursuant to any order of the Bankruptcy Court authorizing Cenveo to pay prepetition Claims. | $_____ |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Name of the person who is completing and signing this claim:**

Name _____
       First name          Middle name          Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number          Street

        _____
        City                          State        ZIP Code

Contact phone _____    Email _____

**<u>Exhibit "C"</u>**

**Proposed Bar Date Notice**

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                     :    Chapter 11
                                                          :
Retrieval-Masters Creditors Bureau, Inc.,[1]              :    Case No. 19-23185 (RDD)
                                                          :
                         Debtor.                          :
--------------------------------------------------------x

**NOTICE OF DEADLINE REQUIRING SUBMISSION OF PROOFS OF
CLAIM ON OR BEFORE OCTOBER 23, 2019 AND RELATED
PROCEDURES FOR SUBMITTING PROOFS OF CLAIM IN THE
ABOVE-CAPTIONED CHAPTER 11 CASE**

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTOR
IN THE ABOVE-CAPTIONED CHAPTER 11 CASE.**

The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy
Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. Eastern Daylight
Savings Time on October 23, 2019** (the "General Claims Bar Date"), as the last date for each
person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to

---

[1]    The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's
       service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.
       The Debtor also does business as American Medical Collection Agency.

[2]    As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United
       States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee.

submit a Proof of Claim against the Debtor (the "Debtor") in the above-captioned chapter 11 case.

Except for those holders of the claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtor that arose prior to June 17, 2019 (the "Petition Date"), the date on which the Debtor commenced its case under chapter 11 of the United States Bankruptcy Code, including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim").[4]  In addition, governmental units have until **5:00 p.m. Eastern Standard Time on December 16, 2019** to submit Proofs of Claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD SUBMIT A PROOF OF CLAIM.**

## Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a Claim that arose before the Petition Date and it is not one of the types of Claims described under the heading "Who Need Not Submit a Proof of Claim" below.  Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Commencement Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What to Submit

The Debtor is enclosing a Proof of Claim form for use in the cases.  You may utilize the Proof of Claim form provided by the Debtor to submit your Claim.

---

Further, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively

[3]    Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date

[4]    "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Commencement Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. See  11 U.S.C. § 503(b)(9).

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

The following procedures for the submission of Proofs of Claim against the Debtor in this chapter 11 case shall apply:

a.    Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; (iv) be filed in accordance with the Bar Date Order; and (v) unless otherwise consented to by the Debtor in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

b.    In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtor pursuant to any order of the Bankruptcy Court authorizing the Debtor to pay prepetition Claims.

c.    Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.  Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at  www.nysb.uscourts.gov  or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

d.    Proofs of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date.

**PROOFS OF CLAIM SUBMITTED BY FAX OR E-MAIL WILLNOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

## Who Need Not Submit a Proof of Claim

You do not need to submit a Proof of Claim on or prior to the Bar Date if you are:

a.   any person or entity that has already submitted a Proof of Claim against the Debtor with the Clerk of the Bankruptcy Court in a form substantially similar to Official Bankruptcy Form No. 410;

b.   any person or entity whose Claim is listed on the Schedules filed by the Debtor; provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; and (ii) the claimant agrees with the amount, nature, and priority of the Claim as set forth in the Schedules;

c.   any holder of a Claim previously allowed by order of the Bankruptcy Court;

d.   any holder of a Claim that has already been paid in full;

e.   any holder of a Claim for which a specific deadline has previously been fixed by the Bankruptcy Court or otherwise fixed pursuant to the Bar Date Order;

f.   any holder of a Claim based on an equity interest in the Debtors;

g.   any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a claim entitled to administrative expenses status under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h.   any current employee of the Debtors, if an order of the Bankruptcy Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; and

i.   any current or former officer or director for indemnification, contribution, or reimbursement.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTOR, BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTOR.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR OR THE BANKRUPTCY COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order, (the "Rejection Bar Date").  The Debtor will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtor rejects any executory contract or unexpired lease.

## Supplemental Bar Date

In the event the Debtor amends or supplements its Schedules, the Debtor shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so.

## The Debtor's Schedules and Access Thereto

You may be listed as the holder of a Claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").  Copies of the Debtor's Schedules are available: (a) by written request to Debtor's proposed counsel at the address and telephone number set forth below; and/or (b) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov.  A login and password to the Bankruptcy Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

If you rely on the Debtor's Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtor's Schedules, and if your Claim is not described as "disputed," "contingent," or "unliquidated," you need not submit a Proof of Claim.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

## Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### Consequences of Failure To Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A PARTY
EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT
FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL
BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH
CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, (2) VOTING ON ANY
CHAPTER 11 PLAN OF REORGANIZATION FILED IN THIS CASE ON ACCOUNT OF
SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S
CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM.  **BY ORDER OF THE COURT.**

Dated: September [  ], 2019
      New York, New York

                           CHAPMAN AND CUTLER LLP
                           *Proposed Counsel for the Debtor and*
                           *Debtor in Possession*

                           By:   /s/ [DRAFT]
                           Steven Wilamowsky
                           1270 Avenue of the Americas
                           30th Floor
                           New York, NY 10020-1708
                           Telephone: 212.655.6000

                           -and-

                           Aaron M. Krieger
                           111 West Monroe Street
                           Chicago, IL 60603-4080
                           Telephone: 312.845.3000

**<u>Exhibit "D"</u>**

**Proposed Publication Notice**

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | : | Case No. 19-23185 (RDD) |
| | : | |
| Debtor. | : | |

--------------------------------------------------------x

## NOTICE OF DEADLINE REQUIRING SUBMISSION OF PROOFS OF CLAIM ON OR BEFORE OCTOBER 23, 2019 AND RELATED PROCEDURES FOR SUBMITTING PROOFS OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASE

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTOR IN THE ABOVE-CAPTIONED CHAPTER 11 CASE.**

The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. Eastern Daylight Savings Time on October 23, 2019** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to

---

[1]    The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.  The Debtor also does business as American Medical Collection Agency.

[2]    As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee.

submit a Proof of Claim against the Debtor (the "Debtor") in the above-captioned chapter 11 case.

Except for those holders of the claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtor that arose prior to June 17, 2019 (the "Petition Date"), the date on which the Debtor commenced its case under chapter 11 of the United States Bankruptcy Code, including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim").[4]  In addition, governmental units have until **5:00 p.m. Eastern Standard Time on December 16, 2019** to submit Proofs of Claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD SUBMIT A PROOF OF CLAIM.**

### Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a Claim that arose before the Petition Date and it is not one of the types of Claims described under the heading "Who Need Not Submit a Proof of Claim" below.  Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Commencement Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

### What to Submit

The Debtor is enclosing a Proof of Claim form for use in the cases.  You may utilize the Proof of Claim form provided by the Debtor to submit your Claim.

---

Further, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively

[3]   Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date

[4]   "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Commencement Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. See  11 U.S.C. § 503(b)(9).

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

The following procedures for the submission of Proofs of Claim against the Debtor in this chapter 11 case shall apply:

a.      Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; (iv) be filed in accordance with the Bar Date Order; and (v) unless otherwise consented to by the Debtor in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

b.      In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtor pursuant to any order of the Bankruptcy Court authorizing the Debtor to pay prepetition Claims.

c.      Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.  Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

d.      Proofs of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date.

**PROOFS OF CLAIM SUBMITTED BY FAX OR E-MAIL WILLNOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

## **Who Need Not Submit a Proof of Claim**

You do not need to submit a Proof of Claim on or prior to the Bar Date if you are:

a.   any person or entity that has already submitted a Proof of Claim against the Debtor with the Clerk of the Bankruptcy Court in a form substantially similar to Official Bankruptcy Form No. 410;

b.   any person or entity whose Claim is listed on the Schedules filed by the Debtor; provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; and (ii) the claimant agrees with the amount, nature, and priority of the Claim as set forth in the Schedules;

c.   any holder of a Claim previously allowed by order of the Bankruptcy Court;

d.   any holder of a Claim that has already been paid in full;

e.   any holder of a Claim for which a specific deadline has previously been fixed by the Bankruptcy Court or otherwise fixed pursuant to the Bar Date Order;

f.   any holder of a Claim based on an equity interest in the Debtors;

g.   any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a claim entitled to administrative expenses status under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h.   any current employee of the Debtors, if an order of the Bankruptcy Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; and

i.   any current or former officer or director for indemnification, contribution, or reimbursement.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTOR, BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTOR.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR OR THE BANKRUPTCY COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order, (the "Rejection Bar Date").  The Debtor will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtor rejects any executory contract or unexpired lease.

## Supplemental Bar Date

In the event the Debtor amends or supplements its Schedules, the Debtor shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so.

## The Debtor's Schedules and Access Thereto

You may be listed as the holder of a Claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").  Copies of the Debtor's Schedules are available: (a) by written request to Debtor's proposed counsel at the address and telephone number set forth below; and/or (b) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov.  A login and password to the Bankruptcy Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

If you rely on the Debtor's Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtor's Schedules, and if your Claim is not described as "disputed," "contingent," or "unliquidated," you need not submit a Proof of Claim.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

## Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### Consequences of Failure To Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A PARTY EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THIS CASE ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM.  **BY ORDER OF THE COURT.**

Dated: September [   ], 2019
    New York, New York

CHAPMAN AND CUTLER LLP
*Proposed Counsel for the Debtor and*
*Debtor in Possession*

By:    /s/ [DRAFT]
    Steven Wilamowsky
    1270 Avenue of the Americas
    30th Floor
    New York, NY 10020-1708
    Telephone: 212.655.6000

    -and-

    Aaron M. Krieger
    111 West Monroe Street
    Chicago, IL 60603-4080
    Telephone: 312.845.3000