CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re                                                      : Chapter 11
                                                           :
Retrieval-Masters Creditors Bureau, Inc.,[1]               : Case No. 19-23185 (RDD)
                                                           :
                    Debtor.                   :
-----------------------------------------------------------x

**REVISED PROPOSED ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF CHAPMAN AND CUTLER LLP AS ATTORNEYS FOR
THE DEBTOR, EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE**

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                : Chapter 11
                                                     :
Retrieval-Masters Creditors Bureau, Inc.,[1]         : Case No. 19-23185 (RDD)
                                                     :
                    Debtor.                          :
------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHAPMAN AND CUTLER LLP AS ATTORNEYS FOR THE DEBTOR, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**")[2] of the debtor and debtor in possession (the "**Debtor**") in the above-captioned case for entry of an order (this "**Order**") authorizing the Debtor to retain and employ Chapman and Cutler LLP ("**Chapman**") as its attorneys effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"); and the Court having reviewed the Application, the Declaration of Steven Wilamowsky, a partner of Chapman (the "**Wilamowsky Declaration**"), and the declaration of Russell Fuchs, the Chief Executive Officer of the Debtor (the "**Fuchs Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C.

---

[1]    The last four digits of the Debtor's taxpayer identification number are 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

§§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Wilamowsky Declaration that: (a) Chapman does not hold or represent an interest adverse to the Debtor's estate; and (b) Chapman is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to retain and employ Chapman as its attorneys *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter annexed hereto as **Exhibit 1**.

3. Chapman is authorized to provide the Debtor with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, Chapman will render the following legal services:

    a. advising the Debtor with respect to its powers and duties as a debtor in possession;

    b. advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

    c.    attending meetings and negotiating with representatives of creditors and other parties in interest on behalf of the Debtor;

    d.    taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting potential actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

    e.    preparing pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

    f.    representing the Debtor in connection with obtaining authority to continue using cash collateral and postpetition financing;

    g.    advising the Debtor in connection with any potential sale or other disposition of assets;

    h.    appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

    i.    taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto, or other similar case disposition; and

    j.    performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; and (ii) advising the Debtor on corporate and litigation matters.

4.    Chapman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5.    Chapman shall provide ten (10) business-days' notice to the Debtor, the U.S. Trustee and the Committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee

retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Chapman shall not withdraw as the Debtor's counsel before the effective date of any chapter 11 plan confirmed in this chapter 11 case or before the conclusion of this chapter 11 case under any other disposition without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

7. The Debtor and Chapman are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

8. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11. Notwithstanding any provision to the contrary in the Engagement Letter, Chapman shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding reimbursement of fees and expenses to Chapman, which retainer shall not be be replenished absent further order of the Court.

12. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Chapman shall be referred to arbitration consistent

with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

13. Chapman shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

14. Notwithstanding anything to the contrary in the Engagement Letter, Chapman shall not withdraw as Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this chapter 11 case without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

15. To the extent there is an inconsistency among this Order, the Application and the Engagement Letter, the terms of this Order shall govern.

Dated: _____, 2019
       White Plains, New York

                                              _____
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE