CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | : | Case No. 19-23185 (RDD) |
| | : | |
| Debtor. | : | |
------------------------------------------------------------x

**REVISED PROPOSED ORDER AUTHORIZING THE DEBTOR TO**
**RETAIN AND EMPLOY MORVILLO ABRAMOWITZ GRAND**
**IASON & ANELLO P.C. AS SPECIAL REGULATORY COUNSEL,**
**<u>EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE</u>**

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                             : Chapter 11
                                                                  :
Retrieval-Masters Creditors Bureau, Inc.,[1]    : Case No. 19-23185 (RDD)
                                                                  :
                                    Debtor.                 :
------------------------------------------------------------x

# ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C. AS SPECIAL REGULATORY COUNSEL, NUNC PRO TUNC AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the debtor and debtor in possession (the "**Debtor**") in the above-captioned case for entry of an order (this "**Order**") authorizing the Debtor to retain and employ Morvillo Abramowitz Grand Iason & Anello P.C. ("**Morvillo**") as special regulatory counsel effective *nunc pro tunc* to the Petition Date, pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"); and the Court having reviewed the Application and the Declaration of Richard Weinberg, a partner of Morvillo (the "**Weinberg Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Weinberg Declaration that Morvillo neither has nor represents an interest materially adverse to the interest

---

[1] The last four digits of the Debtor's taxpayer identification number are 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

of the Debtor or its estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in, the Debtor or for any other reason as required by section 327(e) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to retain and employ Morvillo as special regulatory counsel in this chapter 11 case, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1 on the terms and conditions set forth in the Application and the Engagement Letter, *nunc pro tunc* as of the Petition Date.

3. Morvillo shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court.

4. Morvillo shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved

pursuant to the first Order of the Court awarding reimbursement of fees and expenses to Morvillo.

5. The Debtor and Morvillo are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

6. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

9. Notwithstanding any provision to the contrary in the Engagement Letter, the Debtor shall not make any advance payments to Morvillo without Court order.

10. Morvillo shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

11. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Morvillo shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

12. To the extent there is an inconsistency among this Order, the Application and the Engagement Letter, the terms of this Order shall govern.

Dated: _____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE