# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

## PROCEDURAL GUIDELINES FOR FILING
## REQUESTS FOR ORDERS TO SET THE LAST
## DATE FOR FILING PROOFS OF CLAIM

The purpose of these guidelines is to provide a standard form for orders to establish deadlines for the filing of proofs of claim ("Bar Order") in chapter 11 cases and thereby expedite court review and entry of such orders.

The Court will expect that all proposed Bar Orders will conform to the following guidelines and use the standard form of order and notice, with only such revisions as are necessary under the circumstances of the individual case or cases. **If a proposed Bar Order and accompanying notice do not comply with these guidelines, counsel must identify and explain, in the application for approval of the Bar Order, the reason for each deviation.** These forms and the guidelines apply only in chapter 11 cases and do not apply to deadlines for filing administrative claims.

### ***GUIDELINES***

1.      An application for entry of a Bar Order must ordinarily be filed within thirty (30) days after the later of (i) the initial case conference and (ii) the filing of the debtor's Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases. If counsel believes that entry of a Bar Order should be further delayed for any reason, counsel is urged to take up the matter at the initial case conference.

EXHIBIT

C

Updated 12/01/2015

2.      Assuming these guidelines are followed, the application and accompanying papers may

be submitted to the Court without further notice as long as the application represents that

the Order has been approved in form and substance by any official creditors committee,

by any debtor in possession lender and by any secured creditor with a lien on a

substantial portion of the debtor's assets. If this representation cannot be made, the

proposed Bar Order may be submitted by notice of presentment or by notice of motion on

notice to any official committee, any debtor in possession lender, any party requesting

notice, and the United States trustee.

3.      The application shall contain proposed dates for the last date to file claims (the "Bar

Date"), for mailing the notice and, where appropriate, for publication, provided that, in

most cases the suggested Bar Date should be at least thirty-five (35) days after the

mailing date and at least twenty-eight (28) days after the publication date, and provided

further, if possible, the dates proposed by counsel provide the Court with at least seven

(7) days after the application is submitted to process the order. If applicable, the

application should take into account the procedural provisions pertaining to creditors with

foreign addresses [see Federal Rule of Bankruptcy Procedure 2002(p)]. For cause shown,

the Court can reduce the notice period to twenty-one (21) days after mailing in

accordance with Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002(a)

(7) and 9006(c) (2).

4.      The attached form of order and the accompanying form of notice to creditors assume that

there are multiple debtors in jointly administered cases. In such cases, the debtors must

list each of the debtors and their related case numbers as part of, or as an addendum to,

the notice to creditors. In single-debtor cases, the attached forms should be modified to

reflect that only one debtor has filed.

5.      The attached form of order contains a paragraph in brackets providing for publication of

notice of the Bar Date. These guidelines do not take any position as to whether

publication notice of the Bar Date is required in a particular case. Counsel should state in

the application for a Bar Date whether they believe publication is required and, if so, the

time and place of publication and in appropriate cases should raise the issue at the initial

case conference. The published notice should be substantially similar to the written

notice to creditors, although it may omit certain provisions (such as the definition of the

term "claim") in order to reduce costs.

6.      The attached form of order and notice contain instructions for filing proofs of claim with

the Court. In cases where it is anticipated that more than two hundred fifty (250) proofs

of claim will be filed, counsel must arrange with a claims/noticing agent ("Claims

Agent") appointed by court order to provide an address to receive mailed proofs of claim.

In such cases, counsel must also provide creditors with individualized proof of claim

forms, and the order has a suggested paragraph for use in such situations. In smaller

cases, where it is not necessary to utilize a claims agent, a proof of claim may be created

and electronically filed through the Court's website or filed electronically on the Court's

Case Management/Electronic Case File (CM/ECF) system with the use of a CM/ECF

account.

7.      If a Claims Agent is used in connection with the administration of the mailing of the

notice of the Bar Date and related matters, such agent should be retained pursuant to

Updated 12/01/2015

Court order. A form application and order that lists the services the firm should provide

is available on the Court's web site.

8.  The attached form of order is intended for use only in connection with the filing of proofs

of claim.  If a deadline is required for the filing of proofs of equity interest, a

substantially similar motion may be filed, or counsel may submit an order and

accompanying notice that combines a Bar Date for the filing of proofs of claim and

proofs of interest. Notice of a deadline for the filing of administrative claims should **not**

ordinarily be combined with a notice of any other Bar Date.

9.  The attached forms of order and notice contain a list of persons and entities that are

exempted from the requirement to file a proof of claim. It is anticipated that the persons

and entities listed in the forms provided will not be required to file proofs of claim in

most chapter 11 cases, although there will of course be variations in specific situations

and the list is not intended to be exhaustive. Some of the subparagraphs are bracketed,

reflecting the fact that the exemption may often have no application or that the debtor

may choose not to exempt the particular category from the filing requirement.  In

addition to those creditors who are listed in the attached form of notice and order, a

debtor may wish to consider (i) exempting claims of its officers, directors, and employees

for indemnification, contribution or reimbursement; (ii) exempting claims of persons or

entities against any of the debtors, non-debtor affiliates; and (iii) exempting claims for

principal, interest and applicable fees and charges on a bond, note or debenture, provided

that any indenture trustee for such instrument would not be exempted from the

requirement of filing a proof of claim, and provided further that each holder would be

Updated 12/01/2015

required to file a proof of claim for damages in connection with respect to its ownership of, or purchase or sale of, the applicable instrument.

10.    The notice to creditors should contain the name and telephone number of an individual at the law firm representing the debtor or at a bankruptcy services firm retained by the debtor to whom questions may be addressed. The notice should not contain the name of the bankruptcy judge but may provide that the notice is "By Order of the Court."

11.    The electronic media submitted to the Court with the order should contain not only the form of Bar Order but also the text of the notice to creditors, in the event that the notice needs to be revised before entry.

Updated 12/01/2015

**[FORM OF BAR ORDER]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:

|  | Chapter 11 |
|---|---|
|  | Case Nos.:    -_____( ) |
|  | Through    -_____(  ) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------x

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the above-captioned Debtors and Debtors in Possession (collectively, the "Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter11 petitions on

_____(the "Filing Date"), shall file a proof of such claim in writing or electronically on

the Court's website at www.nysb.uscourts.gov so that it is received on or

before_____, 20 ; and it is further

[**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by

governmental units must be filed on or before_____(the date that is one

hundred eighty (180) days after the date of the order for relief); and it is further][1]

**ORDERED**, that the following procedures for the filing of proofs of claim shall

apply:

(a)     Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b)     [**(1)** *Cases with Claims Agents: Insert this Subparagraph***:**] Proofs of claim must

be filed either [*Claims Agents approved for electronic filing of claims: Insert*

*this statement***:** electronically through the claims agent's website or**]** by mailing

the original proof of claim either by U.S. Postal Service mail or overnight

delivery [the original proof of claim to the United States Bankruptcy Court,

Southern District of New York, c/o [address provided by Claims Agent] or by

delivering the original proof of claim by hand to the United States Bankruptcy

Court, Southern District of New York [**insert the address of the division of the**

**court where the case is being administered**];

---

[1] For use only when the general Bar Date is less than 180 days after the Filing Date. Section 502(b)(9) of the
Bankruptcy Code requires that governmental units have at least 180 days after  the  order for relief to file a proof of
claim (however, a different deadline may apply for certain tax-related claims in a chapter 13 case).

Updated 12/01/2015

**[(2)** *Cases Without Claims Agents: Insert this Subparagraph***:]** Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts

with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, **[insert the address of the division of the court where the case is being administered]**;

(c)     Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d)     Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e)     **[In multiple debtor cases]** Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

Updated 12/01/2015

(a)     Any person or entity that has already filed a proof of claim against the Debtors in

the above-captioned case in a form substantially similar to Official Bankruptcy

Form No. 410;

(b)     Any person or entity whose claim is listed on the Schedules filed by the

Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed",

"contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the

amount, nature and priority of the claim as set forth in the Schedules;  [<u>and</u> (iii)

the claimant does not dispute that the claim is an obligation of the specific Debtor

against which the claim is listed in the Schedules];

(c)     Any holder of a claim that heretofore has been allowed by Order of this

Court;

(d)     Any person or entity whose claim has been paid in full by any of the

Debtors;

(e)     Any holder of a claim for which specific deadlines have previously been

fixed by this Court;

(f)     [Any Debtor having a claim against another Debtor or any of the non-

debtor subsidiaries of **[name of parent corporation]** having a claim

against any of the Debtors];

(g)     Any holder of a claim allowable under § 503(b) and § 507(a) (2) of the

Bankruptcy Code as an expense of administration;

(h)     [Others;] and it is further

4

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be

treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

(a)    The United States Trustee;

(b)    Counsel to each official committee;

(c)    All persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d)    All persons or entities that have filed claims;

(e)    All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f)    All parties to executory contracts and unexpired leases of the Debtors;

(g)    All parties to litigation with the Debtors;

(h)    The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)    Such additional persons and entities as deemed appropriate by the Debtors; and it is further

Updated 12/01/2015

[**ORDERED**, that with regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim form annexed to the application as Exhibit_____, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed); [2] and it is further]

[**ORDERED**, that with regard to its current employees, the Debtors shall distribute notice of the Bar Date to such employees using a notice substantially similar to the form of notice annexed to the application as Exhibit_____, which notice is approved; [3] and it is further]

[**ORDERED**, that pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish notice of the Bar Date in substantially the form hereto as Exhibit_____(the "Publication Notice") once, in the_____ [and the_____] at least twenty-eight (28) days prior to the Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Date; [4] and it is further]

[**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; [5] and it is further]

---

[2] For use only by Debtors that provide individualized proof of claim forms;

[3] For use only by Debtors that provide a special notice to current employees; the form of notice may state in substance that the Debtors have filed under chapter 11 and believe they have, by court order or otherwise, paid all prepetition employee obligations, but that if the employee believes that he or she has an unpaid claim for prepetition wages, salaries or commissions, including vacation, severance and sick leave pay, or contributions to employee benefit plans or other benefits, the employee must file such claims on or before the Bar Date. The notice must also provide information as to the form and manner of filing a claim or provide the employee with reasonable access to such information.

[4] For Debtors that propose to publish notice of the Bar Date. See Guideline 5.

[5] For use only by Debtors that do not provide individualized proof of claim forms. See footnote 3, above.

Updated 12/01/2015

      **ORDERED**, that the Debtors [and their Claims Agent] are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

      **ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated:_____, New York
      _____ _____, 20____

               _____
               UNITED STATES BANKRUPTCY JUDGE

[FORM OF NOTICE OF BAR DATE]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

                                Debtors.

-----------------------------------------------------------x

Chapter 11

Case Nos.:      -          (  )
Through       - (  )

(Jointly Administered)


**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF**
**CLAIM ON OR BEFORE** _____

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST [NAME DEBTORS]**
**[ANY OF THE DEBTOR ENTITIES LISTED [ABOVE] [ON PAGE      OF THIS**
**NOTICE]]**

       The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **[set forth date in bold]** (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against any of the Debtors listed [above] [on page____of this Notice] (the "Debtors").

       The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to_____, the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, except for claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.   [Governmental units may have until _____, the date

that is one hundred eighty (180) days after the order for relief, to file proofs of claim.][6]

## 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to

share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to

_____(the "Filing Date"), and it is not one of the types of claim described in

Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the

Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed,

liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing

Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word

"claim" means: (a) a right to payment, whether or not such right is reduced to judgment,

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance

if such breach gives rise to a right to payment, whether or not such right to an equitable remedy

is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or

unsecured.

## 2.    WHAT TO FILE

[Your filed proof of claim must conform substantially to Official Form No. 410; a case-

specific proof of claim form accompanies this notice.]  [The Debtors are enclosing a proof of

claim form for use in these cases; if your claim is scheduled by the Debtors, the form also sets

forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which

the claim is scheduled and whether the claim is scheduled as disputed, contingent or

_____

[6] See footnote 1, above.

Updated 12/01/2015

unliquidated.  You will receive a different proof of claim form for each claim scheduled in your

name by the Debtors. You may utilize the proof of claim form(s) provided by the Debtors to file

your    claim.][7]        [Additional    proof    of    claim    forms    may    be    obtained    at

www.uscourts.gov/forms/bankruptcy-forms.]

All proof of claim forms must be **signed** by the claimant or, if the claimant is not  an

individual, by an authorized agent of the claimant.  It must be written in English and be

denominated in United States currency.  You should attach to your completed proof of claim any

documents on which the claim is based (if voluminous, attach a summary) or an explanation as  to

why the documents are not available.

Your proof of claim form must not contain complete social security numbers or taxpayer

identification numbers (only the last four digits), a complete birth date (only the year), the name

of a minor (only the minor's initials) or a financial account number (only the last four digits of

such financial account).

Any holder of a claim against more than one Debtor must file a separate proof of  claim

with respect to each such Debtor and all holders of claims must identify on their  proof of claim

the specific Debtor against which their claim is asserted and the case  number of that Debtor's

bankruptcy case.  A list of the names of the Debtors and their case numbers is [set forth in the

case caption above] [attached to this Notice].

---

[7] One of these two bracketed statements will ordinarily be appropriate depending on whether individualized proofs of claim forms are
provided to creditors.

## 3.        WHEN AND WHERE TO FILE

**[(A)** *Cases with Claims Agents: Insert the following as Paragraph 3***:]**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before**_____at the following address:

**[Insert address provided by claims agent]**

**IF DELIVERED BY HAND:**

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 614
New York, NY 10004-1408
**[or the address of the division where the case is being administered.]**

**[***Claims Agents approved for electronic filing of claims: Insert this statement***:**  Or electronically through the claims agent's website]**

Proofs of claim will be deemed filed only when <u>received</u> at the addresses listed above or filed electronically on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

**[(B)** *Cases Without Claims Agents: Insert the following as Paragraph 3***:]**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before**_____.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (CM/ECF) system.

Those without accounts to the CM/ECF system may create and electronically file their

proofs of claim through the "File A Proof of Claim" link on the Court's website,

www.nysb.uscourts.gov,   or by mailing or delivering the original proof of claim to the Court at

the address provided below:

**United States Bankruptcy Court**
**Southern District of New York**
**One Bowling Green, Room 614**
**New York, New York 10004-1408**
**[or the address of the division where the case is being administered.]**

Proofs of claim will be deemed filed only when received by the Bankruptcy Court on or

before the Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy or  electronic

mail transmission.


**4.     CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the [applicable]
Bar Date if the claim falls into one of the following categories:

(a)     Any claim that has already been asserted in a proof of claim against the  Debtors
with  the Clerk of the Bankruptcy Court for the Southern District  of New York
in a form substantially similar to Official Bankruptcy Form No. 410 [(unless you
wish to assert the claim against a Debtor not mentioned in the prior proof of
claim, in which case an additional proof of claim must be filed)];

(b)     Any claim that is listed on the Schedules filed by the Debtors, provided that (i)
the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii)
the claimant does not disagree with the amount, nature and priority of the
claim as set forth in the  Schedules [and (iii) the claimant does not dispute that the
claim is an obligation only of the specific Debtor against which the claim is listed
in the Schedules];

(c)     Any claim that previously been allowed by Order of the  Court;

(d)     Any claim that has been paid in full by any of the Debtors;

Updated 12/01/2015

(e)    Any claim for which a different deadline has previously been  fixed by this Court;

(f)    [Any claim by one Debtor against another Debtor, or by any of the non-debtor subsidiaries of the against any of the Debtors;]

(g)    Any claim allowable under § 503(b) and § 507(a) (2) of the  Bankruptcy Code as an expense of administration of the Debtor's estates;

(h)    [Others.]

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time.   However, if you assert  a claim against the Debtors, including a claim relating to such equity interest or the purchase or  sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some  relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.   The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim  against the Debtors.


**5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or  unexpired lease as to which the order authorizing such rejection is dated on or before _____, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date.  Any person or entity that has a claim arising from the rejection of an executory  contract or  unexpired lease, as to which the order is dated after the date of entry of the  Bar Order, you must  file a proof of claim with respect to such claim by the date fixed by the Court in the applicable  order authorizing rejection of such contract or lease.

Updated 12/01/2015

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE
          BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE

REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND  THAT

FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE  FORM SHALL NOT

BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF

VOTING ON ANY PLAN  OF REORGANIZATION FILED IN THESE CASES AND

PARTICIPATING IN  ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF

SUCH CLAIM.

**7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in  the

Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts  and

Unexpired Leases (collectively, the "Schedules").

[To determine if and how you are listed on the Schedules, please refer to the  descriptions

set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your

claim(s).  If you received post petition payments from the Debtors (as authorized by the Court) on

account of your claim, the enclosed proof of claim form will reflect the net amount of your

claims.  If the Debtors believe that you hold claims against one or more than one Debtor, you

will  receive multiple proof of claim forms, each of which will  reflect the nature and amount of

your  claim against one Debtor, as listed in the  Schedules.][8]

[If you rely on the Debtors' Schedules, it is your responsibility to determine that the

claim is accurately listed in the Schedules][however, you may rely on the enclosed  form, which

lists your claim as scheduled, identifies the Debtor against which it is  scheduled, and specifies

whether the claim is disputed, contingent or unliquidated.][9]

Updated 12/01/2015

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only  against the Debtor specified by the Debtors, and if your claim is not described as  "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or  if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, New York 10004-1408 [or 300 Quarropas Street, Room 248, White Plains, New York

---

[8]  For use only by Debtors that provide individualized proof of claim forms.

[9]  A variant of this paragraph may be used depending on whether the Debtors provide individualized proof of claim forms.

Updated 12/01/2015

10601 or 355 Main Street, Poughkeepsie, New York 12601]. Copies of the Debtors' Schedules

may also be obtained by written request to Debtors' [counsel at the address and telephone number

set forth below] [Claims Agent at the following address and telephone number]:

**A holder of a possible claim against the Debtors should consult an attorney**

**regarding any matters not covered by this notice, such as whether the holder should file a**

**proof of claim.**

Dated:_____, New York                    **BY ORDER OF THE COURT**

_____, 20___

_____
COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION FIRM
NAME
ADDRESS PHONE
NUMBER