CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
Retrieval-Masters Creditors Bureau, Inc.,[1]                :    Case No. 19-23185 (RDD)
                                                            :
              Debtor.                                       :
------------------------------------------------------------x

**DEBTOR'S REPLY TO LIMITED OBJECTION BY THE STATE
OF TEXAS TO THE DEBTOR'S MOTION FOR ENTRY OF AN
ORDER: (I) SETTING BAR DATES FOR SUBMITTING PROOFS
OF CLAIM; (II) APPROVING PROCEDURES FOR SUBMITTING
PROOFS OF CLAIM; AND (III) APPROVING NOTICE THEREOF**

Retrieval-Masters Creditors Bureau, Inc. (the "Debtor") as and for its Reply (this "Reply") to the *Limited Objection by the State of Texas* (the "Objection") *to the Debtor's Motion for Entry of an Order: (I) Setting Bar Dates for Submitting Proofs of Claim; (II) Approving Procedures for Submitting Proofs of Claim; and (III) Approving Notice Thereof,* dated

---

[1]   The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also has done business as American Medical Collection Agency.

August 29, 2019 [Doc. No. 121] (the "Motion")², by its undersigned counsel, respectfully represents as follows:

### Summary of Objection

1.  The Objection should be overruled, because the notice of the claims bar date that the Debtor proposes to provide in the Motion is reasonable and appropriate under the circumstances and, as the Objection itself concedes, complies with the Bankruptcy Code and Rules. This chapter 11 case is being run with no continuing income from ongoing operations under the most difficult circumstances. The Debtor simply does not have the resources to publish notice in the random assortment of newspapers identified in the Objection, as Texas implies might be appropriate, and Texas's invocation of the *Takata* case, a case with a debtor that ultimately sold its assets for $1.6 *billion*, in support of the Objection, is particularly poorly-founded.

2.  Moreover, the Objection itself seems to be based on a factual misconception, which is that account debtors whose data was compromised may have claims against the Debtor for failure to provide credit monitoring to which they are entitled. In fact, the Debtor's offers to provide credit monitoring have been honored, pursuant to the terms of the notices that it sent out prior to the Petition Date.

3.  The Debtor has proposed a bar date procedure that complies with the Bankruptcy Code, Rules, and all applicable procedures and provides potential claimants ample opportunity to assert their claims against the estate. As such, the Objection should be overruled and the Debtor's Motion granted in its entirety.

---

² Capitalized terms not otherwise defined herein have the meanings ascribed to them by the Motion.

**Discussion**

I. **The Proposed Scope of Publication Is Adequate.**

Aside from conclusory statements that the claims notice procedure set forth by the Debtor in its Motion is "insufficient to assure due process," and that the Debtor's manner of publication should be "expanded," Texas provides no specific details as to why procedures that are standard in chapter 11 cases are particularly inadequate to properly notify creditors of this Debtor of their applicable deadlines.

In any event, the publication procedures set forth in the Motion are adequate and comply with all requirements set forth in the Bankruptcy Code and Rules. Any further expansion of the publication requirement will drain the Debtor's estate without material benefit to potential creditors.

II. **An Extension for "Data Breach Consumers" Is Unwarranted.**

Since the Debtor filed its chapter 11 petition on June 17, 2019 this case has received national media attention. Moreover, prior to the Petition Date, the Debtor sent notice by first class mail to individuals that may have been affected by the data breach, including well over a million notices to Texas residents alone.[3] As such, virtually any individual possibly affected by the data breach has already received notice thereof (in most cases by direct mailings), and dozens of claims and lawsuits against the Debtor arising from the data breach have been filed by class action lawyers purporting to act on such individuals' behalf. In any event, given that it is unlikely that individuals for which Texas seeks special treatment are creditors at all, given the

---

[3] The Objection puts that number 160,000 individual consumers. *See* Objection, p. 8. The Debtor is unclear as to where Texas got this number from.

highly speculative nature of their claims,[4] it is unclear why it would be appropriate to set a bar date for them that is more liberal than that provided to actual, known creditors (whether or not disputed, contingent, or liquidated).

### III. The Appointment of a Claims Agent is Not Warranted.

Appointing a claims agent in a chapter 11 case of this size is not warranted by Local Rule 3003-1, which requires the appointment of a claims agent only in "cases where it is anticipated that more than two hundred fifty (250) proofs of claim will be filed[.]"[5]  Here, in the almost three months since the filing of the Debtor's chapter 11 case, and notwithstanding the media attention paid to this case and the millions of data breach notices provided pre-filing, only 13 proofs of claims have been filed as of the date hereof.  The Debtor is entitled to manage its case in a manner that maximizes the expediency of the proceedings and maximize the estate for the benefit to the Debtor's estate, and in its considered judgment believes that it is unwise to expend the resources on a claims agent at this time.

*[Remainder of page intentionally omitted]*

---

[4] See *Fero v. Excellus Health Plain, Inc.*, 236 F. Supp. 3d 735, 753 (W.D.N.Y. 2017), *on reconsideration sub nom. Fero v. Excellus Health Plan, Inc.*, 304 F. Supp. 3d 333 (W.D.N.Y. 2018) (finding that individuals who have suffered only the alleged harm of increased risk of identity fraud have suffered only speculative harms insufficient to confer standing).

[5] See *Procedural Guidelines For Filing Requests For Orders To Set The Last Date For Filing Proofs Of Claim*, available at http://www.nysb.uscourts.gov/sites/default/files/3003-1-guidelines.pdf

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion and overrule the Objection.

Dated: September 11, 2019
      New York, New York

        CHAPMAN AND CUTLER LLP
        *Proposed Counsel for the Debtor and*
        *Debtor in Possession*

        By: /s/Steven Wilamowsky
            Steven Wilamowsky
            1270 Avenue of the Americas
            New York, NY 10020-1708
            Telephone: 212.655.6000

            -and-

        Aaron M. Krieger
        111 West Monroe Street
        Chicago, IL 60603-4080
        Telephone: 312.845.3000