CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | : | Case No. 19-23185 (RDD) |
| | : | |
| Debtor. | : | |

**CERTIFICATE OF NO OBJECTION REGARDING
DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
CHAPMAN AND CUTLER LLP AS ATTORNEYS FOR THE DEBTOR
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and in accordance with this Court's case management procedures set forth in the *Order Granting Debtor's Motion For Order Authorizing The Establishment Of Certain Notice, Case Management, And Administrative Procedures* [Dkt. No. 31] (the **"Case Management Order"**), the undersigned hereby certifies as follows:

1. On June 17, 2019 (the "**Petition Date**"), Retrieval-Masters Creditors Bureau, Inc. (the **"Debtor"**) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On July 2, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in this Chapter 11 Case. *See* Notice Appointing Creditors Committee [Doc. No. 44].

3. On July 12, 2019, the Debtor filed its *Application for Entry of an Order Authorizing the Retention and Employment of Chapman and Cutler LLP as Attorneys for the Debtor Effective <u>Nunc Pro Tunc</u> to the Petition Date* [Dkt. No. 58] (the **"Application"**).

4. The Application established a deadline of **September 5, 2019 at 4:00 p.m (EDT)** (the **"Objection Deadline"**) for parties to object or file responses to the Application.

5. The Objection Deadline has passed, and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Application has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtor[2].

---

[2] The Debtor received informal comments to the Application from the Office of the United States Trustee, which are incorporated in the Proposed Order.

6. Accordingly, the Debtor respectfully requests that the Proposed Order granting the relief requested in the Application, annexed hereto as **Exhibit A** (the **"Proposed Order"**), be entered in accordance with the Case Management Order.

Dated: September 12, 2019
      New York, New York

                            CHAPMAN AND CUTLER LLP
                            *Proposed Counsel for the Debtor and*
                            *Debtor in Possession*

                            By: /s/Steven Wilamowsky
                                  Steven Wilamowsky
                                  1270 Avenue of the Americas
                                  30th Floor
                                  New York, NY 10020-1708
                                  Telephone: 212.655.6000

                            -and-

                            Aaron M. Krieger
                            111 West Monroe Street
                            Chicago, IL 60603-4080
                            Telephone: 312.845.3000

## **EXHIBIT A**

**PROPOSED ORDER**

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :   Chapter 11
                                                             :
Retrieval-Masters Creditors Bureau, Inc.,[1]                 :   Case No. 19-23185 (RDD)
                                                             :
                    Debtor.                                  :
------------------------------------------------------------x

**REVISED PROPOSED ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF CHAPMAN AND CUTLER LLP AS ATTORNEYS FOR**
**THE DEBTOR, EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE**

---

[1]  The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                : Chapter 11
                                                     :
Retrieval-Masters Creditors Bureau, Inc.,[1]         : Case No. 19-23185 (RDD)
                                                     :
            Debtor.                                  :
---------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
CHAPMAN AND CUTLER LLP AS ATTORNEYS FOR THE DEBTOR,
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**")[2] of the debtor and debtor in possession (the "**Debtor**") in the above-captioned case for entry of an order (this "**Order**") authorizing the Debtor to retain and employ Chapman and Cutler LLP ("**Chapman**") as its attorneys effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"); and the Court having reviewed the Application, the Declaration of Steven Wilamowsky, a partner of Chapman (the "**Wilamowsky Declaration**"), and the declaration of Russell Fuchs, the Chief Executive Officer of the Debtor (the "**Fuchs Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C.

---

[1]   The last four digits of the Debtor's taxpayer identification number are 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

§§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Wilamowsky Declaration that: (a) Chapman does not hold or represent an interest adverse to the Debtor's estate; and (b) Chapman is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to retain and employ Chapman as its attorneys *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter annexed hereto as **Exhibit 1**.

3. Chapman is authorized to provide the Debtor with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, Chapman will render the following legal services:

    a. advising the Debtor with respect to its powers and duties as a debtor in possession;

    b. advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

    c.    attending meetings and negotiating with representatives of creditors and other parties in interest on behalf of the Debtor;

    d.    taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting potential actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

    e.    preparing pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

    f.    representing the Debtor in connection with obtaining authority to continue using cash collateral and postpetition financing;

    g.    advising the Debtor in connection with any potential sale or other disposition of assets;

    h.    appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

    i.    taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto, or other similar case disposition; and

    j.    performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; and (ii) advising the Debtor on corporate and litigation matters.

4.    Chapman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5.    Chapman shall provide ten (10) business-days' notice to the Debtor, the U.S. Trustee and the Committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee

retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Chapman shall not withdraw as the Debtor's counsel before the effective date of any chapter 11 plan confirmed in this chapter 11 case or before the conclusion of this chapter 11 case under any other disposition without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

7. The Debtor and Chapman are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

8. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11. Notwithstanding any provision to the contrary in the Engagement Letter, Chapman shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding reimbursement of fees and expenses to Chapman, which retainer shall not be be replenished absent further order of the Court.

12. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Chapman shall be referred to arbitration consistent

- 5 -

with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

13. Chapman shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

14. Notwithstanding anything to the contrary in the Engagement Letter, Chapman shall not withdraw as Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this chapter 11 case without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

15. To the extent there is an inconsistency among this Order, the Application and the Engagement Letter, the terms of this Order shall govern.

Dated: _____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**Chapman and Cutler LLP**

Attorneys at Law · Focused on Finance®

Steven Wilamowsky
Partner

1270 Avenue of the Americas
30th Floor
New York, New York 10020-1708

T 212.655.6000
D 212.655.2532
wilamowsky@chapman.com

May 28, 2019

*By E-Mail*

Mr. Russell Fuchs
President
Retrieval Masters Creditors Bureau, Inc.
4 Westchester Plaza
Elmsford, New York 10523

Re:   Engagement for Legal Services

Dear Mr. Fuchs:

This letter (this "*Agreement*") sets forth the terms of your agreement to engage Chapman and Cutler LLP (the "*Firm*," "*we*," or "*us*") to represent Retrieval Masters Creditors Bureau, Inc. ("*Client*" or "*you*") in the Matter (as defined below). The Firm will not represent anyone else in the Matter (including, for example, any principals, owners, officers, directors or employees of Client).[1]

*Scope of Representation*. The Firm agrees to represent Client from time to time in connection with a potential liquidation and/or financial restructuring of Client's business, whether in or out of a proceeding under the United States Bankruptcy Code (the "*Matter*"), and not as to other matters unless Client separately retains the Firm to represent it in such other matters. The Firm's representation will be limited to customary legal advice and services for matters of this type. Client is not engaging the Firm to provide advice on business matters and business risks. If you engage us for any related or additional matters, we will describe them in a separate engagement letter, in an email or in a written supplement to this letter.

*Fees and Expenses*. The Firm will charge for the legal services that we provide and expenses incurred in connection with this representation, at our normal hourly rates from time-to-time in effect for the Firm's lawyers (which currently range from $400.00 to $1,030.00) and paralegals and law clerks (which currently range from $220.00 to $380.00). These rates are revised from time to time; additionally, the rates for attorneys are normally adjusted on January 1

---

[1] We understand that Client also does business as American Medical Collection Agency, which therefore also is a "Client" for purposes of the Matter.

## Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 2

to reflect their increased seniority and experience. Notwithstanding the foregoing, however, we have agreed that Steven Wilamowsky, the attorney primarily tasked with representing Client in the Matter, will bill his time at a discounted rate of $905 per hour for the duration of this engagement, rather than at his standard hourly rate (currently $945).

In addition, we will bill for expenses and charges incurred in connection with performing services for Client, including express delivery services; filing fees; travel expenses; messengers; searches of official records; service of process; and transcripts. Billing for ancillary services and expenses may lag the rendering or use of those services by several months because of delays in the receipt of third-party bills and the posting of accounts.

If a bankruptcy filing occurs, payment of our statements for post-filing services rendered and expenses incurred will be governed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and procedures established in the relevant jurisdiction, currently contemplated to be the United States Bankruptcy Court for the Southern District of New York.

To ensure the prompt payment of the Firm's fees and charges, the Firm requires, as a condition to this engagement, an immediate, initial payment of not less than $100,000 as an advance fee for services to be rendered and expenses to be incurred in connection with the Firm's representation of Client. In addition, the Firm will require other advance payments from time to time in amounts necessary to maintain an advance payment balance of at least $25,000 in consideration of anticipated services to be rendered and expenses to be incurred. The need for additional advanced amounts will be determined based on the circumstances at the time and expectations of what work will be required by Client. If you fail to honor promptly any such advance request, the Firm reserves the right to demand payment in full, cease performing further work and withdraw from the representation. In the event a bankruptcy filing becomes necessary, we would require a minimum advance payment balance on hand, net of all accrued and estimated fees and expenses at the time of filing, in an amount not less than $50,000. We will return to you any portion of our advance fee that is not earned upon the conclusion of our engagement.

Some fees, charges and disbursements incurred before the filing of a bankruptcy petition (voluntary or involuntary) may remain unpaid as of the date of a bankruptcy filing. Immediately prior to the filing we will prepare an estimated invoice for fees and expenses incurred and deduct such amount from the advance. Thereafter, we will perform a reconciliation with respect to prepetition fees and expenses actually incurred, with any additional amounts to be charged against the advance or, alternatively, as the case may be, any excess amounts previously deducted to be returned to and augment the remaining advance. After the filing of any case under chapter 11 of the Bankruptcy Code, the remaining advance will be held for application to any further trailing prepetition fees and expenses and postpetition fees and expenses in accordance with Federal Rule of Bankruptcy Procedure 2016 or other applicable laws and rules.

## Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 3

Postpetition fees and expenses are to be paid by Client as and when approved by the Court and are not intended to be set off against the advance until the conclusion of the case.

If at any point you have any issues or concerns with any of our invoices or reimbursement requests, we ask that the issue be brought to our attention promptly so that we may resolve it in a timely and mutually satisfactory manner.

### *Other Firm Relationships and Waiver of Conflicts of Interest.*

(a)  The Firm has represented, now represents, and will continue to represent numerous clients, nationally and internationally, over a wide range of industries and businesses in a broad variety of matters. Conflicts of interest might arise that could deprive existing or prospective clients of the right to use the Firm as its counsel. Consequently, as an integral part of the engagement, this Agreement confirms our mutual agreement that with respect to any potential conflict arising by virtue of our representation of Client in connection with the Matter and not any potential conflicts arising by virtue of the Firm's representation of Client in another or future matter, the Firm may represent current or future clients, whether with respect to counseling, transactional matters, litigation, other adversarial proceedings, or other matters, but only on a basis not adverse to Client.[5] Such matters are referred to collectively as *"Permitted Representations."*

(b)  Client waives any current or potential conflicts of interest with respect to Permitted Representations arising by virtue of the Firm's representation of it in connection with the Matter described in this Agreement and not any current or potential conflicts of interest arising by virtue of this Firm's representation of it in another or future matter. In furtherance of this Agreement, Client agrees that it will not for itself or any other party assert that its retention of the Firm hereunder is a basis for disqualifying the Firm from representing another party in any Permitted Representation, and Client agrees that any Permitted Representation does not constitute a breach of duty, in each case, to the extent described in this paragraph (b).

(c)  Client agrees that it will not, for itself or any other entity or person, unreasonably assert that either: (i) the Firm's representation of Client in the Matter; or (ii) the Firm's actual, or possible, possession of confidential information belonging to Client is a basis to disqualify the Firm from representing another entity or person in any Permitted Representation. Client further

---

[5] Client acknowledges, however, that its status as a creditor or other party-in-interest in any bankruptcy or other insolvency proceeding in which another Firm client or potential client is also a creditor or party-in-interest (whether or not holding equivalent rights of recovery) shall not, by itself, constitute adversity for the purposes hereof.

# Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 4

agrees to reasonably cooperate in providing a waiver letter to permit the Firm to engage in a Permitted Representation.

(d) With respect to Permitted Representations, we will adhere to our professional obligation not to disclose any confidential information or to use it for another party's benefit without Client's consent or agreement. With respect to Permitted Representations, the Firm will, at Client's request, internally screen the lawyers and work product involved in the engagement referred to in this Agreement from the lawyers and work product involved in any Permitted Representation. Provided that the Firm acts in this manner, Client would not for itself or any other party assert that our possession of such information, even though it may relate to a matter for which we are representing another client or may be known to someone at our Firm working on the matter: (i) is a basis for disqualifying us from representing another of our clients; or (ii) constitutes a breach of any duty owed by our Firm.

*Consent Regarding the Firm Privileged Communications.* It may be necessary or appropriate for the Firm or Firm lawyers to consult (at the Firm's own expense) with the Firm's General Counsel, other Firm lawyers or external counsel regarding our rights and responsibilities concerning the Firm's engagement with Client. In such instances, a conflict of interest may arise between the Firm and Client as to the subject matter of such consultation. Client consents to such consultations, waives any conflict of interest that may result from the consultations, and acknowledges that such consultations are protected by the Firm's (i.e., not Client's) attorney-client privilege.

*Conclusion of Representation.* Following the conclusion of our representation, we will keep confidential any non-public information Client has supplied to us that we retain in accordance with applicable rules of professional conduct. At Client's request, we will return Client's papers and property to Client. The Firm will retain its own files pertaining to the matter in accordance with the Firm's then existing records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials after the termination of the engagement in accordance with our then existing records retention program.

*Termination of Representation.* This engagement and the attorney-client relationship created by this matter will end when we have completed the legal services discussed in the scope of representation describe above. If Client later engages us for any related or additional matter, that engagement and its scope must be confirmed in a separate engagement letter, an email or in a written supplement to this Agreement.

Client may terminate the engagement at any time, and for any reason, by informing us in writing. Similarly, we may terminate or withdraw from our representation of Client at any time, provided we comply with the applicable rules governing our professional conduct. If we decide

# Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 5

to so withdraw. Client agrees to take all steps necessary to release us from any further obligation to represent Client, including signing any documents necessary to complete our withdrawal. In the event of a termination or our withdrawal, Client will pay us for all fees and charges through such point.

After the conclusion of this matter, Client may ask us, or we might be compelled, to undertake certain post-engagement tasks relating to this matter, such as responding and objecting to subpoenas, searching for and producing documents, preparing for testimony, testifying in a proceeding, performing work relating to transitioning a matter to new attorneys, or similar activities. In such case, we will promptly notify Client, and Client agrees to compensate us for our fees and the expenses we incur, including payment for time spent by our attorneys and other timekeepers calculated at our then-current hourly rates. Nothing in this Agreement, however, obligates our attorneys or personnel to submit to interviews or provide testimony, and any post-engagement work shall not constitute the performance of legal services for Client or create or revive an attorney-client relationship between Client and the Firm.

*Disputes.* Part 137 of the Rules of the Chief Administrator of the Courts provides a procedure for the arbitration (and in some cases mediation) of fee disputes between attorneys and their clients in certain civil matters where the fee dispute is more than $1,000 or less than $50,000. If Client has a fee dispute between $1,000 and $50,000, Client may elect to resolve any fee dispute by arbitration before the New York State Fee Dispute Resolution Program. The arbitration will be binding on the Firm and Client unless either the Firm or Client seeks a trial within 30 days of the arbitration decision. If Client elects to arbitrate a fee dispute, the Firm will provide Client with the appropriate forms to commence the arbitration procedure.

All other claims arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in New York, New York in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and Judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof.

*Governing Law.* This Agreement is governed by the laws of the State of New York, without regard to its conflict of laws provisions, and may be executed in counterparts.

*Lawyer Review.* Although we are fully confident that we can represent Client, you may wish to consult with an independent attorney to assist you in deciding whether to retain our law firm, (ii) grant the waiver provided for in clause (c) under Other Firm Relationships and Waiver of Conflicts of Interests and (iii) sign this engagement letter, and we encourage you to do so. Of course, we are happy to speak with you further if you have any questions about this Agreement, our earlier discussions, or anything else that bears on your decision about whether to retain the Firm.

# Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 6

If this letter accurately reflects our agreement to represent you, please sign this letter and return it to me. We look forward to representing you in this matter.

Very truly yours,

CHAPMAN AND CUTLER LLP

By _____
Steven Wilamowsky

ACKNOWLEDGED AND AGREED:

Retrieval Masters Creditors Bureau, Inc.

By _____

cc:   David Spears, Esq.