UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re                                          :       Chapter 11
                                               :
Retrieval-Masters Creditors Bureau, Inc.,[1]   :       Case No. 19-23185 (RDD)
                                               :
                        Debtor.                :
-----------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C. AS SPECIAL REGULATORY COUNSEL, NUNC PRO TUNC AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the debtor and debtor in possession (the

"**Debtor**") in the above-captioned case for entry of an order (this "**Order**") authorizing the

Debtor to retain and employ Morvillo Abramowitz Grand Iason & Anello P.C. ("**Morvillo**") as

special regulatory counsel effective *nunc pro tunc* to the Petition Date, pursuant to section 327(e)

of title 11 of the United States Code (the "**Bankruptcy Code**"); and the Court having reviewed

the Application and the Declaration of Richard Weinberg, a partner of Morvillo (the "**Weinberg**

**Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§

157(a)-(b) and 1334(b); and the Court having found that the Application is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor provided

adequate and appropriate notice of the Application under the circumstances and that no other or

further notice is required; and upon the record of the hearing held by the Court on the

---

[1]    The last four digits of the Debtor's taxpayer identification number are 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Application; and there being no objections to the requested relief; and the Court having found

based on the representations made in the Application and in the Weinberg Declaration that

Morvillo neither holds nor represents an interest materially adverse to the interest of the Debtor

or its estate or of any class of creditors or equity security holders, by reason of any direct or

indirect relationship to, connection with or interest in, the Debtor or for any other reason as

required by section 327(e) of the Bankruptcy Code; and the Court having found that the relief

requested in the Application is in the best interests of the Debtor's estate, its creditors, and other

parties in interest and that the legal and factual bases set forth in the Application and at the

hearing establish just cause for the relief granted herein; and good and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Debtor is authorized to retain and employ Morvillo as special regulatory

counsel in this chapter 11 case, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy

Rule 2014(a) and Local Bankruptcy Rule 2014-1 on the terms and conditions set forth in the

Application and the Engagement Letter, *nunc pro tunc* as of the Petition Date.

3.      To the extent there is an inconsistency among this Order, the Application and the

Engagement Letter, the terms of this Order shall govern.

4.      Morvillo shall be compensated for its services and reimbursed for any related

expenses in accordance with sections 330 and 331of the Bankruptcy Code, as the case may be,

and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines

and orders of the Court.

5.      Morvillo shall apply any remaining amounts of its prepetition retainer as a credit

toward postpetition fees and expenses, after such postpetition fees and expenses are approved

pursuant to the first Order of the Court awarding reimbursement of fees and expenses to Morvillo.

6.      The Debtor and Morvillo are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

7.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

10.     The Debtor shall not make any advance payments to Morvillo without Court order.

11.     Morvillo shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

12.     Any dispute relating to the services provided by Morvillo shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.


Dated:  September 18, 2019
        White Plains, New York

                              /s/ Robert D. Drain
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE