UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                           :      Chapter 11
                                                                                   :
Retrieval-Masters Creditors Bureau, Inc.,[1]           :      Case No. No. 19-23185 (RDD)
                                                                                   :
                              Debtor.                                    :
-----------------------------------------------------------x

**ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II)
APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, AND (III)
APPROVING NOTICE THEREOF**
_____

Upon the motion (the "**Motion**")[2] of the debtor and debtor in possession herein (the "**Debtor**") for entry of an order (this "**Bar Date Order**") pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3): (a) setting bar dates for creditors to submit Proofs of Claim in this chapter 11 case, (b) approving procedures for submitting Proofs of Claim, and (c) approving the form of notice of the bar dates and manner of service thereof; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtor's notice of the Motion and opportunity

---

1    The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.  The Debtor also does business as American Medical Collection Agency.

2    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and upon the limited objection to the Motion and the Debtor's reply thereto; and upon the record of the hearing held by the Court on the Motion on September 13, 2019 (the "**Hearing**"); and after due deliberation this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; and upon all of the proceedings before this Court, it is HEREBY ORDERED THAT:

1.  The Motion is granted to the extent set forth herein and, except as set forth herein or otherwise waived at the Hearing, the limited objection to the Motion is overruled.

2.  Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor which arose before June 17, 2019 (the "**Petition Date**"), including claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "**503(b)(9) Claim**"), shall submit a written proof of such Claim through the Court's website at www.nysb.uscourts.gov so that it is actually received on or before **5:00 p.m. (EST) on November 18, 2019** (the "**General Claims Bar Date**").

3.  Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be filed so as to be actually received on or before **5:00 p.m. (EST) on December 16, 2019** (the "**Governmental Bar Date**").

4.  Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of: (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry

Revised Bar Date Order

of such order. The Debtor will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtor rejects any executory contract or unexpired lease.

5.  If the Debtor amends or supplements its Schedules subsequent to the date hereof, the Debtor shall provide notice of any amendment or supplement to the holders of Claims affected thereby. The Debtor shall also provide such holders with notice that they will be afforded at least 35 days from the date of such notice to submit Proofs of Claim with respect to Claims affected by the amendment or supplement of the Schedules or otherwise be forever barred from doing so.

6.  In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from: (a) asserting such Claim against the Debtor and its chapter 11 estate; (b) voting on any chapter 11 plan filed in this case on account of such Claim; and (c) participating in any distribution in this chapter 11 case on account of such Claim.

7.  The form of Proof of Claim annexed as **Exhibit "B"** to the Motion is hereby approved.

8.  The following procedures for the submission of Proofs of Claim asserting Claims against the Debtor in this chapter 11 case shall apply:

> (a) Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; (iv) be filed in accordance with this Bar Date Order; and (v) unless otherwise consented to by the Debtor in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

  (b)  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtor pursuant to any order of the Bankruptcy Court authorizing the Debtor to pay prepetition Claims.

  (c)  Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

  (d)  Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date.

**PROOFS OF CLAIM SUBMITTED BY FAX OR E-MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

9.  The following persons or entities need not submit a Proof of Claim in this chapter 11 case on or prior to the General Claims Bar Date:

  (a)  any person or entity that has already submitted a Proof of Claim against the Debtor with the Clerk of the Bankruptcy Court in a form substantially similar to Official Bankruptcy Form No. 410;

  (b)  any person or entity whose Claim is listed on the Schedules filed by the Debtor; provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; and (ii) the claimant agrees with the amount, nature, and priority of the Claim as set forth in the Schedules;

  (c)  any holder of a Claim previously allowed by order of the Bankruptcy Court;

    (d)    any holder of a Claim that has already been paid in full;

    (e)    any holder of a Claim for which a specific deadline has previously been fixed by the Bankruptcy Court or otherwise fixed pursuant to the Bar Date Order;

    (f)    any holder of a Claim based on an equity interest in the Debtors;

    (g)    any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a claim entitled to administrative expenses status under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

    (h)    any current employee of the Debtors, if an order of the Bankruptcy Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; and

    (i)    any current or former officer or director for indemnification, contribution, or reimbursement.

10. Nothing in this Bar Date Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11. The notice substantially in the form annexed as **Exhibit "C"** to the Motion is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the General Claims Bar Date on:

    (a)    the U.S. Trustee;

    (b)    each member of the Committee;

    (c)    any persons or entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002;

    (d)    all persons or entities that have submitted Proofs of Claim against the Debtor;

    (e)    all known creditors and other known holders of Claims against the Debtor, including all persons or entities listed in the Schedules for which the Debtor has addresses;

  (f) all parties to executory contracts and unexpired leases of the Debtor;

  (g) all parties to litigation with the Debtor (through their counsel, if known), and all counsel identified as counsel for any plaintiffs on the docket of the multi-district litigation captioned *In re: American Medical Collection Agency, Inc., Customer Data Security Breach Litigation* (MDL No. 2904) before the United States Judicial Panel on Multidistrict Litigation, *provided* that in the case of class action litigation, service will be provided only to named plaintiff(s) through their counsel;

  (h) the Internal Revenue Service for the Southern District of New York;

  (i) any other governmental units applicable to the Debtor's businesses; and

  (j) state attorneys general for states in which the Debtor conducts business.

  12. After the initial mailing of the Bar Date Notices and Proof of Claim Forms, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential claimants become known to the Debtor. In this regard, the Debtor may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

  13. Pursuant to Bankruptcy Rules 2002(f) and 2002(l), the Debtor shall publish a form of the Bar Date Notice (modified as necessary but consistent with the requirements of the Guidelines), substantially in the form annexed as **Exhibit "D"** to the Motion, on one occasion in The New York Times (National Edition) at least 48 days prior to the General Claims Bar Date,

which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the General Claims Bar Date.

14. The Debtor shall place a notice on the homepage of its website substantially in the form annexed hereto as **Exhibit "A,"** which will contain a link to a Proof of Claim form substantially in the form annexed as **Exhibit "B"** to the Motion.

15. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

16. The Debtor is authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

18. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. Entry of this Bar Date Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

20. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Bar Date Order.

Dated: September 19, 2019
      White Plains, New York    /s/Robert D. Drain
                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE

### Exhibit A

On June 17, 2019, Retrieval-Masters Creditors Bureau, Inc., which also did business as American Medical Collection Agency (the "**Company**"), filed a chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York, under case number 19-23185 (RDD).  If you are a creditor of the Company and would like to access a PDF form of the proof of claim form for creditors and the accompanying notice (which also contains the applicable deadlines for submission), please click here. Individuals who previously received a bar date notice letter from the Company and who believe they have a claim against the Company may also use the same claim form, which must be completed and received by the court on or before **November 18, 2019**. Please note that at this time there is no assurance that the Company will have sufficient funds to pay any claims covered by the bar date notice asserted against it, even if the claims are otherwise valid.