**Hearing Date and Time: October 11, 2019 at 10:00 a.m. (EDT)**
**Objection Deadline: October 4, 2019 at 4:00 p.m. (EDT)**

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Counsel for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | : | Case No. 19-23185 (RDD) |
|  | : |  |
| Debtor. | : |  |

------------------------------------------------------------x

### NOTICE OF DEBTOR'S APPLICATION FOR AN ORDER: (I) TO RETAIN AND EMPLOY GEIST SCHWARZ & JELLINEK, PLLC AS SPECIAL LANDLORD LITIGATION COUNSEL, *NUNC PRO TUNC* AS OF SEPTEMBER 6, 2019; AND II) GRANTING CERTAIN RELATED RELIEF

**PLEASE TAKE NOTICE** that on September 25, 2019, the debtor and debtor in

possession (the "**Debtor**") in the above-captioned case filed the *Application for an Order: (I) to*

*Retain and Employ Geist Schwarz & Jellinek, PLLC as Special Landlord Litigation Counsel,*

*Nunc Pro Tunc as of September 6, 2019; and (II) Granting Certain Related Relief* (the

"**Application**," a copy of which is attached hereto). A hearing (the "**Hearing**") on the

---

[1]     The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's
service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.
The Debtor also does business as American Medical Collection Agency.

Application will be held before the Honorable Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), in Room 248, 300 Quarropas Street, White Plains, New York 10601, on October 11, 2019, at 10:00 a.m. (EDT).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "**Objection**") to the Application and the relief requested therein shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Granting Debtor's Motion for Order Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 31] (the "**Case Management Order**"), shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9070-1 and served so as to be actually received no later than October 4, 2019, at 4:00 p.m. (EDT) (the "**Objection Deadline**"), upon the parties on the Service List (as defined in the Case Management Order).

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Application, the Debtor shall, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit "C" to the Application, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.

Dated:  September 25, 2019
        New York, New York

CHAPMAN AND CUTLER LLP
*Counsel for the Debtor and Debtor in Possession*


By:    /s/ Steven Wilamowsky
       Steven Wilamowsky
       1270 Avenue of the Americas
       30th Floor
       New York, NY 10020-1708
       Telephone: 212.655.6000

       -and-

       Aaron M. Krieger
       111 West Monroe Street
       Chicago, IL 60603-4080
       Telephone: 312.845.3000

**Hearing Date and Time: October 11, 2019 at 10:00 a.m. (EDT)**
**Objection Deadline: October 4, 2019 at 4:00 p.m. (EDT)**

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY  10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL  60603-4080
Telephone: 312.845.3000

*Counsel for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                  :    Chapter 11
                                                       :
Retrieval-Masters Creditors Bureau, Inc.,[1]           :    Case No. 19-23185 (RDD)
                                                       :
                             Debtor.                   :
---------------------------------------------------------x

## APPLICATION FOR AN ORDER: (I) TO RETAIN AND EMPLOY GEIST SCHWARZ & JELLINEK, PLLC AS SPECIAL LANDLORD LITIGATION COUNSEL, *NUNC PRO TUNC* AS OF SEPTEMBER 6, 2019; AND (II) GRANTING CERTAIN RELATED RELIEF

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Retrieval-Masters Creditors Bureau, Inc. (the "**Debtor**"), by its undersigned counsel, as

and for its application (this "**Application**") for the entry of an order, pursuant to section 327(e)

of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules

---

[1]  The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

for the United States Bankruptcy Court Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing it to retain and employ Geist Schwarz & Jellinek, PLLC ("**GS&J**") as special landlord litigation counsel in the Debtor's chapter 11 case, *nunc pro tunc* as of September 6, 2019, respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1409.

### Background

2.      The Debtor is a debt and medical receivables collection agency that was founded in 1977 in New York City.  Over time, the business grew into a thriving agency and, in 1995, relocated to its current location in Elmsford, New York.

3.      The Debtor had two basic business segments.  The first principally involved collections from retail consumer debtors of direct mail marketers, among others.  The second involved the collection of receivables on behalf of clinical diagnostic laboratories, and did business under the name American Medical Collection Agency.

4.      In March, 2019, the Debtor became aware of a significant IT security breach involving its servers.  That led to a cascade of events that ultimately necessitated the commencement of the instant chapter 11 case.  More details regarding these events and the Debtor's business are set forth in the *Declaration of Russell H. Fuchs Pursuant to Local Bankruptcy Rule 1007-2 and in Support of "First Day" Motions* [Doc. No. 2] (the "**First Day Declaration**").

5.      On the June 17, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code.  The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On July 2, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") in this Chapter 11 Case.  *See* Notice Appointing Creditors Committee [Doc. No. 44].

## The Landlord Litigation

7.      The Debtor is a tenant at its current location in Elmsford, New York (the "**Premises**").  In April, 2018, the Debtor was suddenly ordered out of the Premises with no advance warning, and ultimately had to relocate its business for four months.  The forced relocation was caused by a release of asbestos into the Premises by a contractor hired by the landlord to replace the roof on the building that houses the Premises.  The Debtor, at great expense, had to find suitable alternate space to operate its business and relocate its employees, and lost substantial revenue while the business was unable to operate.  The landlord refused to own up to its obligation to compensate the Debtor for its loss, claiming instead that the Debtor had not met its obligation to first seek recourse from its own insurance policies.  (The Debtor actually did make an insurance claim, but was denied coverage.)

8.      Ultimately, the Debtor had no choice but to file a complaint against the landlord. In connection therewith, it hired GS&J, which, commenced a prepetition action on the Debtor's behalf in New York State Supreme Court, Westchester County (the "**State Court**"), Index No. 51518/2019 (the "**Landlord Litigation**").  The Debtor made a motion for summary judgment, and the defendant-landlord submitted opposition predicated on the fact that discovery had not yet

been conducted and that the Debtor may not have fulfilled its obligation to seek recourse from its

own insurer before proceeding.  On September 3, 2019, the State Court denied summary

judgment and, on September 5, 2019, the defendant-landlord filed third party complaints to

include various contractors who performed work in connection with the roof project.  The third

parties have not yet answered and once they do discovery will commence.

9.      The Debtor would like to proceed with the Landlord Litigation to secure

compensation for the damages it sustained and to achieve a recovery for its estate.  By this

Application, it therefore seeks approval of GS&J's engagement pursuant to section 327(e) of the

Bankruptcy Code.

### Services to Be Provided by GS&J

10.      The employment of GS&J as special landlord litigation counsel, pursuant to the

terms of this Application and the prepetition engagement letter (the "**Engagement Letter**"), a

copy of which is annexed as Exhibit "B" hereto, is appropriate and necessary to enable the

Debtor to continue to prosecute the Landlord Litigation and secure a recovery for its estate.

11.      The Debtor requires knowledgeable counsel to prosecute the Landlord Litigation

and GS&J already has traveled far along the matter's learning curve, having represented the

Debtor since the matter's inception.  Accordingly, the Debtor respectfully submits that GS&J is

the best choice of firm to represent the Debtor in the Landlord Litigation.

12.      The Debtor also has retained Chapman and Cutler LLP ("**Chapman**"), as lead

bankruptcy counsel to the Debtor, and Morvillo Abramowitz Grand Iason & Anello PC

("**Morvillo Abramowitz**") as its special regulatory counsel.  Because of the very targeted scope

of GS&J's engagement, there is no concern that legal services provided to the Debtor by GS&J

will be duplicative of the services provided by Chapman or Morvillo Abramowitz.

## **Compensation and Fee Applications**

13.     Subject to the Court's approval of this Application, GS&J intends to: (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.  The current hourly rates for attorneys at GS&J are $375 for associates, and $450 for partners.  Such hourly rates may change from time to time in accordance with GS&J's established billing practices and procedures.  GS&J's hourly fees are comparable to those charged by law firms of similar size, and attorneys with similar experience and expertise, handling engagements of scope and complexity similar to this one.

14.     It is GS&J's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.

15.     Consistent with the Local Bankruptcy Rules and the Amended Guidelines, GS&J will charge no more than $0.10 per page for standard duplication services in this chapter 11 case.  GS&J does not charge its clients for incoming fax transmissions or for Lexis or Westlaw computer-assisted legal research.

16.     GS&J intends to maintain detailed, contemporaneous time records and apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any additional procedures that may be established by the Court in the Debtor's chapter 11 case.  GS&J has agreed to accept as compensation such sums as may be allowed by the Court.  GS&J understands that fee awards are subject to approval by this Court.

## Disclosure Concerning Lack of Interest Adverse to the Debtor

17.     In reliance on the Declaration of Matthew D. Schwarz annexed as Exhibit "A"
hereto, and subject to the disclosures made therein, the Debtor believes that GS&J does not
represent any interest materially adverse to the interest of the Debtor or its estate, or of any
creditors or equity holders, by reason of any direct or indirect relationship to, connection with or
interest in, the Debtor or for any other reason as required by section 327(e) of the Bankruptcy
Code.

## Waiver of Memorandum of Law

18.     This Application includes citations to the applicable authorities and does not raise
any novel issues of law.  Accordingly, the Debtor respectfully requests that the Court waive the
requirement contained in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law
be submitted.

## Notice

19.     Notice of this Application has been provided in a manner compliant with the
Court's *Order Granting Debtor's Motion for Order Authorizing the Establishment of Certain
Notice, Case Management, and Administrative Procedures* [Doc. No. 31], dated June 24, 2019.
The Debtor submits that no other or further notice need be provided.

## No Prior Request

20.     No prior request for the relief sought in this Application has been made to this or
any other Court.

**Conclusion**

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an order,

substantially in the form annexed as Exhibit "C" hereto, granting the relief requested herein; and

(b) grant such other and further relief as is just.


Dated: September 25, 2019
      New York, New York

                          CHAPMAN AND CUTLER LLP
                          *Counsel for the Debtor and Debtor in Possession*

                          By:  /s/ Steven Wilamowsky
                                Steven Wilamowsky
                                1270 Avenue of the Americas
                                30th Floor
                                New York, NY  10020-1708
                                Telephone: 212.655.6000

                                -and-

                                Aaron M. Krieger
                                111 West Monroe Street
                                Chicago, IL  60603-4080
                                Telephone: 312.845.3000

# EXHIBIT A

## DECLARATION OF MATTHEW D. SCHWARZ

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
Retrieval-Masters Creditors Bureau, Inc.,[1]               :    Case No. 19-23185 (RDD)
                                                            :
                            Debtor.                         :
------------------------------------------------------------x

## DECLARATION OF MATTHEW D. SCHWARZ

Pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"),

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule

2014-1 of the Local Rules for the United States Bankruptcy Court Southern District of New York

(the "**Local Bankruptcy Rules**"), Matthew D. Schwarz, being duly sworn, deposes and says:

1.      I am an attorney at law admitted and in good standing to practice in the State of

New York and before the United States District Courts for the Southern and Eastern Districts of

New York.

2.      I am a partner of the law firm of Geist Schwarz & Jellinek, PLLC ("**GS&J**")  and

am duly authorized to make this Declaration on behalf of GS&J.  I make this Declaration in

support of the Application For an Order (I) to Retain and Employ GS&J As Special Landlord

Litigation Counsel, *Nunc Pro Tunc* as of September 6, 2019; and (II) Granting Certain Related

Relief (the "**Application**").[2]  This Declaration complies with sections 327(e) of the Bankruptcy

Code and Bankruptcy Rules 2014(a) concerning the proposed retention of GS&J as special

counsel and provides a disclosure of compensation paid or promised to GS&J in connection

---

[1]      The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's
        service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.
        The Debtor also does business as American Medical Collection Agency.

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

therewith.  The facts set forth in this Declaration are personally known to me and, if called as a

witness, I could and would testify thereto.

## GS&J's Qualifications

3.      GS&J is well qualified to serve as special Landlord Litigation counsel in this

chapter 11 case pursuant to section 327(e) of the Bankruptcy Code.[3]  GS&J is a small

professional services firm with real estate litigation as one of the focal points of its practice.

4.      GS&J already has gained familiarity with the Landlord Litigation as a result of its

prepetition engagement.  I believe the Debtor would likely incur substantial transition costs if it

were to hire any law firm besides GS&J to represent it on a postpetition basis in that same

litigation.

## Compensation and Fee Applications

5.      Subject to the Court's approval of this Application, GS&J intends to: (a) charge

for its legal services on an hourly basis in accordance with its ordinary and customary hourly

rates in effect on the date services are rendered; and (b) seek reimbursement of actual and

necessary out-of-pocket expenses.  The current hourly rates for attorneys at GS&J are $375 for

associates, and $450 for partners.  Such hourly rates may change from time to time in accordance

with GS&J's established billing practices and procedures.  GS&J's hourly fees are comparable to

those charged by law firms of similar size, and attorneys with similar experience and expertise,

handling engagements of scope and complexity similar to this one.

---

[3]     Section 327(e) of the Bankruptcy Code authorizes a debtor to employ one or more attorneys to represent
the debtor on specified special matters so long as those attorneys do not hold or represent an interest
adverse to the estate with respect to the matters on which they are to be retained.  *See* 11 U.S.C. §§ 327(e),
1106 and 1107.

6.      GS&J intends to maintain detailed, contemporaneous time records and apply to

the Court for payment of compensation and reimbursement of expenses in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

Rules and any additional procedures that may be established by the Court in the Debtor's chapter

11 case.  GS&J has agreed to accept as compensation such sums as may be allowed by the Court.

GS&J understands that fee awards are subject to approval by this Court.

**<u>Disclosure Concerning Lack of Interest Adverse to the Debtor</u>**

7.      The Debtor has provided GS&J with a list of the names of individuals or

institutions in the following categories (collectively, the "**<u>Interested Parties</u>**"):

| <u>Schedule</u> | <u>Category</u> |
|---|---|
| 1(a) | Debtor |
| 1(b) | Directors & Officers |
| 1(c) | Sole Equity Holder |
| 1(d) | Bankruptcy Judge |
| 1(e) | Clients and Vendors |
| 1(f) | Government & Regulatory |
| 1(g) | Insurance |
| 1(h) | Landlord |
| 1(i) | Lender |
| 1(j) | Litigation |
| 1(k) | Office of U.S. Trustee, S.D.N.Y. |
| 1(l) | Utilities |

8.      The identities of the Interested Parties are set forth on Schedule 1 hereto.  To

check and clear potential conflicts of interest in these cases, as well as to determine all

"connections" (as such term is used in Bankruptcy Rule 2014) to the Debtor, its creditors, other

parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person

employed by the U.S. Trustee, GS&J researched its client database for the past three years to

determine whether it had any relationships with the Interested Parties.  To the extent that GS&J's

research of its relationships with the Interested Parties indicates that GS&J has represented in the

past three years, or currently represents, any of these entities, the identities of these entities and such entities' relationship to the Debtor and connection to GS&J are set forth in Schedule 2 hereto.

9.      To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor GS&J, nor any partner or associate thereof, has any connection with the Debtor, its creditors, the U.S. Trustee or any other parties with an actual or potential interest in this chapter 11 case or their respective attorneys or accountants.

10.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor GS&J, nor any partner or associate thereof, has nor represents an interest materially adverse to the interest of the Debtor or its estate or of any class of creditors or its equity security holder, by reason of any direct or indirect relationship to, connection with or interest in, the Debtor or for any other reason as required by section 327(e) of the Bankruptcy Code.

11.     If GS&J discovers additional information that requires disclosure, GS&J will file supplemental disclosures with the Court.

**<u>Compensation Disclosure</u>**

12.     Prior to the Petition Date, GS&J received an initial retainer in the amount of $5,000 (five thousand dollars) on or around April 25, 2018 (the "**<u>Retainer</u>**").  The Retainer was fully exhausted well before the Petition Date and, as of the Petition Date, the GS&J is owed $3,780 for services performed prior to the Petition Date in connection with the Landlord Litigation (the "**<u>Prepetion Balance</u>**").  I understand that the Prepetition Balance will not be paid as part of the process associated with the Application, and may or may not ultimately be paid in connection with any distributions that are made to unsecured creditors in the case generally.  In

any event, I am confident that the existence of the Prepetition Balance does not create any

"interest adverse to the [D]ebtor" with respect to the Landlord Litigation for which GS&J's

engagement is sought. *See* 11 U.S.C. §327(e).

13.    To the best of my knowledge and belief, insofar as I have been able to ascertain

after reasonable inquiry, neither I nor GS&J, nor any partner or associate thereof, has received or

been promised any compensation for legal services rendered or to be rendered in any capacity in

connection with the Debtor's chapter 11 case, other than as permitted by the Bankruptcy Code.

GS&J has not agreed to share compensation received in connection with these cases with any

other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy

Rule 2016(b) in respect of the sharing of compensation among GS&J partners.


Dated: September 24, 2019
       ~~New York~~, New York
       White Plains

By: _____

## **Updated Schedule 1**

List of Schedules

| Schedule | Category |
|---|---|
| 1(a) | Debtor |
| 1(b) | Directors & Officers |
| 1(c) | Sole Equity Holder |
| 1(d) | Bankruptcy Judge |
| 1(e) | Clients and Vendors |
| 1(f) | Government & Regulatory |
| 1(g) | Insurance |
| 1(h) | Landlord |
| 1(i) | Lender |
| 1(j) | Litigation |
| 1(k) | Office of U.S. Trustee, S.D.N.Y. |
| 1(l) | Utilities |

## Schedule 1(a)

**Debtor**

Retrieval-Masters Creditors Bureau, Inc.
        also known as American Medical Collection Agency

## **Schedule 1(b)**

### **Directors & Officers**

Russell Fuchs
Jeffrey Wollman
Bradley Scher

## **Schedule 1(c)**

**Sole Equity Holder**

Russell Fuchs

**<u>Schedule 1(d)</u>**

**Bankruptcy Judge**

Honorable Robert D. Drain

## Schedule 1(e)

### Clients and Vendors

IBM
Cup A Jo Coffee Solutions
Wells Fargo Vendor Fin Serv
Service Express
Verizon Wireless
Vanguard Cleaning Systems
Suburban Caring Comnpany
ProShred
Pitney Bowes Global Financial Services
Pitney Bowes Global Financial Services
MacKinney Systems
Lexis Nexis
Konica Minolta Premier Finance
Lightpath (now Altice)
Connectivity Systems
Microsoft
Oxford Insurance
Allied Administrators for Delta Dental
EndPoint
Apex
Charles River Associates
Clearbrook Cross  LLC
American Express Card
Jet Blue Mastercard
Twilio
Windstream
Percona
efax.com
Adobe
New Relic
Godady.com
Nuvei
Worldpay
Jack henry Associates
PCI
EPIQ
ExpertSource
Paylocity
ABM Air Conditioning and Heating
Bank of America
Dynacare Seattle
Genzyme

Laboratory Corporation of America
U.S. Labs
Conduent/ New Jersey Turnpike Authority
Clinical Pathology Associates
Clinical Pathology labs Seconds
Mason Shoe Company
Swiss Colony
American Esoteric Labs
CareCentrix
Quest Diagnostics Inc. ( Ameripath)
Quest Diagnostics, Inc.
Quest Diagnostics (Dermpath)
Quest Diagnostics Inc. ( Athena Diagnostics)
Quest Diagnostics, Inc (Clear Point Diagnostic Labs)
Quest Diagnostics Inc. (Med Fusion LLC)
Accurate Medical Lab
Acupath Laboratories Inc
Almeida Oil Company Inc.
Aloha Laboratories
American Traffic Solutions
Americas Test Kitchen
Austin Pathology Associates
Direct Wines
Arizona Dermatopathology
Avis Car Rentals Inc.
AW Pathology
Bayside Laboratories Inc.
Bio Corp Clinical Lab
Bio-Path Medical Group
Bio Reference Labs
Bakersfield Memorial Lab
Bostwick Laboratories
Bronx Lebanon Hospital
Burke Rehabilitation & Research
Camillus Surgery Center
Cape Regional Medical Center
Catalina Skin Institute
CBL Path
Centrex Labs
Cohen Dermatopathology Associates
Converge Diagnostics
Discount Energy Group
Wisconsin Diagnostics Laboratories
E Burnham Cosmetics
Elite Dental Associates
Empire Medical Labs

Fairfax Medical Lab
Falcon Stamp Company
GR Communication Solutions
Guthy Renker
Gyn Path Services
Harlequin
Highlights
Hosiery Corporation of America
Institute of Childrens Literature
International Masters Publishers
Internal Medicine Associates
Integrated Regional Labs
Jamestown Stamp Company
Laboratory of Dermatopathology
Laboratory Medicine Consultants
Lakewood Pathology Associates
Lenox
Lipozene ( Continuity Products)
Littleton Coin Company
Magazineline
Mercy Healthcare lab
Metroplex Pathology Associates
Midwood Ambulance Service
Miraca Life Sciences
Monogram Labs
Mount Sinai Pathology
Masterbuilt
North American Membership Group
Natera Inc
National Geographic
Neuro Alert
National Medical Billing Services ( Multiple Health Providers)
North Ridge Hospital
NTD Labs/Perkin Elmer
Pathology Solutions
PCA South East
Pinnacle Credit Services
Positive Image Prosthetics & Orthotics Inc
Pulmonology & Sleep Center
Relax Holistic
Robert L Cristofaro MD & John M Nelson MD PC
Rodale
Savvier
Seacoast Pathology Inc.
Signature Genomic Lab
Sleeping Well

Solstas Lab Partners Seconds
New York Spine Institute
South Texas Dermatopathology
St Joseph Hospital Lab
Sunrise Medical Labs
The Book Store
Twin Cities Dermatopathology
Therapath Partners LLC
Austin Pathology Associates
Transmonde
Vibrant America Clinical Lab
Value Web/Cybergate
Verde Energy
Verinata Health/Perkin Elmer
VERO LP
Video Gold
Village Apothecary Inc
West Hills
Western Pathology
Westgate Skin & Cancer
Penobscot Community Health Care
Penobscot Community Dental Center
Optum360, LLC

# Schedule 1(f)

## Government & Regulatory

State of Alabama – Office of the Attorney General
State of Alaska – Office of the Attorney General
State of Arizona – Office of the Attorney General
State of Arkansas – Office of the Attorney General
State of California – Office of the Attorney General
State of Colorado – Office of the Attorney General
State of Connecticut – Office of the Attorney General
State of Delaware – Office of the Attorney General
State of Florida – Office of the Attorney General
State of Georgia – Office of the Attorney General
State of Hawaii – Department of the Attorney General
State of Hawaii – Office of Consumer Protection
State of Idaho – Office of the Attorney General
State of Illinois – Office of the Attorney General
State of Indiana – Office of the Attorney General
State of Iowa – Office of the Attorney General
State of Kansas – Office of the Attorney General
Commonwealth of Kentucky – Office of the Attorney General
State of Louisiana – Office of the Attorney General
State of Maine – Office of the Attorney General
State of Maryland – Office of the Attorney General
Commonwealth of Massachusetts – Office of the Attorney General
Massachusetts Division of Banks
State of Michigan – Department of the Attorney General
State of Minnesota – Office of the Attorney General
State of Mississippi – Office of the Attorney General
State of Missouri – Office of the Attorney General
State of Montana – Office of the Attorney General
Montana Department of Justice
State of Nebraska – Office of the Attorney General
State of Nevada – Office of the Attorney General
State of New Hampshire – Office of the Attorney General
State of New Jersey – Office of the Attorney General
Office of the New Jersey Attorney General
State of New Mexico – Office of the Attorney General
State of New York – Office of the Attorney General
State of North Carolina – Office of the Attorney General
North Carolina Department of Justice
State of North Dakota – Office of the Attorney General
State of Ohio – Office of the Attorney General
State of Oklahoma – Office of the Attorney General
State of Oregon – Office of the Attorney General

Oregon Department of Justice
Commonwealth of Pennsylvania – Office of the Attorney General
State of Rhode Island – Office of the Attorney General
State of South Carolina – Office of the Attorney General
State of South Dakota – Office of the Attorney General
State of Tennessee – Office of the Attorney General
State of Texas – Office of the Attorney General
State of Utah – Office of the Attorney General
State of Vermont – Office of the Attorney General
Commonwealth of Virginia – Office of the Attorney General
State of Washington – Office of the Attorney General
State of West Virginia – Office of the Attorney General
State of Wisconsin – Office of the Attorney General
State of Wyoming – Office of the Attorney General
District of Columbia – Office of the Attorney General
National Association of Attorneys General
Internal Revenue Service

**<u>Schedule 1(g)</u>**

**Insurance**

Peerless Insurance Company/Excelsior Insurance Company
Starr International Company, Inc.
Liberty Mutual Insurance Company/Ironshore
American Financial Group/Great American Insurance Company

## **Schedule 1(h)**

### **Landlord**

Mack-Cali CW Realty Associates L.L.C.

## **Schedule 1(i)**

**Lender**

Russell Fuchs

## Schedule 1(j)

### Litigation

Anna Aragona
Zackaria Abdalla Bandak
Marsha Barton
Andrew Berkowitz
Matthew Bavaro
Ron Bochner
Daryl Bohling
Armando Caldera
Estate of Louisa Bonanno
Gail Henderson
Krista Lebron
BioReference Laboratories, Inc.
Mace Bateman
Francis Carbonneau
Sean DeMarco
Jorge M. Fernandez, Jr. and Hector J. Valdes
Emory Grauberger
Edgar Gutierrez
Kaesha Gaye Camilia Henry
Ashley Jilek and Latorrie Glover-Brown
Traci Diana Julin
Brian Lanouette
Prescott Lovern,Sr.
Misty Marler
Johanna A. Mayer
Mark Meisel, Zakaria Haque, Robert Oswald, Lori Weinrib, Robert Corwin, and Cindy Farber
Gale Mills
Leidy A Acosta Montan
Nuvei Technologies
LaBena Oatis
Colquitt Pickett
Robert Oswald, Mary Beth Kerns, Marcia Sorin-Rosenthal and Stephen Rosenthal
Julio Antonio Perez Vieyra
Deanna Rahill
Tatyana Schulman
Rosa Villarreal
Paula Worthey
Lana Wilk
Ritzie Key
Patrick Rogge
Daniel Ryan
Melissa Ryan

Mark Johnston
Noel Benadom
Eric Cinelli
Joanna Eggins
Satoria Monlyn
Matthew Webb
Cheryl Chuha
Brandon Laughlin
Caleb Dirrim
Denise Brown-Wells
Gina Allende
Morgan Ottmann
David Finch
Gene Hively
Mohamad Mohamad
Elizabeth Hollway
Glenn French
Clyde Freeman
Tim Collinsworth
Erickson J. Ocasio
Amanda Hayhurst
Donetta Huffman

**<u>Schedule 1(k)</u>**

**Office of U.S. Trustee, S.D.N.Y.**

Harrington, William K.
Linda A. Riffkin
Victor Abriano
Susan Arbeit
Maria Catapano
Danny A. Choy
Benjamin J. Higgins
Nadkarni Joseph
Brian S. Masumoto
Ercilia A. Mendoza
Mary V. Moroney
Richard C. Morrissey
Serene Nakano
Cheuk M. Ng
Ilusion Rodriguez
Andrea B. Schwartz
Paul K. Schwartzberg
Shannon Scott
Sylvester Sharp
Andy Velez-Rivera
Greg M. Zipes

**Schedule 1(l)**

**Utilities**

Con Edison of New York
Cablevision Lightpath, Inc.
Twilio
Broadview Networks
eFax
Altice USA, Inc./Cablevision Optimum
Suburban Carting Co.

**EXHIBIT B**

**ENGAGEMENT LETTER**

**GEIST SCHWARZ & JELLINEK, PLLC**
ATTORNEYS AT LAW
THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE, 11th FLOOR
WHITE PLAINS, NEW YORK 10601

GERALD K. GEIST
MATTHEW D. SCHWARZ*
RUSS F. JELLINEK*

GIACOMO G. MICCICHE

\* ALSO ADMITTED IN CT

**(914) 644-8300**
FACSIMILE (914) 644-8393

April 24, 2018

**VIA HAND DELIVERY ONLY**
Retrieval Masters Creditors Bureau, Inc.
4 Westchester Plaza
Elmsford, NY 10523
Attn: Jeffrey Wollman

Re:   **Retrieval Masters  -v- Mack-Cali CW Realty**
**4 Westchester Plaza**
**Elmsford, NY**

Dear Mr. Wollman:

We are pleased that you wish to engage our firm to perform legal services on your behalf.  It has been our experience that clients appreciate an open discussion and understanding of the services that we will perform and the basis upon which they will be expected to pay for these services.  This letter (the "Agreement") is intended to set forth our understanding as to the nature and scope of the legal services we have agreed to render for you, the amount of our ly fees for these services, the manner in which our fees for these services shall be determined and the terms upon which you will make payment of these fees.

You have engaged us to represent your interests with respect to the unauthorized  lockout from the Premises and to commence action regarding damages sustained..  We have been authorized to perform all acts on your behalf that are necessary and appropriate to this representation.  We bill on the basis of time and disbursements. Billing will be based on an hourly rate as follows: $450.00 per hour for time spent by Partners; $375.00 per hour for time spent by associates; $175.00 per hour for time spent by paralegals. This rate is subject to change in the future.  If there is any change, you will be given at least thirty (30) days written notice.  Any additional matters, unless agreed by us otherwise, will require a new retainer agreement.

It is understood that billable time includes, but is not limited to, conferences and meetings with clients and others, research and investigation, preparation of legal documents, correspondence, review and analysis of written materials, telephone conversations with your representatives and others and

1

travel time. Billable time does not include court costs, if applicable, or other disbursements that will be itemized and billed separately. In the event any costs or advances are anticipated, we reserve the right to require an additional cost deposit from you prior to undertaking the expenditure of funds on your behalf.

If the outstanding balance is not paid in full within sixty (60) days, a service charge of 1 1/2% per month (an annual rate of 18%) will be levied against your account. If you have any disagreement about the amount of the bill, you must advise us in writing within ten (10) days; otherwise, you agree to the amount of your bill at the date of the billing statement. You agree that the entire attorney's fee and expenses are the responsibility of the person and firm signing this Agreement jointly and severally.

We may withdraw as counsel and terminate this Agreement by notifying you in writing. Reasons for such termination may include, but are not limited to, failure to pay legal fees or expenses (including required deposits) under the terms of this Agreement, failure to cooperate with our firm in the engagement provided for herein, and reasons mandated by the Code of Professional Responsibility. You may also terminate this Agreement by notifying us in writing. Upon our withdrawal of the representation you shall immediately pay any remaining balance owed on your account. In any of these events, you agree to execute such documents as will permit us to withdraw as counsel.

In the event arrears due are not paid, necessitating the commencement of an action for the recovery of said sums and resulting in a judgment being entered against you, you agree to pay the above said interest on the sum from the date of demand, costs of the action, and reasonable legal fees to our firm for conducting the suit. This will not affect finance charges as set forth above. You further acknowledge that we will have a lien upon any and all files until such time as bills, including accumulation of finance charges, are paid in full.

It is understood between us that in representing you in this matter and all other matters, we will seek diligently at all times to achieve a solution that is just, equitable, and favorable to you. We, however, cannot and we do not guarantee or predict such a result. You also realize that it is impossible to determine in advance the amount of time that will be expended on this matter. Nevertheless, we will attempt to keep our time to a minimum.

You hereby agree that you are engaging the services of our law office and that our law office can handle this entire case including preparation of pleadings and appearances before any court or administrative body. Upon your consent, we may contact other attorneys who may assist us in preparation and representation of your matter.

This Agreement shall be governed by, and construed in accordance with the substantive laws of the State of New York and the precedents applicable thereto. The parties also consent to the exclusive jurisdiction of the State or Federal Courts within the State of New York, County of Westchester in respect to any dispute arising under or in connection with this Agreement and stipulate that Westchester County is the most convenient forum for the settlement of any such dispute. In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

We appreciate your confidence in our firm and we assure you that we will make every effort to perform our services in a prompt and efficient manner.

If you agree that this is our understanding, please sign below, return a copy to us along with a check for $5,000 and keep a copy for your file.

Very truly yours,

Matthew D. Schwarz

ACKNOWLEDGED, UNDERSTOOD
and AGREED:

Jeffrey Wollman, CEO
Retrieval-Masters Creditors Bureau, Inc.

DATED:_____

**<u>EXHIBIT C</u>**

**<u>PROPOSED ORDER</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                               :    Chapter 11
                                                    :
Retrieval-Masters Creditors Bureau, Inc.,[1]        :    Case No. 19-23185 (RDD)
                                                    :
                             Debtor.                :
-----------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY GEIST SCHWARZ & JELLINEK, PLLC AS SPECIAL LANDLORD LITIGATION COUNSEL, *NUNC PRO TUNC* AS OF SEPTEMBER 6, 2019

Upon the application (the "**Application**")[2] of the debtor and debtor in possession (the

"**Debtor**") in the above-captioned case for entry of an order (this "**Order**") authorizing the

Debtor to retain and employ Geist Schwarz & Jellinek, PLLC ("**GS&J**") as special regulatory

counsel effective *nunc pro tunc* as of September 6, 2019, pursuant to section 327(e) of title 11 of

the United States Code (the "**Bankruptcy Code**"); and the Court having reviewed the

Application and the Declaration of Matthew D. Schwarz, a partner of GS&J (the "**Schwarz**

**Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334; and the Court having found that the Application is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found based on the representations made in the Application and in the Schwarz

Declaration that GS&J neither has nor represents an interest materially adverse to the interest of

the Debtor or its estate or of any class of creditors or equity security holders, by reason of any

---

[1]    The last four digits of the Debtor's taxpayer identification number are 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

direct or indirect relationship to, connection with or interest in, the Debtor or for any other reason as required by section 327(e) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "**_Hearing_**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Debtor is authorized to retain and employ GS&J as special Landlord Litigation counsel in this chapter 11 case, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1 on the terms and conditions set forth in the Application and the Engagement Letter, _nunc pro tunc_ as of September 6, 2019.

3.      GS&J shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court.

4.      The Debtor and GS&J are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

5.      GS&J shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in its chapter 11 case.

6.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

9.      Notwithstanding any provision to the contrary in the Engagement Letter, the Debtor shall not make any advance payments to GS&J without Court order.

10.     To the extent there is an inconsistency among this Order, the Application and the Engagement Letter, the terms of this Order shall govern.

Dated: _____, 2019
         White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE