**Hearing Date and Time: November 14, 2019 at 10:00 a.m. (EST)**
**Objection Deadline: November 7, 2019 at 4:00 p.m. (EST)**

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                      :   Chapter 11
                                                           :
Retrieval-Masters Creditors Bureau, Inc.,[1]               :   Case No. 19-23185 (RDD)
                                                           :
                    Debtor.                                :
------------------------------------------------------------x

# NOTICE OF DEBTOR'S FIRST OMNIBUS MOTION
# FOR ENTRY OF AN ORDER AUTHORIZING
# REJECTION OF CERTAIN EXECUTORY CONTRACTS
# AND LEASES, AND GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on October 16, 2019, the debtor and debtor in possession (the "Debtor") in the above-captioned case filed the *First Omnibus Motion of Debtor for Entry of an Order Authorizing Rejection of Certain Executory Contracts And Leases, And Granting Related Relief* (the "Motion," a copy of which is attached hereto). A hearing (the "Hearing") on the Motion will be held before the Honorable Robert D. Drain of the United States Bankruptcy

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

Court for the Southern District of New York (the "Court"), in Room 248, 300 Quarropas Street, White Plains, New York 10601, on **November 14, 2019, at 10:00 a.m.** (EDT).

**PLEASE TAKE FURTHER NOTICE that counterparties to contracts with the Debtor that may be directly affected by the Motion are identified in Exhibit "B" to the Motion.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion and the relief requested therein shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Granting Debtor's Motion for Order Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 31] (the "Case Management Order"), shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9070-1 and served so as to be actually received no later than **November 7, 2019**, at 4:00 p.m. (EST) (the "Objection Deadline"), upon the parties on the Service List (as defined in the Case Management Order).

Dated: October 16, 2019
New York, New York

CHAPMAN AND CUTLER LLP
*Counsel for the Debtor and*
*Debtor in Possession*

By: /s/Steven Wilamowsky
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger (admitted *pro hac vice*)
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                      :   Chapter 11
                                                           :
Retrieval-Masters Creditors Bureau, Inc.,[1]               :   Case No. 19-23185 (RDD)
                                                           :
                    Debtor.                                :
------------------------------------------------------------x

**NOTE: PARTIES TO CONTRACTS WITH THE DEBTORS RECEIVING THIS MOTION
SHOULD LOCATE THEIR CONTRACTS LISTED ON EXHIBIT "B" TO THIS MOTION**

### FIRST OMNIBUS MOTION OF DEBTOR FOR ENTRY OF AN
### ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY
### CONTRACTS AND LEASES, AND GRANTING RELATED RELIEF

Retrieval-Masters Creditors Bureau, Inc. (the "Debtor") as and for its motion (the

"Motion") seeking entry of an Order authorizing rejection of certain executory contracts and

granting related relief, respectfully represents as follows:[2]

---

[1]   The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning given to them elsewhere in the Motion.

**Relief Requested**

1. The Debtor seeks entry of an order, substantially in the form annexed as Exhibit "A" hereto: (a) authorizing and approving, pursuant to section 365(a) of the Bankruptcy Code, the rejection, of certain executory contracts and unexpired leases identified on Exhibit "B" hereto (the "Contracts") to which the Debtor is party but no longer are beneficial to the Debtor's estate, effective as of the respective date of rejection proposed for each Contract in Exhibit "B," representing the first date on which the Debtor no longer had any possession, use of, or benefit from (as applicable) the goods or services provided under each Contract; (b) approving related relief, including the establishment of a deadline for the filing of proofs of claim for damages that may be associated with the Debtor's rejection of the Contracts.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of an order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases bases for the relief requested herein are sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6006 of the Bankruptcy Rules.

## Background

1.  The Debtor is a debt and medical receivables collection agency that was founded in 1977 in New York City. Over time, the business grew into a thriving agency and, in 1995, relocated to Elmsford, New York, where it is currently domiciled.

2.  Russell H. Fuchs is the founder and Chief Executive Officer of the Debtor, and owns 100% of the equity interests in the Debtor.

3.  The Debtor had two basic business segments. The first principally involved collections from retail consumer debtors of direct mail marketers, among others. The second involved the collection of receivables on behalf of clinical diagnostic laboratories, and did business under the name American Medical Collection Agency

4.  In March 2019, the Debtor became aware of a significant IT security breach involving its servers. That led to a cascade of events that ultimately necessitated the commencement of the instant chapter 11 case.

5.  On June 17, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On July 2, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in this Chapter 11 Case. *See* Notice Appointing Creditors Committee [Doc. No. 44].

7.  A more detailed description of the Debtor's businesses and the reasons for its chapter 11 case are set forth in the *Declaration of Russell H. Fuchs Pursuant to Local Bankruptcy Rule 1007-2 and in Support of "First Day" Motions* [Doc. No. 2].

**The Contracts**

8.  In the ordinary course of business prior to the Petition Date, the Debtor entered into the Contracts, which provided services and goods necessary to the Debtor's operations such as, for example, office equipment, online research services, and credit card processing. As a direct or indirect consequence of the events that resulted in the Debtor's chapter 11 proceeding, the Debtor no longer requires the benefits provided by the Contracts, and therefore has no reason to be burdened by their costs.

**Discussion**

9.  Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision is an exercise of sound business judgment and will redound to the benefit of the debtor's estate. *See NLRB V. Bildisco & Bildisco,* 465 U.S. 513, 523 (1984) (traditional standard applied by courts to authorize rejection of an agreement is that of "business judgment"); *see also In re Helm,* 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate.").

10. The rejection of the Contracts is an appropriate exercise of the Debtor's business judgment and will reduce the administrative burdens on its estate. The Contracts are financially burdensome and no longer necessary. Further, the Contracts have no marketable value that could be generated through assumption and assignment. Accordingly, the Debtor's continued performance under the Contracts would constitute an unnecessary depletion of value of its estate.

11. Further, the Debtor submits that it is appropriate the the rejection of the Contracts apply retroactively, effective as of the date that the Debtor last received (or will receive) goods

or services under the relevant Contract. The proposed effective date of rejection for each Contract is included in Exhibit "B" alongside the other identifying information provided for each Contract. Because the Debtor is not seeking an effective date of rejection for any Contract that overlaps any period during which the Debtor obtained benefit from such Contract, the Debtor submits that authorizing a retroactive date of rejection here is appropriate and well within the Court's equitable discretion. *See, e.g., In re KP Fashion Co.*, 2011 WL 3806116, at *3 (S.D.N.Y. Aug. 29, 2011) (finding that bankruptcy court's order approving a retroactive date of rejection under section 365(a) "was reasonable and certainly not an abuse of discretion.")

### Compliance With Bankruptcy Rule 6006(f)

12.     Because the Motion seeks authorization for the rejection under section 365(a) of multiple agreements with multiple parties (an "omnibus motion"), Bankruptcy Rule 6006(f) applies. For agreements to be rejected (rather than assumed, which has additional requirements), the rule requires any such omnibus motion to: (a) conspicuously state that affected counter-parties may find their names and their corresponding agreements within the filed motion; (b) list agreements alphabetically by name of counter-party, along with the corresponding agreement; (c) be numbered consecutively with any other such omnibus motions; and (d) not seek to reject more than 100 agreements within a single omnibus motion. *See* Fed. R. Bankr. P. 6006(f). The Debtor respectfully submits that the Motion complies in all respects with Bankruptcy Rule 6006(f).

### Bar Date

13.     Consistent with the Court's *Order: (i) Setting Bar Dates for Submitting Proofs of Claim, (ii) Approving Procedures for Submitting Proofs of Claim, and (iii) Approving Notice Thereof* [Doc. No. 142] (the "Bar Date Order"), the Debtor proposes that parties to the Contracts

be permitted to file proofs of claim for any damages arising from their rejection by the *later of:* (a) the General Claims Bar Date (as defined in the Bar Date Order); and (b) thirty (30) days after entry of an Order authorizing and approving rejection of the Contracts.

## Motion Practice

14. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

## Notice

15. The Debtor will provide notice of this Application in a manner compliant with the Court's *Order Granting Debtor's Motion for Order Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 31], dated June 24, 2019.

## No Prior Request

16. No prior request for the relief sought in this Motion has been made to this or any other court.

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, in substantially the form annexed as Exhibit "A" hereto, *inter alia,* authorizing the rejection of the

Contracts, *nunc pro tunc* to the respective dates set forth in Exhibit "B" hereto, and grant such other and further relief as may be just.

Dated: October 16, 2019
      New York, New York

                                CHAPMAN AND CUTLER LLP
                                *Counsel for the Debtor and*
                                *Debtor in Possession*

                       By:   /s/Steven Wilamowsky
                            Steven Wilamowsky
                            1270 Avenue of the Americas
                            30th Floor
                            New York, NY 10020-1708
                            Telephone: 212.655.6000

                            -and-

                            Aaron M. Krieger
                            111 West Monroe Street
                            Chicago, IL 60603-4080
                            Telephone: 312.845.3000

# EXHIBIT "A"

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                : Chapter 11
                                                     :
Retrieval-Masters Creditors Bureau, Inc.,[1]         : Case No. No. 19-23185 (RDD)
                                                     :
                         Debtor.                     :
------------------------------------------------------------x

**FIRST OMNIBUS ORDER PURSUANT TO SECTION 365(a)
OF THE BANKRUPTCY CODE AUTHORIZING
REJECTION OF CERTAIN EXECUTORY CONTRACTS
<u>AND LEASES, AND PROVIDING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] of the debtor and debtor in possession (the "<u>Debtor</u>") for entry of an Order authorizing rejection of certain executory contracts and leases, and granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b); and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and it appearing that the Motion complies with applicable requirements under Rule 6006(f) of the Federal Rules of Bankruptcy Procedure; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, the Debtor is authorized to reject the Contracts (as identified on Exhibit "B" to the Motion), and such Contracts hereby are deemed rejected, effective as of the respective dates of rejection set forth for each such Contract on Exhibit "B" to the Motion.

3. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall: (a) constitute an admission as to the validity or priority of any claim against the Debtor; (b) constitute a waiver of the Debtor's right to dispute any claim; or (c) prejudice any party's right to assert that any of the Contracts are not executory or unexpired within the meaning of section 365 of the Bankruptcy Code.

4. Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of: (a) the General Claims Bar Date; and (b) thirty (30) days from the date of entry of this Order.

5. The terms of this Order shall be effective immediately and enforceable upon its entry.

- 3 -

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit "B"**

**Executory Contracts and Unexpired Leases Subject to Rejection**

## CONTRACTS TO REJECT

| VENDOR NAME | ADDRESS | EFFECTIVE DATE OF REJECTION |
|---|---|---|
| Altice Business (f/k/a Lightpath) | 1111 Stewart Avenue<br>Bethpage, NY 11714 | 09/13/2019 |
| Apex | 535 Connecticut Avenue, Ste. 104<br>Norwalk, CT 06854 | 08/15/2019 |
| Clearbrook Cross LLC | 100 Clearbrook Road<br>Elmsford, NY 10523 | 11/01/2019 |
| Creditron | 2265 Upper Middle Road East, Ste. 601<br>Oakville, Ontario, CANADA | 07/01/2019 |
| CSI International/Bi Moyle | P.O. Box 417<br>Williamsport, OH 43164 | 11/01/2019 |
| CT Corporation | 111 Eighth Avenue, 13th Fl.<br>New York, NY 10011 | TBD as discussed |
| Expertsource Global Services Private Limited | Deekay Tech Park, Unit 102<br>TTC Industrial Area, MIDC<br>Turbhe, Navi Mumbai<br>Maharashtra 40075, INDIA | 06/17/2019 |
| IBM | Carretera al Castillo 2200 El Quince<br>El Salto, Jalisco 46680, MEXICO | 11/1/2019 |
| LexisNexis | 28330 Network Place<br>Chicago, IL 60673 | 07/01/2019 |
| Nuvei Technologies | 5000 Legacy Drive, Suite 320<br>Plano, TX 75024 | 06/17/2019 |
| PCI Group, Inc. | 11632 Harrisburg Road<br>Fort Mill, SC 29707 | 06/17/2019 |
| Pitney Bowes | 2225 American Drive<br>Neenah, WI 54956 | 09/28/2019 |
| Protection1 | 800 East Waterman<br>Wichita, KS 67202 | 11/01/2019 |
| Service Express, Inc. | 3854 Broadmoor Ave SE<br>Grand Rapids, MI 49512 | 09/01/2019 |

4819-4944-3496
7022536

| | | |
|---|---|---|
| Twilio | 375 Beale Street, Ste. 300<br>San Francisco, CA 94105 | 09/10/2019 |
| Wells Fargo Financial Services (Apple Lease) | P.O. Box 3072<br>Cedar Rapids IA 52406 | 09/09/2019 |
| Wells Fargo Financial Services (Konica Lease) | P.O. Box 3072<br>Cedar Rapids IA 52406 | 11/01/2019 |
| Windstream Enterprise (f/k/a Broadview Networks) | P.O. Box 70268<br>Philadelphia, PA 19176 | 08/11/2019 |