UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
Retrieval-Masters Creditors Bureau, Inc.,[1]       :    Case No. 19-23185 (RDD)
                                                   :
                          Debtor.                  :
---------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY
GEIST SCHWARZ & JELLINEK, PLLC AS SPECIAL LANDLORD
LITIGATION COUNSEL, *NUNC PRO TUNC* AS OF SEPTEMBER 6, 2019**

Upon the application, dated September 25, 2019 (the "**Application**")[2] of the debtor and debtor in possession (the "**Debtor**") in the above-captioned case for entry of an order (this "**Order**") authorizing the Debtor to retain and employ Geist Schwarz & Jellinek, PLLC ("**GS&J**") as special regulatory counsel effective *nunc pro tunc* to the Petition Date, pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"); and the Court having reviewed the Application and the accompanying Declaration of Matthew D. Schwarz, a partner of GS&J (the "**Schwarz Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Schwarz Declaration that GS&J neither has nor represents an interest materially adverse to the interest of the Debtor or its estate or of any class of creditors or equity security holders by reason of any

---

[1] The last four digits of the Debtor's taxpayer identification number are 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

direct or indirect relationship to, connection with or interest in, the Debtor or for any other reason as required by section 327(e) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is necessary and in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice or a hearing is required; and there being no objections to the relief granted herein; and after due deliberation the Court having determined that the legal and factual bases set forth in the Application establish good and sufficient cause for such relief, it is HEREBY ORDERED THAT:

    1.    The Application is granted as set forth herein.

    2.    The Debtor is authorized to retain and employ GS&J as special Landlord Litigation counsel in this chapter 11 case, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1 on the terms and conditions set forth in this Order, the Application and the Engagement Letter, *nunc pro tunc* as of September 6, 2019.

    3.    GS&J shall be compensated for its services and reimbursed for any reasonable and necessary expenses in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of this Court.

    4.    GS&J shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

    5.    The Debtor and GS&J are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

6. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. To the extent there is an inconsistency among this Order, the Application and the Engagement Letter, the terms of this Order shall govern.

9. The Debtor shall not make any advance payments to GS&J without prior Court order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order..

Dated: October 15, 2019
      White Plains, New York

                              /s/Robert D. Drain
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE