**SIDLEY AUSTIN LLP**
Jessica C.K. Boelter
William E. Curtin
787 Seventh Ave
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email:  jboelter@sidley.com
wcurtin@sidley.com

*Attorneys for Quest Diagnostics Incorporated*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | )    Chapter 11 |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | ) |
| | )    Case No. 19-23185 (RDD) |
| Debtor. | ) |
| | ) |

**LIMITED OBJECTION OF LABORATORY CORPORATION OF AMERICA
HOLDINGS, LABORATORY CORPORATION OF AMERICA, QUEST DIAGNOSTICS
INCORPORATED, AND OPTUM360, LLC TO JOINT MOTION TO ADJOURN
DOCKET NUMBERS 3 AND 52 WITHOUT DATE AND WITHOUT PREJUDICE AND
NOTICE OF AGREEMENT BETWEEN DEBTOR AND MULTI-STATE GROUP**

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Laboratory Corporation of America Holdings and Laboratory Corporation of America

(collectively, "**LabCorp**"), Quest Diagnostics Incorporated ("**Quest**"), and Optum360, LLC

("**Optum**") (collectively, the "**MDL Defendants**") respectfully submit this limited objection to

the *Joint Motion to Adjourn Docket Numbers 3 and 52 Without Date and Without Prejudice and*

*Notice of Agreement Between Debtor and Multi-State Group* (Docket No. 153; the "**Motion**").

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's
service address for the purpose of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY
10523.  The Debtor also does business as American Medical Collection Agency.

## LIMITED OBJECTION

The Motion seeks approval by this Court of an agreement (the "**Agreement**") between Retrieval-Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency (the "**Debtor**") and the offices of various state Attorneys General[2] (the "**Multi-State Group**") to allow the Debtor to respond, pursuant to certain procedures, to the Multi-State Group's requests for documents and information regarding a data breach Debtor disclosed in May 2019 (the "**Data Breach**"). The MDL Defendants do not object to the Debtor's responding to the requests for documents and information issued by the Multi-State Group or to the procedures set forth in the Agreement. Nor do they seek to delay the approval of the Agreement or the production of documents and information by AMCA to the Multi-State Group. Rather, the MDL Defendants submit this limited objection to ensure that documents and information produced by the Debtor— which are likely to include protected health information, personally identifiable information, and sensitive commercial information that would cause substantial, irreparable harm to the MDL Defendants if disclosed outside the Multi-State Group—are accurately identified, designated as confidential, and protected from further disclosure. They thus respectfully request that the Court modify the proposed order granting the Motion to direct that the Multi-State Group not disclose documents and information received from AMCA outside the Multi-State Group until further order of the Court, before granting the Motion. The MDL Defendants anticipate that this order would be in place only temporarily to allow time for the parties to determine whether an agreed resolution

---

[2] On June 10, 2019, the Office of the Indiana Attorney General served Debtor with a Civil Investigative Demand seeking documents and answers to interrogatories relating to the Data Breach. The following States have entered into a common interest agreement relevant to the data breach investigation: Indiana, Illinois, Connecticut, Arizona, Arkansas, Colorado, Florida, Georgia, Hawaii, Idaho, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia and the District of Columbia.

can be reached regarding confidentiality of and access to these documents , or if not, to seek appropriate relief from the Court.

While MDL Defendants do not know at present what specific documents and information the Debtor intends to produce to the Multi-State Group pursuant to the Agreement, the MDL Defendants believe that the production will inevitably include their confidential information, such as trade secrets, competitive information, pricing details, and customer and patient data, and other information, the disclosure of which would substantially and irreparably harm the conduct of the MDL Defendants' business.[3]  This information is confidential under the terms of the applicable contracts, it was kept confidential by the MDL Defendants, and disclosure of such confidential information would harm the MDL Defendants' competitive positions.

This protection is necessary.  As the Agreement recognizes, the information produced to the Multi-State Group may be produced to any of the 36 states in that group, and will only be subject to protection from further disclosure, including to the public pursuant to public records requests, insofar as the states' variable public records laws permit withholding such information. *See* Agreement ¶ G.  The protections offered by those states' laws are uncertain and far from comprehensive—for example, as the Agreement states, "Connecticut law may . . .  protect against the disclosure to the public of information obtained as part of an investigation . . . ." *Id.* (emphasis added).  Moreover, the regulators in the Multi-State Group will be less able to accurately identify the information that constitutes a protectable trade secret or commercially sensitive information than the MDL Defendants, who have direct experiences in the market.  The lack of a procedure by which the MDL Defendants can inform the Multi-State Group of which documents contain trade secrets or other protectable information thus risks the inadvertent public disclosure of such

---

[3] Although the MDL Defendants do not have a copy of the CID, the July 16, 2019 hearing transcript indicates that the scope of the CID is broad, as it includes 14 interrogatories and 17 document requests.

information. For these reasons, the MDL Defendants remain highly concerned that their confidential information could be exposed in the absence of appropriate confidentiality protections.

Moreover, over the last five months, certain MDL Defendants have repeatedly requested that the Debtor provide the very same documents now being produced to the Multi-State Group, in an effort to ensure the confidentiality of their own information and to exercise their express contractual rights for access to these documents, and to effectively respond to and defend themselves from actions brought against them as a result of the Debtor's Data Breach. This Court previously directed the Debtor to reasonably cooperate with the MDL Defendants in response to their requests for information. Despite this instruction, the Debtor has thus far refused to cooperate, but now intends to provide these same documents (documents which belong to the MDL Defendants or over which they have contractual rights to inspect) to a third party without appropriate confidentiality designations. The MDL Defendants have requested that the Multi-State Group simply agree to provide the same confidentiality protections to the documents being produced by the Debtor as the confidentiality protections the Multi-State Group will be providing to documents produced by the MDL Defendants under confidentiality agreements, but the Multi-State Group would not agree to this request.[4] Although these efforts have not yet borne fruit, and MDL Defendants are compelled to file this objection, the MDL Defendants remain committed to further discussions.

In addition, because none of the Debtor's contracts with the MDL Defendants permits the Debtor to unilaterally disclose their respective confidential information, the Debtor's voluntary

---

[4] The MDL Defendants' efforts to negotiate such a confidentiality procedure with the Multi-State Group and AMCA included participation in telephone conferences with the Multi-State Group on October 14 and 16, 2019 with AMCA on October 16, 2019. The MDL Defendants also sent a detailed written proposal to the Multi-State Group on October 15, 2019.

agreement to produce such information would result in the Debtor's breach of its contractual obligations to the MDL Defendants. These contractual breaches could give rise to additional claims by the MDL Defendants against the Debtor's estate, which is already at risk of administrative insolvency. Thus, the Debtor's estate and all of its stakeholders have an interest in ensuring that the Debtor does not breach its contracts with the MDL Defendants by blindly producing their confidential information.

To temporarily maintain the status quo, balance the valid interests of the parties, and protect the privacy and commercial interests of the MDL Defendants and their patients, the MDL Defendants believe that the Court should enter an order (1) approving the Agreement, but also (2) stating that documents and information produced by AMCA should not be disclosed outside the Multi-State Group until a procedure for identification and protection of confidential information can be devised and implemented. The MDL Defendants are committed to developing such a procedure by agreement with the Multi-State Group and AMCA, but if the parties cannot reach an agreement, then MDL Defendants intend promptly seek appropriate relief from the Court. Accordingly, the MDL Defendants expect that the protective order sought by this objection would be in effect only temporarily until such time as the MDL Defendants seek other appropriate relief from the Court, if necessary.

For these reasons, MDL Defendants respectfully request that the Court modify the proposed order granting the Motion to direct that the Multi-State Group not disclose documents and information received from AMCA outside the Multi-State Group until further order of the Court, before granting the Motion.

Dated: October 18, 2019
New York, New York

Respectfully submitted,

  /s/ William E. Curtin
Jessica C.K. Boelter
William E. Curtin
**SIDLEY AUSTIN LLP**
787 Seventh Ave
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: jboelter@sidley.com
        wcurtin@sidley.com

*Attorneys for Quest Diagnostics Incorporated*

/s/ William Hao
William Hao
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
Email: william.hao@alston.com

-and-

William S. Sugden (admitted *pro hac vice*)
One Atlantic Center
1201 W. Peachtree St.
Atlanta, Georgia 30309-3424
(P) 404-881-7000
(F) 404-253-8235
Email: will.sugden@alston.com

*Attorneys for Optum360, LLC*

  /s/ John D. Beck
Christopher R. Donoho, III
John D. Beck
**HOGAN LOVELLS US LLP**

390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: chris.donoho@hoganlovells.com
        john.beck@hoganlovells.com

*Attorneys for Laboratory Corporation of America
Holdings and Laboratory Corporation of America*