CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
In re                                                : Chapter 11
                                                     :
Retrieval-Masters Creditors Bureau, Inc.,[1]         : Case No. 19-23185 (RDD)
                                                     :
                              Debtor.                :
--------------------------------------------------------x

**SUMMARY OF FIRST INTERIM APPLICATION OF CHAPMAN AND CUTLER LLP
AS DEBTOR'S COUNSEL FOR ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED**

| | |
|---|---|
| Name of Applicant: | Chapman and Cutler LLP |
| Authorized to provide professional services to: | Debtor and Debtor in Possession |
| Date of Retention: | September 18, 2019, *nunc pro tunc* to June 17, 2019 |
| Period for which Interim Compensation and Reimbursement is Sought: | June 17, 2019 through September 30, 2019 |

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

Amount of Compensation Sought as Actual,
Reasonable and Necessary for Interim Period:       $477,268.50[2]

Amount of Expense Reimbursement Sought
as Actual, Reasonable and Necessary for
Interim Period:                                    $8,583.24

This is an:                                        Interim Application

---

[2]    This amount reflects a voluntary mark-down of one-half time billed to non-working travel, which is included in the attached invoice.

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Retrieval-Masters Creditors Bureau, Inc.,[3] | : | Case No. 19-23185 (RDD) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------x

### FIRST INTERIM APPLICATION OF CHAPMAN AND CUTLER LLP AS DEBTOR'S COUNSEL FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

Chapman and Cutler LLP ("Chapman"), as chapter 11 counsel for the debtor and debtor

in possession in the above captioned chapter 11 case (the "Debtor"), files its first application

(this "Application") pursuant to §330(a) of title 11, United States Code (the "Bankruptcy Code")

and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

---

[3]    The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

allowance of interim compensation for professional services performed and for reimbursement of expenses for the period between June 17, 2019 and September 30, 2019 (the "First Interim Period"). In support of the Application, Chapman respectfully represents as follows:

**RELIEF REQUESTED**

1.      During the First Interim Period, Chapman assisted the Debtor in connection with several key initiatives, including: (a) the filing of the Debtor's bankruptcy petition; (b) the filing and approval of certain "first day" relief motions; (c) the negotiation and filing of a debtor in possession financing motion and certain borrowings thereunder; (d) the preparation and filing of the Debtor's bankruptcy schedules and statements; (e) negotiation and coordination with various interested state and private parties in connection with data breach issues; (f) coordination and preparation of certain administrative filings and reports (including, but not limited to, the filing and approval of the Debtor's bar date motion and certain United States Trustee reporting requirements); and (g) framing and initial drafting of the Debtor's liquidating plan, among other legal and administrative tasks.

2.      By this Application, Chapman seeks to be approved for interim compensation in the aggregate amount of $477,268.50 for professional services performed on behalf of the Debtor and reimbursement of actual and necessary expenses in the aggregate amount of $8,583.24 incurred by Chapman during the First Interim Period.

3.      Chapman received a pre-petition retainer in the amount of $184,482.02 (the "Initial Retainer"), of which $47,000.00 remained as of the Petition Date. Chapman has not received any payment other than the Initial Retainer on account of its representation of the Debtor in this chapter 11 case. After giving the Debtor credit for the amount of the Initial Retainer that remained as of the Petition Date, Chapman requests entry of an order authorizing

application of the Initial Retainer and approving interim compensation in the amount of

$477,268.50 for services rendered and $8,583.24 for reimbursement of actual and necessary

expenses, for a total cash payment request of $438,851.74.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157

and 1334.  This is a "core" proceeding pursuant to 28 U.S.C. §159(b).

5.      Venue of these proceedings and over this Application are proper in this district

pursuant to 28 U.S.C. §§1408 and 1409.

## COMPLIANCE WITH GUIDELINES

6.      This Application was prepared in accordance with: (a) the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy

Cases (the "Local Guidelines") established and adopted by the United States Bankruptcy Court

for the Southern District of New York pursuant to General Order M-389; and (b) the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. §330, adopted on January 30, 1996 (the "UST Guidelines" and

together with the Local Guidelines, the "Guidelines").

7.      Pursuant to, and consistent with, the Guidelines, the following exhibits are

attached hereto:

> **Exhibit A** contains a certification by undersigned counsel regarding compliance
> with the Guidelines;
>
> **Exhibit B** contains a list of Chapman's project categories and the total billed to
> each category;
>
> **Exhibit C** contains a billing summary for the First Interim Period that includes the
> name of each attorney and paraprofessional for whose work compensation is
> sought, each attorney's year of bar admission and area of practice concentration, the

aggregate time expended by each professional and each paraprofessional and the corresponding hourly billing rate at Chapman's current billing rates and an indication of the individual amounts requested as part of this Application; and

**Exhibit D** contains copies of Chapman's time logs for the First Interim Period, subject to redaction to preserve privileged and confidential information. The time log contains: (i) a daily description of the services rendered and the hours expended by the various Chapman attorneys and paraprofessionals who performed services in this case; and (ii) a detailed schedule listing the expenses and disbursements for which Chapman seeks reimbursement.[4]

8.    The fees sought in this Application reflect an aggregate of 691.10 hours expended by Chapman professionals and paraprofessionals during the First Interim Period rendering necessary and beneficial legal services to the Debtor at a blended average hourly rate of $690.60 for both attorneys and paraprofessionals. Chapman maintains computerized records of the time expended in the performance of the professional services required by the Debtor and its estate. These records are maintained in the ordinary course of Chapman's practice.

9.    The hourly rates and corresponding rate structure utilized by Chapman in this chapter 11 case are equivalent to the hourly rates and corresponding rate structure predominately used by Chapman for restructuring, workout, bankruptcy, insolvency and comparable matters and similar complex corporate and litigation matters whether in court or otherwise, regardless of whether a fee application is required.

10.    Chapman's hourly rates are set at a level designed to compensate Chapman fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

---

[4]    Chapman has prepared this exhibit based upon, among other things, computerized daily time records maintained by Chapman's attorneys and paraprofessionals who provided services in this case.

11.     Chapman regularly reviews its bills to ensure that the Debtor is only billed for services that are actual and necessary.  Moreover, in accordance with the Guidelines, Chapman regularly reduces its expenses, particularly expenses related to travel and overtime meals.

12.     This Application is Chapman's first interim request for compensation for services rendered and reimbursement of expenses incurred as counsel to the Debtor.  No understanding exists between Chapman and any other person for the sharing of compensation sought by Chapman except among the partners and associates of Chapman.

## RETENTION OF CHAPMAN

13.     Pursuant to an order of this Court dated September 18, 2019 [ECF No. 138] (the "Retention Order"), the Debtor was authorized to retain Chapman as its counsel to render legal services during this chapter 11 case *nunc pro tunc* to the chapter 11 petition date of June 17, 2019 (the "Petition Date").  An as-filed copy of the Retention Order is annexed hereto as Exhibit "E".

14.     The Retention Order authorizes the Debtor to compensate and reimburse Chapman in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the U.S. Trustee Guidelines.

15.     The Retention Order further authorizes the Debtor to compensate Chapman at its standard hourly rates charged for services of this type and to reimburse Chapman for its actual necessary out-of-pocket expenses incurred, subjected to application to this Court.

## SUMMARY OF PROFESSIONAL SERVICES

16.     To provide a meaningful summary of services rendered on behalf of the Debtor and its estate, Chapman has established, in accordance with the Guidelines and its internal billing

procedures, the following list of project categories rendered in connection with the Debtor's chapter 11 case (*see* Exhibit "B"):

  A. Asset Analysis and Recovery
  B. Contract Assumption and Rejection
  C. Case Administration and Corporate Governance
  D. Employment Applications
  E. Financing and Cash Collateral
  F. Contested Matters and Adv. Proc.
  G. Communications with Creditors
  H. Non-Working Travel
  I. Plan and Disclosure Statement
  J. Regulatory Matters

17. The following is a summary, by project category, of the types of services rendered by Chapman during the First Interim Period. The descriptions set forth below demonstrate that Chapman was heavily involved in rendering services for the Debtor and its estate to meet the demands required in the administration of the chapter 11 case.[5]

**A.** **Asset Analysis and Recovery**

  Total Fees: $23,072.50
  Total Hours: 27.60

18. Work billed to the Asset Analysis and Recovery project category represents the work necessary to assist the Debtor in recovering certain assets of the estate outside of the Debtor's control as of the Petition Date and or that were, and in some cases remain, subject to ongoing dispute with third parties.

**B.** **Contract Assumption and Rejection**

  Total Fees: $17,638.00
  Total Hours: 20.70

---

[5] This summary of services rendered on behalf of the Debtor during the First Interim Period is qualified in its entirety by the actual time records annexed to this Application (see Exhibit "D"). This summary is intended to highlight certain key areas where Chapman provided services during the First Interim Period.

19.     Work billed to the Contract Assumption and Rejection project category represents efforts undertaken by counsel to assist the Debtor in unburdening itself of continuing obligations arising from expensive and unnecessary contracts as well as the assumption of one case-critical agreement relating to IT services necessary to adequately respond to inquiries relating to the Debtor's data breach.

**C.      Case Administration and Corporate Governance**

Total Fees:     $205,716.50
Total Hours:    334.3

20.     Case Administration and Corporate Governance is generally described as the work necessary to counsel the Debtor about its responsibilities as a debtor-in-possession in a chapter 11 case and helping the debtor meet those responsibilities.

21.     This project category includes time spent by Chapman professionals and paraprofessionals rendering services relating to the general administration of the Debtor's chapter 11 case as well as internal corporate governance issues related to same, including, but not limited to:

    a.   managing and administering the chapter 11 case on a daily basis, including monitoring the docket and distributing substantive pleadings to interested parties;

    b.   preparing and coordinating the filing of pleadings;

    c.   tracking and responding to case inquiries;

    d.   compiling, organizing and distributing relevant case materials to the Debtor's advisors, professionals and management;

    e.   conducting regular conferences and periodic meetings with Debtor's management and other advisors;

f.   organizing and maintaining document files for the chapter 11 case;

g.   coordinating service of pleadings and other notices required under the Bankruptcy

Code, the Bankruptcy Rules and the Local Bankruptcy Rules; and

h.   ensuring the Debtor's compliance with all of the other applicable requirements of

the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and orders

issued by the Court, including the timely filing of operating reports.

### D.    Employment Applications

Total Fees:    $58,759.00

Total Hours:   81.8

22.    This project includes the legal work necessary to secure approval of applications
for professional retention.

23.    This project category includes time spent by Chapman on its own retention, the
retention of the Debtor's special regulatory counsel and the retention of the Debtor's special
landlord litigation counsel, all of which were necessary to assist the Debtor in its administration
of the bankruptcy case or the recovery of estate assets.

### E.    Financing and Cash Collateral

Total Fees:    $60,334.00

Total Hours:   86.80

24.    Time entries billed to Financing and Cash Collateral represent work conducted on
behalf of the Debtor in securing critical debtor in possession financing as well as responding to
inquiries and objections with respect to same.

### F.    Contested Matters and Adv. Proc.

Total Fees:    $19,869.50

Total Hours:   24.50

25.     Time entries billed to this category represent work conducted on behalf of the Debtor in responding to Adversary Complaint 19-ap-8270 and to certain other contested matters, including, but not limited to, the motion to convert filed by certain state Attorneys General.

### G.     Communications with Creditors

Total Fees:     $21,122.50

Total Hours:   30.10

26.     Time entries billed to this category represent time spent responding to miscellaneous questions and requests from estate creditors.

### H.     Non-Working Travel

Total Fees:     $4,928.00

Total Hours:   5.60

27.     Time entries billed to this category represent non-working attorney travel time. Chapman has provided a write-down of one-half time billed to this category, which is already reflected in the attached invoice.

### I.     Plan and Disclosure Statement

Total Fees:     $9,024.50

Total Hours:   13.70

28.     Time entries billed to this category represent work done by Chapman attorneys to frame and begin drafting the Debtor's liquidating plan.

### J.     Regulatory Matters

Total Fees:     $56,804.00

Total Hours:   66.00

29.     Time entries billed to this category represent work done by Chapman attorneys to respond to and address regulatory concerns raised by state Attorneys General and certain other state, local and federal regulatory and investigatory entities.  Work billed to this category was

conducted in consultation with the Debtor's special regulatory counsel and was conducted in

such a way as to avoid duplication of services.

### REASONABLE AND NECESSARY SERVICES RENDERED BY CHAPMAN

30.     The foregoing professional services rendered by Chapman on behalf of the Debtor

during the First Interim Period were reasonable, necessary and appropriate given the

circumstances of this small, but complex chapter 11 case.

31.     During the First Interim Period, Chapman advised and assisted the Debtor in

every phase of the chapter 11 case.  The vast majority of the legal services provided to the

Debtor and its estate by Chapman are attributable to the work performed by attorneys in the

firm's bankruptcy group.  However, where necessary, an attorney in the litigation group was

involved with Chapman's representation of the Debtor during the First Interim Period.

32.     Chapman's hourly billing rotes for the attorneys primarily responsible for

managing the Debtor's chapter 11 case range from $485 to $905.  Allowance of compensation in

the amount requested would result in a blended hourly billing rate for attorneys of approximately

$748.30, based on approximately 602.10 attorney hours at Chapman's regular billing rates[6] in

effect at the time of the performance of services.

33.     The hourly rates and corresponding rate structure utilized by Chapman in this

chapter 11 case are equivalent to the hourly rates and corresponding rate structure predominately

used by Chapman for restructuring, workout, bankruptcy, insolvency and comparable matters,

and similar complex corporate and litigation matters whether in Court or otherwise, regardless of

whether a fee application is required.

---

[6]     Taking into account the discount to Steven Wilamowsky's regular billing rate described in paragraph 43.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY CHAPMAN

34.    As set forth in Exhibit "D" attached hereto, Chapman has incurred a total of

$8,583.24 in expenses on behalf of the Debtor during the First Interim Period

35.    Only clients who actually use services of the types set forth in Exhibit "D" of this

Application are separately charged for such services.  The effect of including such expenses as

part of the hourly billing rates would impose that cost upon clients who do not require extensive

services of the type listed.  The actual expenses incurred in providing professional services were

necessary, reasonable and justified under the circumstances to serve the needs of the Debtor in

the chapter 11 case.

## STATUTORY BASIS FOR RELIEF REQUESTED

36.    The statutory basis for relief sought herein are sections 330 and 331 of Title 11 of

the Bankruptcy Code and Bankruptcy Rule 2016, as supplemented by the Local bankruptcy

Rules.  Under Section 330(a)(3) of the Bankruptcy Code, a Court shall consider the following

factors in determining whether the amount of compensation requested is reasonable:

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial
at the time at which the service was rendered toward the completion of, a
case under this title;

(D)    whether the services were performed within a reasonable amount of time
commensurate with the complexity, importance, and nature of the
problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board
certified or otherwise has demonstrated skill and experience in the
bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary
compensation charged by comparably skilled practitioners in cases other

than cases under this title.

*See* Section 330(a)(3) of the Bankruptcy Code.

37.     The philosophy underlying the adoption of section 330 of the Bankruptcy Code is equally applicable to interim compensation. The Bankruptcy Code provides that the same consideration applies to making interim awards of compensation under section 331 as to final allowances under section 330. *See In re Public Service Co. of New Hampshire,* 93 B.R. at 826; *In re International Horizons, Inc.,* 10 B.R. 895 (Bankr. N.D. Ga. 1981). Section 331 of the Bankruptcy Code provides: "A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement." 11 U.S.C. §331.

38.     In the instant case, Chapman respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtor and its estate and were rendered to protect and preserve the Debtor's estate. Chapman respectfully submits that the services rendered to the Debtor were performed economically, effectively and efficiently and that the results obtained to date have benefited not only the Debtor but all stakeholders in the Debtor's chapter 11 case. Chapman further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtor, its estate and all parties in interest.

39.     As demonstrated by this Application and all of the exhibits submitted in support hereof, Chapman spent its time economically and without unnecessary duplication.  In addition, the work conducted was carefully assigned to appropriate attorneys or paraprofessionals according to the experience and level of expertise required for each particular task.  In summary, the services rendered by Chapman were necessary and beneficial to the Debtor and its estate and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.

40.     It is respectfully submitted that the compensation and expenses sought herein by Chapman should be allowed based on the above standard.  The rates charged are typical of other comparably skilled practitioners, and the amount of time spent was reasonable in light of the nature of the issues presented and the complexity of the administration of the Debtor's case.  The services provided were both necessary and beneficial to the administration of the case, the estate and the Debtor's creditors.

41.     Accordingly, Chapman respectfully submits that approval of the compensation and expense reimbursement sought herein is warranted.

42.     This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Application.  Accordingly, Chapman submits that this Application satisfies Rule 9013-1(a) of the Local Bankruptcy Rules.

## **STATEMENT REGARDING UNITED STATES TRUSTEE GUIDELINES**

43.     The following information is provided in response to information requested in the UST Guidelines:

**Question**: Did Chapman agree to any variations from, or alternatives to, Chapman's standard or customary billing arrangements for this engagement?

**Response**: Yes. Steven Wilamowsky's standard billing rate has been discounted from $945 to $905.

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the Debtor?

**Response**: The fees sought are approximately 20% higher than budgeted as a result of greater than expected costs incurred as a result of increased regulatory requests and challenges during the Interim Period, all of which have been discussed with the Debtor.

**Question**: Have any of the professionals whose fees are sought in the Fee Application varied their rate based on the geographic location of the Debtor's chapter 11 case?

**Response**: No.

**Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

**Response**: No.

**Question**: If the Fee Application includes any rate increase since retention, (i) Did your client review and approve those rate increases in advance?; and (ii) Did your client agree when retaining the law firm to accept all future rate increases?

**Response**: The Fee Application does not include a rate increase.

<u>**NOTICE**</u>

44.    A copy of this Application has been provided to the Office of the United States Trustee and the Debtor.

45.    The Debtor will provide notice of this Application in a manner compliant with the Court's *Order Granting Debtor's Motion for Order Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 31], dated June 24, 2019.

46.     Any party in interest may obtain copies of this Application from the Court's ECF System or upon reasonable written request to undersigned counsel.

47.     Chapman respectfully submits that further or different notice of this Application is neither required nor necessary.

48.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, Chapman and Cutler LLP respectfully requests that the Court enter an order granting this Application in its entirety and for such further and different relief as is just, proper and equitable.


Dated:  October 23, 2019
        New York, New York

                                    CHAPMAN AND CUTLER LLP
                                    *Counsel for the Debtor and*
                                    *Debtor in Possession*


                                    By:  /s/Steven Wilamowsky
                                         Steven Wilamowsky
                                         1270 Avenue of the Americas
                                         30th Floor
                                         New York, NY 10020-1708
                                         Telephone: 212.655.6000

                                         -and-

                                         Aaron M. Krieger
                                         111 West Monroe Street
                                         Chicago, IL 60603-4080
                                         Telephone: 312.845.3000

Exhibit A

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Counsel for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                         :    Chapter 11
                                              :
Retrieval-Masters Creditors Bureau, Inc.,[7]  :    Case No. 19-23185 (RDD)
                                              :
                        Debtor.               :
----------------------------------------------------------x

**CERTIFICATION OF STEVEN WILAMOWSKY
PURSUANT TO GENERAL ORDER M-389 REGARDING
THE FIRST INTERIM APPLICATION OF CHAPMAN AND
CUTLER LLP AS ATTORNEYS FOR THE DEBTOR AND
DEBTOR IN POSSESSION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FROM
JUNE 17, 2019 THROUGH SEPTEMBER 30, 2019**

---

[7]     The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

I, Steven Wilamowsky, certify as follows:

1.      I am a partner at the law firm of Chapman and Cutler LLP ("Chapman"), with responsibility for the chapter 11 case of Retrieval-Masters Creditors Bureau, Inc., debtor and debtor in possession (the "Debtor") in respect of, among other things, compliance with: (a) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines") established and adopted by the United States Bankruptcy Court for the Southern District of New York pursuant to General Order M-389; and (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, adopted on January 30, 1996 (the "UST Guidelines" and, collectively, the "Guidelines").

2.      With respect to Section B. I of the Local Guidelines, I certify that:

    a.   I have read Chapman's first interim application for compensation and reimbursement of expenses (the "Application");

    b.   to the best of my knowledge, information and belief: insofar as I can tell after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, unless otherwise specifically noted in this certification and described in the Application;

    c.   except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Chapman and generally accepted by Chapman's clients; and

    d.   in providing a reimbursable service, Chapman does not make a profit on the service, whether the service is performed by Chapman in-house or through a third-party.

3.      With respect to Section B.3 of the Local Guidelines, I certify that the U.S. Trustee will be provided with a copy of the application concurrently with the filing thereof and will have

at least 14 days to review such Application prior to any objection deadline with respect thereto.


Dated:  October 23, 2019
        New York, New York




                                        By:  /s/Steven Wilamowsky
                                             Steven Wilamowsky
                                             1270 Avenue of the Americas
                                             30th Floor
                                             New York, NY 10020-1708
                                             Telephone: 212.655.6000

Exhibit B

| Project Category | Hours | Total Billed |
|---|---|---|
| Asset Analysis and Recovery | 27.6 | $23,072.50 |
| Contract Assumption and Rejection | 20.7 | $17,638.00 |
| Case Administration and Corporate Governance | 334.3 | $205,716.50 |
| Employment Applications | 81.8 | $58,759.00 |
| Financing and Cash Collateral | 86.8 | $60,334.00 |
| Contested Matters and Adv. Proc. | 24.5 | $19,869.50 |
| Communications with Creditors | 30.1 | $21,122.50 |
| Non-Working Travel | 5.6 | $4,928.00 |
| Plan and Disclosure Statement | 13.7 | $9,024.50 |
| Regulatory Matters | 66 | $56,804.00 |
| Total | 691.10 | $477,268.50 |

Exhibit C

| Professional Name | Year of Admission | Practice Area | Hours Billed | Billing Rate | Billed Amount |
|---|---|---|---|---|---|
| Wilamowsky, Steven | [1995] | Bankruptcy | 290.40 | 905.00 | $262,812.00 |
| Krieger, Aaron M | 2014 | Bankruptcy | 261.30 | 625.00 | $163,312.50 |
| Jacobson, Bryan E | 2009 | Litigation | 50.40 | 485.00 | $24,444.00 |
| Wright, Patricia A | N/A | N/A | 89.00 | 300.00 | $26,700.00 |

Exhibit D

Time Entries Attached

# Chapman and Cutler LLP

**Wire Transfer Instructions:**
  **Include Invoice/Matter Number**
  Chapman and Cutler LLP
  JP Morgan Chase Bank, N.A.
   Account Number: 816689533
   ABA Number: 021000021
  SWIFT Address: CHASUS33

**Please Return this Page**
**with Payment to:**
P.O. Box 71291
Chicago, Illinois  60694

Employer ID #: 36-2153731

| | |
|---|---|
| Matter No.: | 7022536 |
| Date: | October 22, 2019 |
| Invoice #: | 1872321 |

## INVOICE REMITTANCE

Mr. Russell Fuchs, President
Retrieval Masters Creditors' Bureau
4 Westchester Plaza
Elmsford, NY  10523

| | |
|---|---|
| Total Fees | $ 477,268.50 |
| Other Charges and Disbursements | $ 8,583.24 |
| TOTAL THIS INVOICE | $ 485,851.74 |

CHAPMAN AND CUTLER LLP

| | |
|---|---|
| Matter No.: | 7022536 |
| Date: | October 22, 2019 |
| Invoice #: | 1872321 |

INVOICE

Mr. Russell Fuchs, President
Retrieval Masters Creditors' Bureau
4 Westchester Plaza
Elmsford, NY  10523

**Fees**

Asset Analysis and Recovery

| Date | Atty | Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 6/24/19 | SW | Conference call w/CareCentrix counsel re request for OCR filings, other issues (.6); internal discussions re same (.6). | 1.20 | 1,086.00 |
| 6/28/19 | SW | T/c w/Mr. Hao re deal for receivables and internal discussions re same. | .40 | 362.00 |
| 7/01/19 | SW | Review proposed Optum terms of agreement (.5); discussions internally re same (.8); mark-up for discussion (.7); t/c w/Optum counsel (.2). | 2.20 | 1,991.00 |
| 7/09/19 | SW | Review cash position, and t/c w/Mr. Wollman and then w/Mr. Scher re same (.4); prepare form of comfort order to try get payments flowing from ▮▮▮▮▮ (.4); attention to MOR status and state of schedules discussions (.6). | 1.40 | 1,267.00 |
| 7/10/19 | SW | Review lengthy email from Mr. Sugden (.2); team call re same (.6); mark-up of draft, circulate around, and send back to Mr. Sugden (.8); t/c w/Mr. Levick for Conduent (.2); review Conduent files (.6); t/c w/Ms. Pekerman of IronSure re excess coverage, possibility for additional recoveries (.2). | 2.60 | 2,353.00 |
| 7/11/19 | BEJ | Analysis of issues/legal research re ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and electronic correspondence re same. | 1.80 | 873.00 |
| 7/17/19 | SW | T/c w/Mr. Sugden re Optum/Quest, and related exchange of emails (.6); review spreadsheets related to same (.8); internal discussions re same (.5); t/c w/Conduent re EZPass receivables (.3); internal discussions re same (.4). | 2.60 | 2,353.00 |
| 7/18/19 | SW | Conference call w/Messrs. Wollman, Fuchs, Roller, Scher, and Krieger re preparing counteroffer to Optum/Quest (1.1); further drafting related to same (.5); begin drafting motion to obtain comfort order that will allow insurer payments to flow (1.9). | 3.50 | 3,167.50 |
| 7/22/19 | SW | Review and redraft of comfort order motion to include Ironshore (1.2); t/c and emails w/Ms. Peckerman (Ironshore) re same (.2); review options re l'lord state court action (.4). | 1.80 | 1,629.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 7/26/19 | SW | Follow up re EZPass (.1); changes to comfort order motion (.4). | .50 | 452.50 |
| 8/07/19 | SW | Meeting ██████████████████████████████████████ ████████████████████████████████████, and return to office. | 2.00 | 1,810.00 |
| 8/09/19 | SW | Review and comment on ████████████████ (.3); research re ████████████ (2.1). | 2.40 | 2,172.00 |
| 8/27/19 | SW | Research related to Conduit recovery issues (.3); team emails re same (.2); draft stipulation settling claims and netting recovery to debtor (2.6); t/c w/Mr. Weinberg re same (.1); t/c w/Mr. Wollman re same (.1) | 3.30 | 2,986.50 |
| 9/19/19 | PAW | Compile executed version of stipulation and proposed order with Conduent State & Local Solutions, LLC (.1); draft notice of presentment (1.8); email exchange with S. Wilamowsky concerning same (,2). | 1.10 | 330.00 |
| 9/19/19 | PAW | Attention to filing and service of notice of presentment of stipulation and proposed order between Debtor and Conduent State & Local Solutions, LLC. | .80 | 240.00 |
| | | Task Sub-Total | 27.60 | $ 23,072.50 |

Contract Assumption and Rejection

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/24/19 | SW | Letter to ██████████████████████████ re same, and related ██████████ issues (.3). | .70 | 633.50 |
| 7/02/19 | SW | Review and revise draft motion to assume End Point agreement (.8); t/c w/Mr. Krieger re same (.2); revise per team suggestions and research related to same (2.2). | 3.20 | 2,896.00 |
| 7/02/19 | AMK | Attention to assumption motion (.9). | .90 | 562.50 |
| 7/10/19 | AMK | Attention to notice of presentment re assumption motion. | .50 | 312.50 |
| 7/11/19 | SW | Review ████████████ (1); numerous discussions internally re same (.4); review End Point motion, drill down on cure (.4). | 1.80 | 1,629.00 |
| 8/13/19 | SW | Exchange emails and t/c w/Mr. Wollman re Twillio. | .30 | 271.50 |
| 8/20/19 | SW | Review of files and deal w/Baker Hostetler client requests, including review of letters and demands (.8); t/c w/Mr. Wollman re same (.2). | 1.00 | 905.00 |
| 9/06/19 | PAW | Call from Chambers regarding agreed Stipulation (.2); Organize September 13th hearing binder (.5). | .70 | 210.00 |
| 9/12/19 | SW | Review and revise Conduent stipulation and t/c's and emails w/Mr. Levick re same (1.6); review spreadsheet (.1) | 1.70 | 1,538.50 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 9/19/19 | SW | Revise draft Conduent stipulation, and several iterations of discussion w/Mr. Levick (.5); review and t/c/ w/███████ ████████████████ (.4); review spreadsheet of lists for rejection and potential creditor add-ons, and internal discussions re same (1.1) | 2.00 | 1,810.00 |
| 9/23/19 | SW | Complete first draft of omnibus rejection motion (2.2); draft notice (.4); draft associated order, including looking at bar date order and conforming and reviewing models (.9); research related to same (1.2). | 4.70 | 4,253.50 |
| 9/23/19 | AMK | Review and comment on contract rejection motion. | 1.00 | 625.00 |
| 9/24/19 | SW | Review and redraft settlement w/Optum based on most recent draft, and circulate to client. | 1.30 | 1,176.50 |
| 9/25/19 | SW | Review list of potential rejections and exchange emails w/Mr. Wollman re same (.3); t/c w/Mr. Fuchs re comments to Quest settlement (.2); review markup and send to Mr. Sugden (.4) | .90 | 814.50 |
| | | Task Sub-Total | 20.70 | $ 17,638.00 |

Case Admin and Corp Gov

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/17/19 | SW | Finalize first day declaration and incorporate changes from declarant (.9); final changes to 105 motion (.8); review balance of first day motions and suggest changes (2.2); respond to numerous creditor inquiries, and t/c's among professionals re same (1.7) | 5.60 | 5,068.00 |
| 6/17/19 | PAW | Telephone conference with S. Wilamowsky and A. Krieger regarding filing of petition and first day motions; attention to filing of same. | 2.30 | 690.00 |
| 6/17/19 | AMK | Finalize and file first day motions (5.5); conferences with client and internal team re first day motion (1.5); confer with UST re same (.5); attention to task list re upcoming deadlines and motions (1) | 8.50 | 5,312.50 |
| 6/18/19 | SW | Conference calls w/clients re regulatory response issues, stay issues (1.1); meet w/Mr. Krieger re various service issues, continue to compile lists, coordinate w/team re same (1.3); emails and calls w/Messrs. Krieger, Spears, and Fuchs re CareCentrix demands (.5) | 2.90 | 2,624.50 |
| 6/18/19 | PAW | Prepare index, duplicate Petition and First Day Motions and forward same to Chambers and UST Office (2.8).  Call to Clerk's office regarding procedures for listing international addresses in creditors' matrix (.1); Upload creditors' matrix to CM/ECF (.3). Create case docket calendar of upcoming hearing dates and deadlines (.9). | 4.10 | 1,230.00 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/18/19 | AMK | Attention to notice and service of chapter 11 petition and related first day motions (4.7); confer with client and team re same (1.3); attention to finalizing and filing of creditor matrix (1.8); respond to UST questions and requests (1.2); attention to memorandum re debtor-in-posession rights and responsibilities (.6). | 8.60 | 5,375.00 |
| 6/19/19 | SW | Catch-up call re NYSAG and sister states requests, 105 issues (1.); several emails and t/c's w/Mr. Russell of NYSAG (.4); stay letter to ▉▉▉▉▉ and related background research (.7). | 2.10 | 1,900.50 |
| 6/19/19 | PAW | Attention to electronic filing of Petition and First Day Motions and pro hac vice application of A. Krieger (.9); respond to creditors' inquiry concerning service of same (.3); Prepare certificate of service of Petition and First Day Motions (.4); prepare affidavit of electronic service of Petition and First Day Motions (.4); prepare package to Chambers of Petition and First Day Motions (.5); Attention to electronic filing of certificate of service and affidavit of electronic service (.4);  Prepare hearing binders for hearing on First Day Motions (1.3). | 4.20 | 1,260.00 |
| 6/19/19 | AMK | Attention to questions re ongoing business operations (1.2); attention to email service of chapter 11 petition and first day motions (1.7) | 2.90 | 1,812.50 |
| 6/20/19 | SW | Review purported ▉▉▉▉▉▉▉▉▉ (.7); meeting at S&I to prepare Mr. Fuchs for possible testimony in support of first-day hearing tomorrow (1.); conference call w/active state AG's to attempt to resolve 105 motion, and follow-up internal discussions (1.7); prepare written settlement proposal and vet internally before sending (.8); meeting w/independent director (.5); t/c's w/Messrs. Krieger and then Halperin re staffing (.5); stay violation letter to ▉▉▉▉▉ (.5); dealings w/India call center and related negotiations and client calls (1.4); prepare for hearing tomorrow (1.1) | 8.20 | 7,421.00 |
| 6/20/19 | AMK | Attention to questions re ongoing business operations (1); prepare for first day hearing (4.5); calls and meetings with client re first day hearing (3); attention to preparation of ongoing task list and case calendar (2); confer with UST (.2) | 10.70 | 6,687.50 |
| 6/21/19 | SW | Drive to White Plains courthouse and back (non-working travel) | 4.80 | 4,344.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/21/19 | SW | Review pleadings, draft notes, in preparation for first day hearing (2.2); meet w/client at courthouse and discussions w/parties before hearing (.3); post-hearing discussions w/former client parties seeking information (.9); attention to orders and next steps (.6) | 4.00 | 3,620.00 |
| 6/21/19 | PAW | Review and revise case status chart. | 2.50 | 750.00 |
| 6/21/19 | AMK | Prepare for first day hearing (3.5); participate at first day hearing (1.5); debrief with clients following hearing (1) | 5.00 | 3,125.00 |
| 6/23/19 | AMK | Revise first day orders for submission. | 2.30 | 1,437.50 |
| 6/24/19 | BEJ | Electronic correspondence and conference re First Day Orders and case management order. | .50 | 242.50 |
| 6/24/19 | BEJ | Conference re Utilities Motion. | .20 | 97.00 |
| 6/24/19 | SW | Morning update call w/clients and co-counsel (1.5);  t/c w/Ms. Kirshner re employment certainty issues (.2); work on project categories w/Mr. Krieger, and exchanges of emails related to same (.3). | 2.00 | 1,810.00 |
| 6/24/19 | PAW | Telephone calls with Chambers regarding first omnibus hearing date (.4); compile and email proposed first day orders and pro hac vice order to Chambers (.9). | 1.30 | 390.00 |
| 6/24/19 | AMK | Attention to first day orders and service of same (2); revise utilities motion (1). | 3.00 | 1,875.00 |
| 6/25/19 | BEJ | Electronic correspondence and conferences re service of orders to Affected Entity, Debtor and US Trustee. | .60 | 291.00 |
| 6/25/19 | SW | Review and revise utilities motion (.5); attention to task list and other potential motions (.6). | 1.10 | 995.50 |
| 6/25/19 | PAW | Review case management order (.2); respond to A. Krieger's email regarding service parties (.2). | .40 | 120.00 |
| 6/25/19 | AMK | Respond to UST requests (1); revise utilities motion (1); attention to internal case management matters (.2); attention to DIP motion (1.3). | 3.50 | 2,187.50 |
| 6/26/19 | SW | Stay letter to ███████████. | .50 | 452.50 |
| 6/26/19 | PAW | Update service lists (.9); attention to electronic service of first day orders (.8); research re ████████████ (1.3). | 3.00 | 900.00 |
| 6/26/19 | AMK | Attention to notice and service questions | 1.10 | 687.50 |
| 6/26/19 | AMK | Finalize utilities motion | .80 | 500.00 |
| 6/26/19 | AMK | Respond to question re payroll | .30 | 187.50 |
| 6/27/19 | PAW | Prepare affidavit of electronic service and certificate of service of first day orders (1.1); electronic filing of same (.4); email to S. Wilamowsky regarding same (.1).  Attention to filing Utilities Motion (.3). | 1.90 | 570.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/27/19 | AMK | Attention to filing utilities motion | .50 | 312.50 |
| 6/28/19 | BEJ | Electronic correspondence re Utilities Motion. | .20 | 97.00 |
| 6/28/19 | SW | Morning conference call w/team re: need for financing, collections on A/R, related issues (1); follow up w/detailed email re same (.5); t/c and exchange of emails w/Mr. Abriano re IDI dates (.2). | 1.70 | 1,538.50 |
| 6/28/19 | PAW | Update service list of affected entities (.3); attention to electronic service of Utilities Motion (.4); prepare affidavit of electronic service and certificate of mailing of Utilities Motion (1.2);  call to Clerk of Court regarding deficiencies notice (.2). | 2.10 | 630.00 |
| 6/28/19 | AMK | Attention to service re utilities motion | .50 | 312.50 |
| 6/28/19 | AMK | Attention to pending case deadlines | 1.30 | 812.50 |
| 7/01/19 | PAW | Update status chart; forward same to team. | .60 | 180.00 |
| 7/01/19 | PAW | Attention to filing of compensation disclosure. | .60 | 180.00 |
| 7/01/19 | PAW | Attention to electronic filing of affidavit of electronic service and certificate of service of Utility Motion. | .20 | 60.00 |
| 7/01/19 | PAW | Respond to S. Wilamowsky's inquiry regarding case calendar management. | .20 | 60.00 |
| 7/01/19 | AMK | Attention to service issues (.5); confer re case status (.8); attention to filing responsive to counsel compensation disclosures (1.3); attention to case strategy and planning (.9). | 3.50 | 2,187.50 |
| 7/02/19 | AMK | Attention to adjournment of 341 meeting (.6); attention to monthly reporting requirements (1.2). | 1.80 | 1,125.00 |
| 7/03/19 | SW | Conference call w/Messrs. Krieger, Scher, and Wollman re schedules, monthly operating reports, upcoming deadlines, walking CFO through process. | 1.30 | 1,176.50 |
| 7/03/19 | PAW | Update service lists for service of (i) Notice of Rescheduled 341(a) Meeting and (ii) Motion to Assume Software Consulting Agreement with End Point Corporation. | 1.20 | 360.00 |
| 7/03/19 | PAW | Coordinate service of (i) Notice of Rescheduled 341(a) Meeting and (ii) Motion to Assume Software Consulting Agreement with End Point Corporation. | .30 | 90.00 |
| 7/03/19 | PAW | Prepare for and attention to electronic service of (i) Notice of Rescheduled 341(a) Meeting and (ii) Motion to Assume Software Consulting Agreement with End Point Corporation. | .80 | 240.00 |
| 7/03/19 | PAW | Attention to case calendar updates. | .50 | 150.00 |
| 7/03/19 | AMK | Attention to monthly reporting requirements and Schedules preparation. | 2.80 | 1,750.00 |
| 7/05/19 | AMK | Attention to case management and corporate governance questions. | 2.20 | 1,375.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 7/08/19 | SW | Dealing w/wage order and healthcare premium issues, including contacts w/employee counsel. | .50 | 452.50 |
| 7/08/19 | PAW | Prepare affidavit of electronic service and certificate of service of (i) Notice of Rescheduled 341(a) Meeting and (ii) Motion to Assume Software Consulting Agreement with End Point Corporation. | 1.00 | 300.00 |
| 7/08/19 | PAW | Attention to filing of affidavit of electronic service and certificate of service of the (i) Notice of Rescheduled 341(a) Meeting and (ii) Motion to Assume Software Consulting Agreement with End Point Corporation. | .50 | 150.00 |
| 7/08/19 | AMK | Attention to UST requests (.4); review docket re appearance questions (.3); attention to service issues (.5). | 1.20 | 750.00 |
| 7/09/19 | SW | Review letter to UST ██████████████████; internal discussions re same (.1); review case law related to same (.4). | .70 | 633.50 |
| 7/09/19 | AMK | Prepare for upcoming omnibus. | 1.50 | 937.50 |
| 7/10/19 | SW | Review litigation demand letters and respond w/stay letters. | 1.60 | 1,448.00 |
| 7/10/19 | PAW | Calls to Chambers requesting omnibus hearing dates. | .20 | 60.00 |
| 7/10/19 | PAW | Draft certificates of no objection regarding (i) Utility Motion and (ii) Motion to Assume Software Consulting Agreement (1.2); review Case Management Order and Local Rules regarding same (.4). | 1.60 | 480.00 |
| 7/10/19 | AMK | Attention to notice of presentment re utilities motion (.5); attention to cash management issues (.7). | 1.20 | 750.00 |
| 7/11/19 | BEJ | Review/Revise Certificate of No Objection. | .40 | 194.00 |
| 7/11/19 | PAW | Draft certificate of no objection to Utility Motion (.8); draft certificate of no objection to Motion to Assume Software Consulting Agreement with End Point Corporation (.8); update service lists regarding service of certificates of no objection (.4); attention to filing and service of certificates of no objection (1.4). | 3.40 | 1,020.00 |
| 7/11/19 | PAW | Calls to Chambers to obtaining omnibus hearing dates (.2); email to internal team regarding same (.1); draft notice of omnibus hearing dates (.4); attention to electronic filing and service of notice of omnibus hearing dates (.5). | 1.20 | 360.00 |
| 7/12/19 | SW | Letter to Ms. Nakano of the Office of the United States Trustee setting forth position of the Debtor with respect to ████████████, revisions to same, and research related to same (2.0); review and revise agenda letter (.3). | 2.30 | 2,081.50 |
| 7/12/19 | PAW | Draft Notice of Agenda of July 16, 2019 hearing. | 1.20 | 360.00 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 7/12/19 | PAW | Prepare and forward emails to Chambers regarding proposed Utility order and order assuming Software Consulting Agreement with End Point Corporation (.8); prepare Amended Omnibus Hearing Dates (.3); attention to filing of same (.4); attention to filing of retention application (.3); attention to filing and service of (i) Amended Notice of Omnibus Hearing Dates (ii) Statement in further support of Debtor's 105(a) Motion and (iii) Notice of Agenda of Matters Scheduled for Hearing on July 16, 2019 (1.1). | 2.90 | 870.00 |
| 7/12/19 | AMK | Prepare for upcoming omnibus (1.5); attention to omnibus agenda (1.5). | 3.00 | 1,875.00 |
| 7/13/19 | AMK | Attention to MOR revisions (2); attention to service and internal communications re recent filings (1.7). | 3.70 | 2,312.50 |
| 7/15/19 | PAW | Call with Chambers regarding August hearing dates. | .10 | 30.00 |
| 7/15/19 | PAW | Update service list; prepare and file affidavit of service regarding service of various documents. | .90 | 270.00 |
| 7/15/19 | PAW | Prepare binder for July 16th hearing. | .50 | 150.00 |
| 7/15/19 | PAW | Attention to filing of monthly operating report. | .30 | 90.00 |
| 7/15/19 | AMK | Prepare for omnibus hearing (1.4); respond to UST requests re same (.7); finalize and file MOR (1.3). | 3.40 | 2,125.00 |
| 7/16/19 | SW | T/c w/████████████, and review related letter (.4); discussions w/client and internally related to same (.3); respond to creditor inquiries (.4). | 1.10 | 995.50 |
| 7/16/19 | PAW | Email to Chambers forwarding proposed orders for consideration. | .30 | 90.00 |
| 7/16/19 | PAW | Attention to service of monthly operating report. | .40 | 120.00 |
| 7/16/19 | PAW | Updates to Master Service List. | .30 | 90.00 |
| 7/16/19 | AMK | Attend and participate at omnibus hearing and preparation for same (3); attention to service issues (.5); attention to preparation of revised orders (1.6). | 5.10 | 3,187.50 |
| 7/17/19 | SW | Review demand and draft stay letter to ██████ respond to client inquiries re same and coordinate w/state court counsel. | 1.00 | 905.00 |
| 7/17/19 | PAW | Call to Chambers requesting hearing date for DIP Motion; confer with S. Wilamowsky regarding same. | .30 | 90.00 |
| 7/17/19 | PAW | Prepare and file affidavit of service of monthly operating report. | .40 | 120.00 |
| 7/17/19 | PAW | Updates to Master Service List (.5); attention to service of (i) Motion to Dismiss Adversary Proceeding and (ii) Application to Retain Chapman as Debtor's counsel (1.1). | 1.60 | 480.00 |
| 7/17/19 | AMK | Attention to preparation of Schedules and Statements (1.8); attention to hearing follow-up (1). | 2.80 | 1,750.00 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 7/18/19 | PAW | Attention to filing Notice of Appearance in the adversary proceeding. | .30 | 90.00 |
| 7/19/19 | PAW | Attention to service of Orders entered on 07/06/2019 and 07/07/2019. | 1.00 | 300.00 |
| 7/19/19 | AMK | Attention to preparation of Schedules and Statements (2.4). | 2.80 | 1,750.00 |
| 7/22/19 | SW | Review Juan Sanchez consulting agreement (.2); internal discussions re same (.3); emails and t/c w/Mr. Wollman re requested IDI (.3); t/c and email w/Mr. Abriano re same (.2); | 1.00 | 905.00 |
| 7/23/19 | PAW | Prepare and file affidavit of service of Orders entered by Court on July 16th and 17th. | .70 | 210.00 |
| 7/23/19 | AMK | Confer re preparation of schedules and statements. | .70 | 437.50 |
| 7/24/19 | BEJ | Electronic correspondence with creditor re filing of proof of claim. | .20 | 97.00 |
| 7/24/19 | BEJ | Electronic correspondence re petition schedules. | .40 | 194.00 |
| 7/24/19 | AMK | Confer re preparation of schedules and statements. | .70 | 437.50 |
| 7/25/19 | AMK | Confer re preparation of schedules and statements. | .60 | 375.00 |
| 7/26/19 | SW | Review new lawsuit and exchanges of emails w/Messrs. Jacobson and Krieger re responding. | .30 | 271.50 |
| 7/26/19 | AMK | Confer re preparation of schedules and statements. | .50 | 312.50 |
| 7/29/19 | BEJ | Final revisions to Insurance Motion, prepare same for filing and service. | .70 | 339.50 |
| 7/29/19 | SW | Begin review drafts SOFA's and schedules and respond to questions relating to same. | 2.60 | 2,353.00 |
| 7/29/19 | AMK | Review and revise schedules and statements. | 4.80 | 3,000.00 |
| 7/30/19 | SW | Meeting w/Mr. Scher in our offices to discuss path forward, plus current case issues, and prepare for financing hearing (1.1); begin review full set draft schedules, and coordinate w/Mr. Krieger re same (1.8) | 2.90 | 2,624.50 |
| 7/30/19 | PAW | Review docket for notice of appearance updates (.2); email with Messrs. Krieger and Jacobson regarding service of motions filed on 07/29/2019 (.2); attention to filing corrected insurance policies motion (.4); prepare service email of insurance policies motion and motion to retain Morvillo Abramowitz as Special Regulatory Counsel (.3) | 1.10 | 330.00 |
| 7/30/19 | PAW | Attention to electronic and hard copy service of (i) Motion Authorizing Payment of Expenses Under Insurance Policies and (ii) Motion to Retain Morvillo Abramowitz as Special Regulatory Counsel. | .50 | 150.00 |
| 7/30/19 | AMK | Review and revise schedules and statements (3.4); attention to notice and service issues (1); attention to UST requests re cash management issues (1). | 5.40 | 3,375.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 7/31/19 | SW | Final review of SOFA's and schedules prior to filing, and respond to numerous last-minute questions and clarifications. | 2.70 | 2,443.50 |
| 7/31/19 | PAW | Prepare and file affidavit of service of (i) Morvillo Abramowitz Retention Application and (ii) Motion Authorizing Payment of Expenses Under Insurance Policies | .60 | 180.00 |
| 7/31/19 | PAW | Attention to filing of Debtor's Schedules and Statement of Financial Affairs; email to team forwarding as filed copies of same. | .70 | 210.00 |
| 7/31/19 | AMK | Finalize and file schedules and statements. | 4.60 | 2,875.00 |
| 8/01/19 | PAW | Call with A. Krieger, B. Jacobson and B. Jenkins regarding service of Schedules and Statement of Financial Affairs. | .20 | 60.00 |
| 8/01/19 | PAW | Attention to updating service list of all creditors and 2002 parties and electronic service list (1.6); attention to service of Debtor's Schedules and Statement of Financial Affairs (1.0). | 2.60 | 780.00 |
| 8/01/19 | AMK | Attention to UST debtor interview, preparation and followup for same (4.2); attention to service issues re schedules and statements (1.1). | 5.30 | 3,312.50 |
| 8/02/19 | BEJ | Electronic correspondence re creditors list. | .20 | 97.00 |
| 8/02/19 | PAW | Prepare affidavit of service of Schedules and Statement of Financial Affairs (.5); electronic filing of same on the Court's docket (.3) | .80 | 240.00 |
| 8/02/19 | AMK | Draft bar date motion (1.8); attention to revised schedules and related matters (1.3). | 3.10 | 1,937.50 |
| 8/04/19 | AMK | Attention to upcoming case tasks. | 1.60 | 1,000.00 |
| 8/05/19 | BEJ | Conference and electronic correspondence re updated list of creditors. | .20 | 97.00 |
| 8/05/19 | SW | Prep session w/Messrs. Krieger and Wollman re upcoming 341 meeting (.6); review schedules and SOFA in advance of same (1.2) | 1.80 | 1,629.00 |
| 8/05/19 | PAW | Prepare certificate of service of Schedules and Statement of Financial Affairs (.5); email to A. Krieger for approval (.1). | .60 | 180.00 |
| 8/05/19 | AMK | Attention to issues relating to utilities services. | 1.10 | 687.50 |
| 8/05/19 | AMK | Attention to service issues re schedules and statements (.6); attention to hearing preparation (.8). | 1.40 | 875.00 |
| 8/06/19 | SW | Preparatory session w/Mr. Wollman for meeting of creditors (.8); attend meeting of creditors (1.); follow-up with client on open items and w/Mr. Krieger (1.2) | 2.10 | 1,900.50 |
| 8/06/19 | PAW | Draft Notice of Agenda for August 8th hearing (.4); attention to revisions to same per S. Wilamowsky's comments (.2). | .60 | 180.00 |
| 8/06/19 | PAW | Attention to Court filing and electronic service of Notice of Agenda and Reply to DIP Financing objections. | 1.10 | 330.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 8/06/19 | AMK | Attention to hearing preparation. | 1.20 | 750.00 |
| 8/06/19 | AMK | Draft bar date motion. | 1.60 | 1,000.00 |
| 8/07/19 | PAW | Call from Chambers requesting rescheduling of September omnibus hearing date; confer with S. Wilamowsky regarding same. | .30 | 90.00 |
| 8/07/19 | PAW | Prepare and file affidavit of service of Notice of Agenda and Reply to DIP Financing objections. | 1.20 | 360.00 |
| 8/07/19 | PAW | Prepare hearing binder for S. Wilamowsky in preparations of August 8th hearing. | .50 | 150.00 |
| 8/07/19 | AMK | Attention to issues relating to revised schedules. | 1.80 | 1,125.00 |
| 8/08/19 | PAW | Contact with vendor requesting copy of August 8th transcript of hearing. | .20 | 60.00 |
| 8/08/19 | PAW | Call from Chambers regarding September omnibus hearing date. | .20 | 60.00 |
| 8/08/19 | AMK | Attention to issues relating to revised schedules. | 1.10 | 687.50 |
| 8/09/19 | PAW | Follow up call with Chambers regarding hearing dates. | .20 | 60.00 |
| 8/09/19 | PAW | Draft Notice of Adjournment of Omnibus Hearing Date. | .50 | 150.00 |
| 8/10/19 | AMK | Draft bar date motion. | 1.50 | 937.50 |
| 8/13/19 | SW | Review emails and attachments related to file returns to Baker Hostetler clients (.8); t/c w/Mr. Wollman re same (.2); communications w/Lewis Brisbois and Mr. Wollman re their clients (.4); review 7/13 hearing transcript and circulate (.6); negotiations and internal discussions re trying to resolve ██████████ (1.3) | 3.30 | 2,986.50 |
| 8/13/19 | PAW | Telephone call from Chambers regarding September Omnibus Hearing Date. | .20 | 60.00 |
| 8/13/19 | AMK | Draft bar date motion (2.5); attention to revised MOR filing (.2). | 2.70 | 1,687.50 |
| 8/14/19 | BEJ | Review pending case deadlines. | .40 | 194.00 |
| 8/14/19 | SW | T/c w/███████████████████████████ (.2); discussion w/██████████████ (.2); t/c w/████████ re same (.1); research re related issues (.4); review tomorrow's filings (1). | 1.90 | 1,719.50 |
| 8/14/19 | AMK | Attention to July MOR, revised June MOR and revised top-20 filings and comments re same (2.8); attention to issues related to tax preparation (.4). | 3.20 | 2,000.00 |
| 8/15/19 | AMK | Attention to July MOR, revised June MOR and revised top-20 filings and comments re same (2.4). | 2.40 | 1,500.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 8/16/19 | PAW | Attention to electronic filing and service of (i) July 2019 Monthly Operating Report, (ii) Revised June 2019 Monthly Operating Report, (ii) Amended List of Twenty Largest Unsecured Creditors and (iv) Declaration re: Amended List of Twenty Largest Unsecured Creditors. | 1.30 | 390.00 |
| 8/16/19 | PAW | Attention to preparation of affidavit of service of (i) July 2019 Monthly Operating Report, (ii) Revised June 2019 Monthly Operating Report, (ii) Amended List of Twenty Largest Unsecured Creditors and (iv) Declaration re: Amended List of Twenty Largest Unsecured Creditors. | .50 | 150.00 |
| 8/16/19 | AMK | Attention to service of July MOR, revised June MOR and revised top-20 filings and comments re same. | 1.00 | 625.00 |
| 8/19/19 | BEJ | Electronic correspondence re rescheduling of omnibus hearing. | .20 | 97.00 |
| 8/19/19 | SW | T/c w/█████████████████ (1.2); numerous t/c's and emails w/█████████████████ (.4); t/c w/Mr. Spears re same (.3). | 1.90 | 1,719.50 |
| 8/19/19 | PAW | Call from Chambers regarding rescheduling of the December omnibus hearing date (.1); prepare notice of rescheduling and forward same to A. Krieger for review (.3). | .40 | 120.00 |
| 8/19/19 | PAW | Attention to electronic filing of affidavit of service of the August 16th filings. | .20 | 60.00 |
| 8/19/19 | AMK | Attention to questions re case management (1); attention to revisions to bar date motion (2.2). | 3.20 | 2,000.00 |
| 8/20/19 | SW | Review and provide comments to bar date motion and attachments (.8); research related to same (2). | 2.80 | 2,534.00 |
| 8/20/19 | AMK | Attention to revisions to bar date motion. | 1.20 | 750.00 |
| 8/21/19 | SW | T/c and emails w/██████████████████████ . | .40 | 362.00 |
| 8/22/19 | PAW | Telephone calls from Chambers regarding cancellation of September Omnibus Hearing Date; email to S. Wilamowsky and A. Krieger regarding same. | .50 | 150.00 |
| 8/23/19 | PAW | Draft notices of adjournment regarding (i) omnibus hearing dates (ii) Chapman's retention application and (iii) motion to dismiss adversary proceeding. | 1.50 | 450.00 |
| 8/26/19 | SW | Final review of bar date motion draft prior to distribution (.7); t/c w/Mr. Krieger re same (.2); emails w/draft to UST plus AG's (.2); internal discussions re same (1); review remaining items sent by Mr. Wollman to satisfy outstanding UST requests (.8); internal discussions and calls re ████████ █████████████████ (.5). | 3.20 | 2,896.00 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 8/26/19 | AMK | Attention to questions re UST reporting requirements. | 1.50 | 937.50 |
| 8/26/19 | AMK | Attention to bar date issues. | 1.50 | 937.50 |
| 8/27/19 | SW | Negotiations w/ ██████████████████████, including calls w/client and counsel (1); t/c w/Mr. Polega re █████████ and review of bk issue related to same (.8). | 1.80 | 1,629.00 |
| 8/28/19 | SW | Review notices of adjournment, and emails w/Ms. Wright re same (.3); follow up on bar date issues (1). | 1.30 | 1,176.50 |
| 8/28/19 | PAW | Telephone call with Chambers regarding adjournment of the motion to dismiss and pretrial conference from November 14, 2019 to January 14, 2020 (.3); email to S. Wilamowsky concerning same (.1). | .40 | 120.00 |
| 8/28/19 | PAW | Revisions to notice of adjournment of hearing on the (i) motion to dismiss and (ii) pretrial conference in the adversary proceeding (.2); and notice of adjournment of all matter schedule for the September 12th hearing date (.3). | .50 | 150.00 |
| 8/28/19 | AMK | Attention to bar date motion comments. | 1.50 | 937.50 |
| 8/28/19 | AMK | Attention to notice and service issues. | 1.50 | 937.50 |
| 8/29/19 | SW | Final review and proposed final language changes to bar date motion (.4); internal discussions re publication (.5); research related to ███████████████ (2.3); review emails received from suspicious sender (.2); review notices of adjournment and internal discussions re same (.3). | 3.70 | 3,348.50 |
| 8/29/19 | PAW | Further revisions to notice of adjournment of the September 12th hearing (.3); review of MDL proceeding and respond to S. Wilamowsky's inquiry (.3); review bar date motion (.3); respond to A. Krieger's inquiry concerning same (.1). | 1.00 | 300.00 |
| 8/29/19 | PAW | Review docket and update Master Service List (.8); electronic service of (i) Bar Date Motion and (ii) Notice Rescheduling September 12th hearing (.3). | 1.10 | 330.00 |
| 8/29/19 | AMK | Finalize bar date motion for filing. | 3.10 | 1,937.50 |
| 8/30/19 | PAW | Draft affidavit of service of (i) bar date motion and (ii) notice of adjournment of the September 12th omnibus hearing. | .50 | 150.00 |
| 8/30/19 | PAW | Attention to electronic filing of (i) bar date motion and (ii) notice of adjournment of the September 12th omnibus hearing (.2); prepare packages to Chambers and UST forwarding copy of bar date motion and notice of adjournment (.5). | .70 | 210.00 |
| 9/05/19 | PAW | Draft cover pages to revised pleadings (.6); Electronic filing and service of revised pleadings (1.9); draft notice of agenda of the September 13th hearing (.8). | 3.30 | 990.00 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 9/06/19 | SW | Review Texas objection to bar date motion and t/c w/Mr. Krieger re same (.6); internal discussions and w/regulatory counsel re same (.6) | 1.20 | 1,086.00 |
| 9/06/19 | PAW | Draft certificates of no objection to the (i) Chapman and (ii) Special Regulatory Counsel retention applications (.8); draft affidavit of service of revised pleading (.4); finalize notice of agenda of the September 13th hearing (.4) forward certificates of no objection and notice of agenda to A. Krieger for review (.2). | 1.80 | 540.00 |
| 9/06/19 | PAW | Electronic filing of affidavit of service of revised pleading filed on September 5, 2019. | .30 | 90.00 |
| 9/09/19 | BEJ | Begin drafting Reply to Objection to Claims Bar Date Motion. | 1.80 | 873.00 |
| 9/09/19 | BEJ | Conferences and electronic correspondence re Reply to Objection to Claims Bar Date Motion. | .30 | 145.50 |
| 9/09/19 | AMK | Prepare response to bar date motion objection. | 2.70 | 1,687.50 |
| 9/11/19 | SW | Research and draft reply to Texas's objection to bar date motion (3.6); attention to ▉▉▉▉▉▉, including ▉▉▉▉ ▉▉▉▉▉▉ (.5); t/c and emails w/Texas AG representatives re potential resolution (.6). | 4.70 | 4,253.50 |
| 9/11/19 | PAW | Attention to filing and service of the Debtor's reply to the State of Texas' limited objection to the Bar Date Motion. | .80 | 240.00 |
| 9/11/19 | AMK | Review and comment on response to bar date motion objection. | 1.20 | 750.00 |
| 9/12/19 | PAW | Revisions to Notice of Agenda of the September 13th hearing; prepare affidavit of service of reply to objection to bar date motion.  Revisions to the (i) certificates of no objections to the retention applications of Chapman and Morvillo; and (ii) Notice of Agenda. Attention to electronic filing and service of same. | 2.80 | 840.00 |
| 9/12/19 | AMK | Prepare for hearing (2); prepare revised orders in connection with same (1.1). | 3.10 | 1,937.50 |
| 9/13/19 | SW | Prepare for, attend, and present at hearing (1.8); post-hearing hallway meetings w/client (.3). | 2.10 | 1,900.50 |
| 9/13/19 | PAW | Email to Chambers forwarding certificates of no objection and proposed retention orders of Chapman and Morvillo. | .40 | 120.00 |
| 9/13/19 | AMK | Attend hearing | 2.00 | 1,250.00 |
| 9/13/19 | AMK | Follow-up re hearing | 1.00 | 625.00 |
| 9/14/19 | AMK | Attention to hearing follow-up. | 2.00 | 1,250.00 |
| 9/16/19 | PAW | Prepare affidavit of service of the (i) September 13th Notice of Agenda and (ii) Certificates of No Objection to the Chapman retention and Morvillo retention. | .40 | 120.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 9/16/19 | PAW | Attention to filing and service of the Debtor's August 2019 monthly operating report. | .50 | 150.00 |
| 9/16/19 | AMK | Review, finalize and file MOR. | 2.10 | 1,312.50 |
| 9/17/19 | PAW | Email clean and redlined proposed (i) bar date and (ii) payment of expenses under insurance policies orders to Chambers for consideration (.3); forward August 2019 monthly operating report to the U.S. Trustee by overnight mail (.3); filing of affidavit of service of certificates of no objection to the retention of (i) Chapman and Cutler and (ii) Morvillo  (.3). | .90 | 270.00 |
| 9/17/19 | AMK | Attention to hearing follow-up re Bar Date matters and other pending orders. | 2.10 | 1,312.50 |
| 9/20/19 | SW | Look into ████████. | .10 | 90.50 |
| 9/20/19 | PAW | Prepare affidavits of service for (i) the August 2019 monthly operating and (ii) notice of presentment of stipulation and proposed order between Debtor and Conduent State & Local Solutions, LLC (.6); attention to electronic filing of same (.5). | 1.10 | 330.00 |
| 9/23/19 | SW | Review and mark up language for individual data breach victims from Texas A.G., and circulate for approval. | .70 | 633.50 |
| 9/23/19 | PAW | Review lists of creditors and interested parties; update accordingly in preparation of bar date noticing per S. Wilamowsky's list of additional parties. | 2.30 | 690.00 |
| 9/23/19 | AMK | Attention to hearing follow-up re Bar Date matters and other pending orders. | .70 | 437.50 |
| 9/25/19 | AMK | Attention to hearing follow-up re Bar Date order. | .50 | 312.50 |
| 9/26/19 | SW | Work on publication bar date issues, including communications w/client re payment, and related matters. | .90 | 814.50 |
| 9/26/19 | AMK | Attention to hearing follow-up re Bar Date order. | .50 | 312.50 |
| 9/27/19 | SW | Attention to automatic stay issues. | .40 | 362.00 |
| 9/27/19 | AMK | Attention to hearing follow-up re Bar Date order. | .50 | 312.50 |
| | | Task Sub-Total | 334.30 | $ 205,716.50 |

Employment Applications

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/18/19 | AMK | Attention to UST guidelines in connection with preparation of retention application. | 1.00 | 625.00 |
| 6/19/19 | AMK | Attention to UST guidelines in connection with preparation of retention application (.5); draft Chapman retention application (4.7); research re same (.3) | 5.50 | 3,437.50 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/24/19 | SW | Review forms, initial conflict report. | .40 | 362.00 |
| 6/24/19 | AMK | Draft Chapman application. | 4.50 | 2,812.50 |
| 6/25/19 | BEJ | Review Chapman Retention Application and electronic correspondence re revisions to same. | .40 | 194.00 |
| 6/25/19 | SW | Review and revise draft Chapman retention application and accompanying draft affidavit and order. | 1.70 | 1,538.50 |
| 6/25/19 | AMK | Draft Chapman application. | 3.00 | 1,875.00 |
| 6/26/19 | SW | Begin drafting 327(e) retention application for Morvillo Abramowitz, special regulatory co-counsel. | 2.30 | 2,081.50 |
| 6/26/19 | AMK | Attention to Chapman application (1); confer with internal team re conflict searches (1). | 2.00 | 1,250.00 |
| 6/27/19 | SW | First draft M&A fee application and declaration (4.7); exchange emails w/Mr. Krieger re same (.1) | 4.80 | 4,344.00 |
| 6/27/19 | AMK | Attention to Morvillo application. | 1.30 | 812.50 |
| 7/01/19 | AMK | Attention to conflict search issues (1.2); revise application (1). | 2.20 | 1,375.00 |
| 7/02/19 | AMK | Attention to conflict search issues (1); attention to Morvillo application (1.2). | 2.20 | 1,375.00 |
| 7/07/19 | AMK | Attention to conflict search issues (1.1). | 1.10 | 687.50 |
| 7/08/19 | AMK | Attention to conflict search issues (.7). | .70 | 437.50 |
| 7/09/19 | SW | Review and revise C&C retention application for final approval and filing, including ancillary documents and rate confirmations, plus quick run-through again of adverse parties. | 2.70 | 2,443.50 |
| 7/09/19 | AMK | Prepare revised draft application (1.1); revise morvillo application (1.7); attention to further conflict searches (.7). | 3.50 | 2,187.50 |
| 7/10/19 | SW | Review Morvillo retention document and discuss internally, with attention to complete conflict list. | .70 | 633.50 |
| 7/10/19 | AMK | Finalize chapman application. | 1.00 | 625.00 |
| 7/11/19 | AMK | File Chapman application. | .50 | 312.50 |
| 7/16/19 | AMK | Attention to preparation of Morvillo application (.7). | .70 | 437.50 |
| 7/23/19 | BEJ | Electronic correspondence re Regulatory Counsel application. | .40 | 194.00 |
| 7/23/19 | BEJ | Revisions to Regulatory Counsel application. | 1.10 | 533.50 |
| 7/23/19 | SW | Review most recent iteration of M&A application and disclosures (.8); related research (.9). | 1.70 | 1,538.50 |
| 7/23/19 | PAW | Prepare and file Chapman Retention affidavit of service. | .70 | 210.00 |
| 7/23/19 | AMK | Attention to preparation of Morvillo application (1.3). | 1.30 | 812.50 |
| 7/24/19 | BEJ | Electronic correspondence re Morvillo Application. | .20 | 97.00 |
| 7/24/19 | BEJ | Revisions to Morvillo Application and Declaration, and electronic correspondence re same. | .80 | 388.00 |
| 7/24/19 | AMK | Attention to preparation of Morvillo application. | .50 | 312.50 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 7/26/19 | BEJ | Electronic correspondence re Morvillo Application. | .20 | 97.00 |
| 7/26/19 | AMK | Attention to preparation of Morvillo application. | .50 | 312.50 |
| 7/29/19 | AMK | Attention to preparation and filing of Morvillo application. | 1.00 | 625.00 |
| 7/30/19 | BEJ | Electronic correspondence re Morvillo Application and Insurance Motion. | .20 | 97.00 |
| 8/16/19 | SW | Research re special purpose retention issues. | 2.00 | 1,810.00 |
| 8/22/19 | SW | Review comments to Morvillo and C&C applications, internal discussion re UST issue. | .90 | 814.50 |
| 8/27/19 | AMK | Attention to application comments. | 1.50 | 937.50 |
| 8/28/19 | SW | T/c w/Ms. Nakano and Mr. Krieger re comments to retention applications (.4); follow-up w/Mr. Krieger re same (.2); revisions and research related to same (.5). | 1.10 | 995.50 |
| 8/28/19 | AMK | Attention to application comments. | 1.50 | 937.50 |
| 8/29/19 | SW | Internal discussions re UST comments and revert to Ms. Nakano re same. | .70 | 633.50 |
| 9/03/19 | AMK | Attention to UST issues re Morvillo and Chapman applications. | 3.10 | 1,937.50 |
| 9/04/19 | SW | Review M&A application (.3); follow up internally on open UST questions (.3); research related to same (2.6). | 3.20 | 2,896.00 |
| 9/04/19 | AMK | Attention to UST issues re Morvillo and Chapman applications. | 1.50 | 937.50 |
| 9/05/19 | AMK | Coordinate filing of revised documents in support of retention applications. | 1.50 | 937.50 |
| 9/06/19 | AMK | Attention to retention applications. | 1.00 | 625.00 |
| 9/10/19 | AMK | Attention to retention application issues and conference with UST re same. | 1.80 | 1,125.00 |
| 9/17/19 | SW | Exchange emails and t/c w/Mr. Schwarz re narrative of case, 327(e) process, and related items (.7); begin drafting of motion (1.6) | 2.30 | 2,081.50 |
| 9/18/19 | SW | Complete draft application, and draft order and declaration (2.8); exchanges w/Mr. Schwarz re same (.2); research related to same (1.4); send first draft to Mr. Schwarz (.1). | 4.50 | 4,072.50 |
| 9/24/19 | SW | Exchange emails w/UST re application (.2); communicate w/Mr. Schwarz re requested changes (.2); make requested revisions, final review, collect signature, and prepare notice (2.3) | 2.70 | 2,443.50 |
| 9/25/19 | PAW | Review and revise Geist retention application; forward redlined edits to S. Wilamowsky. | 1.10 | 330.00 |
| 9/25/19 | PAW | Attention to filing and service of Geist retention application. | .60 | 180.00 |
| | | Task Sub-Total | 81.80 | $ 58,759.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

Financing and Cash Collateral

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/25/19 | BEJ | Telephone conference re preparation of DIP Motion. | .20 | 97.00 |
| 6/25/19 | SW | Begin work on cash collateral/financing concepts, including brief discussion w/Mr. Scher, and t/c w/Mr. Krieger regarding staffing of that assignment. | 1.00 | 905.00 |
| 6/26/19 | BEJ | Begin drafting DIP Financing Motion. | 4.20 | 2,037.00 |
| 6/26/19 | AMK | Attention to DIP motion and order | 2.10 | 1,312.50 |
| 6/27/19 | BEJ | Drafting on DIP Financing Motion and electronic correspondence re same. | 2.80 | 1,358.00 |
| 6/27/19 | BEJ | Revisions to DIP Motion. | 1.80 | 873.00 |
| 6/27/19 | BEJ | Drafted Order for DIP Motion and electronic correspondence re same. | 4.90 | 2,376.50 |
| 6/27/19 | SW | Review and provide first round comments on draft financing motion. | .80 | 724.00 |
| 6/27/19 | AMK | Review and comment on DIP motion | 2.10 | 1,312.50 |
| 6/28/19 | BEJ | Completed drafting on DIP Order and electronic correspondence re same. | 3.60 | 1,746.00 |
| 6/28/19 | AMK | Review and comment on DIP Order | 1.50 | 937.50 |
| 7/01/19 | SW | Review and substantially revise motion for debtor-in-possession financing and related form of order and affidavit (3.7); t/c w/Mr. Krieger related to same (.2); research related to same (1.9). | 5.80 | 5,249.00 |
| 7/01/19 | AMK | Revise DIP Motion and Order. | 2.00 | 1,250.00 |
| 7/01/19 | AMK | Draft motion to assume (1.5). | 1.50 | 937.50 |
| 7/03/19 | AMK | Revise DIP Motion and Order. | 1.40 | 875.00 |
| 7/08/19 | SW | Continued drafting of motion and related terms (1.5); t/c w/Mr. Scher re budget (.4); t/c w/Messrs. Scher and Krieger re same (.2); review likely expenses, and variance issue (.8). | 2.90 | 2,624.50 |
| 7/08/19 | AMK | Attention to DIP motion and order. | 1.10 | 687.50 |
| 7/10/19 | BEJ | Electronic correspondence re Notice of Presentment. | .20 | 97.00 |
| 7/10/19 | SW | T/c w/Mr. Fuchs and his counsel re need for financing (.2); further attention to note, and amounts needed (1.3); t/c w/Mr. Scher re state of negotiations (.3). | 1.80 | 1,629.00 |
| 7/15/19 | BEJ | Electronic correspondence re DIP Motion. | .10 | 48.50 |
| 7/15/19 | SW | Review draft budget and comment (.4); exchange emails w/Messrs. Scher and Fuchs re terms of proposed financing (.3); t/c w/Mr. Scher re same (.2); review and revise draft financing motion and order (1.8). | 2.70 | 2,443.50 |
| 7/15/19 | AMK | Attention to DIP motion. | 1.00 | 625.00 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 7/16/19 | BEJ | Review/revise DIP Motion and electronic correspondence re same. | 2.50 | 1,212.50 |
| 7/17/19 | BEJ | Review/revise DIP Financing Motion and electronic correspondence re same. | .80 | 388.00 |
| 7/17/19 | SW | Revise and update draft DIP delayed draw note (1.2); discussions w/Mr. Scher re DIP terms and related items (.5). | 1.70 | 1,538.50 |
| 7/18/19 | SW | Revise DIP note to reflect comments of Mr. Scher, plus related back and forth (.4); negotiations w/lender and his personal counsel (.3); changes relevant to same (.4); review and revise motion and form of DIP order (2.7); arrange for execution (.1). | 3.90 | 3,529.50 |
| 7/18/19 | AMK | Attention to DIP motion and terms. | 2.10 | 1,312.50 |
| 7/19/19 | BEJ | Electronic correspondence re DIP Financing Motion. | .40 | 194.00 |
| 7/19/19 | BEJ | Revisions to DIP Financing Motion, electronic correspondence re same, and prepare Motion and exhibits thereto for filing. | 1.50 | 727.50 |
| 7/19/19 | BEJ | Electronic correspondence and conferences re DIP Motion and Secured Promissory Note thereto. | .70 | 339.50 |
| 7/19/19 | BEJ | Meeting with Brad Scher re Secured Promissory Note and budget thereto. | .20 | 97.00 |
| 7/19/19 | SW | Research related to ▮▮▮▮▮▮▮▮▮▮▮▮ (1.3); review and revisions to DIP motion and order (2). | 3.30 | 2,986.50 |
| 7/22/19 | BEJ | Electronic correspondence re filing of DIP Financing Motion. | .20 | 97.00 |
| 7/22/19 | BEJ | Revisions to DIP Financing Motion, review budget, prepare motion and exhibits for filing, and electronic correspondence re same. | 1.20 | 582.00 |
| 7/22/19 | SW | Review 13-week budget (.8); t/c w/Mr. Scher re same (.4); internal discussions re ▮▮▮▮▮▮▮▮ (.2); review motion draft and discuss w/Mr. Jacobson (1.1). | 2.50 | 2,262.50 |
| 7/22/19 | PAW | Attention to filing and service of DIP motion. | .60 | 180.00 |
| 7/23/19 | PAW | Prepare and file DIP Motion affidavit of service. | .70 | 210.00 |
| 7/24/19 | PAW | Attention to filing of affidavit of service of DIP Motion. | .30 | 90.00 |
| 7/30/19 | SW | Review objection filed by Indiana (.3); internal discussions related to same (1.2). | 1.50 | 1,357.50 |
| 7/30/19 | AMK | Review and comment on DIP objection. | 1.50 | 937.50 |
| 7/31/19 | SW | T/c w/Mr. Levick (Conduent counsel) regarding resolving potential objection. | .30 | 271.50 |
| 8/02/19 | AMK | Attention to DIP response and proffer. | 1.70 | 1,062.50 |
| 8/04/19 | AMK | Attention to DIP response and proffer. | 1.80 | 1,125.00 |
| 8/05/19 | BEJ | Electronic correspondence re hearing on DIP Financing Motion. | .40 | 194.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 8/05/19 | BEJ | Review/revise proffer to DIP Financing Motion and electronic correspondence re same. | .60 | 291.00 |
| 8/05/19 | SW | Review Conduent limited objection (.2); negotiations w/Mr. Levick (Conduent counsel) (.4); begin draft reply to objections, circulate first draft for review (1.9); exchange emails w/Ms. Nakano re changes to order (.1); draft proffer of Mr. Scher in support of motion (.7). | 3.30 | 2,986.50 |
| 8/06/19 | SW | Complete draft reply to DIP financing motion objections. | 2.20 | 1,991.00 |
| 8/07/19 | SW | Prep session w/Mr. Scher for possible testimony tomorrow (.7); revise proffer to reflect same (.2); prep session w/Mr. Fuchs for contingency where he needs to testify tomorrow (.3); legal and argument preparation, including review of objections (.9) | 2.10 | 1,900.50 |
| 8/08/19 | SW | Prosecuted DIP motion (1); revisions to form of order based on colloquy (.3); exchange emails w/Ms. Wright and Mr. Krieger re same (.1) | 1.40 | 1,267.00 |
| 8/08/19 | AMK | Telephonic attendance at DIP hearing. | 1.00 | 625.00 |
| 8/09/19 | PAW | Compile and forward to Chambers redlined and clean versions of the Final DIP Financing Order. | .40 | 120.00 |
| 8/09/19 | AMK | Comment on DIP order. | .50 | 312.50 |
| | | Task Sub-Total | 86.80 | $ 60,334.00 |

Contested Matters and Adv. Proc.

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/25/19 | BEJ | Initial review of Adversary Complaint (19-ap-8270). | .40 | 194.00 |
| 6/25/19 | SW | Review purported class action filed as adversary proceeding (.6); research related to same (2); t/c w/Ms. Spigel related to same (.2). | 2.80 | 2,534.00 |
| 6/27/19 | SW | Reach out to class action adversary proceeding plaintiffs and discuss potential stay, and review complaint. | 1.00 | 905.00 |
| 7/02/19 | SW | Research and drafting of motion to dismiss Wilk proceeding. | 3.80 | 3,439.00 |
| 7/03/19 | SW | Prepare letter response to Missouri AG re employment related claim, and emails w/client re same (1.3); research related to same (1.8) | 3.10 | 2,805.50 |
| 7/03/19 | PAW | Draft notice of appearance in adversarial proceeding. | 1.10 | 330.00 |
| 7/08/19 | SW | Continued work and research on MTD. | .90 | 814.50 |
| 7/10/19 | BEJ | Analysis of Motion to Convert to Chapter 7 and Motion to Dismiss RM Request for Relief. | .40 | 194.00 |
| 7/10/19 | BEJ | Analysis of Mac-Cali Complaint and related pleadings. | .40 | 194.00 |
| 7/12/19 | BEJ | Review/revise correspondence to Judge. | .40 | 194.00 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 7/12/19 | SW | Complete Motion to Dismiss Lana Wilk adversary proceeding, review notice, and authorize for filing (3.1); final research points related to same (.8) | 3.90 | 3,529.50 |
| 7/12/19 | PAW | Attention to electronic filing of Motion to Dismiss. | .30 | 90.00 |
| 7/12/19 | AMK | Review and revise motion to dismiss. | 1.60 | 1,000.00 |
| 7/15/19 | BEJ | Review filings regarding conversion to Chapter 7 liquidation. | .40 | 194.00 |
| 7/18/19 | BEJ | Review filings re Motion to Dismiss, joinder thereto, and statements in support of Motion to Dismiss. | .40 | 194.00 |
| 7/22/19 | SW | T/c w/Mr. Wollman re Optum sample files (.2); follow-up re Conduent and various contract parties represented by Baker (1). | 1.20 | 1,086.00 |
| 9/12/19 | SW | Further negotiations w/Ms. Ryan and Ms. Chavez re bar date and language to resolve objection (.8); draft revisions and language (.8). | 1.60 | 1,448.00 |
| 9/23/19 | SW | Conference call w/Texas and Indiana regarding potential withdrawal of conversion motion in exchange for 105 motion, and follow up emails re same. | .80 | 724.00 |
| | | Task Sub-Total | 24.50 | $ 19,869.50 |

Communications with Creditors

| Date | Atty | Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 6/18/19 | BEJ | Conferences and electronic correspondence re first day motions. | 1.10 | 533.50 |
| 6/18/19 | BEJ | Drafted Rule 2002 Master List, review notice requirements, and conferences and electronic correspondence re same. | 2.60 | 1,261.00 |
| 6/18/19 | AMK | Confer with CareCentrix counsel (.2); review documents related to same (.8); confer internally re same (.6). | 1.60 | 1,000.00 |
| 6/19/19 | BEJ | Electronic correspondence and conferences re UST guidelines for bankruptcy billing. | .40 | 194.00 |
| 6/19/19 | BEJ | Prepare AG and related entity email list for service and electronic correspondence re same. | .50 | 242.50 |
| 6/19/19 | BEJ | Electronic correspondence re certificates of service, affidavits per First Day Pleadings and pro hac vice motions. | .40 | 194.00 |
| 6/19/19 | AMK | Confer with CareCentrix counsel (.2); review CareCentrix proposal (.5); confer internally re same (.5). | 1.20 | 750.00 |
| 6/20/19 | BEJ | Telephone conferences and electronic correspondence re initial case deadlines for filing schedules, removal, 341 meeting, exclusivity period and operating reports. | .50 | 242.50 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/20/19 | BEJ | Telephone conference, electronic correspondence and meeting re issues relating to service of notices to 175+ entities and process mapping. | .70 | 339.50 |
| 6/21/19 | BEJ | Telephone conference and electronic correspondence re case deadlines and process mapping. | .40 | 194.00 |
| 6/21/19 | AMK | Confer with counsel for CareCentrix, LabCorp, Quest and Optum (2); follow-up re same (1.5) | 3.50 | 2,187.50 |
| 6/24/19 | AMK | Attention to CareCentrix request and review of related material. | 2.40 | 1,500.00 |
| 6/26/19 | SW | Conference call w/Quest/Optum and team re their request for cooperation and data, plus other items they want (1.1); internal discussions re same (.8); review formatted data files and t/c w/Mr. Wollman re same (.6); follow-up emails related to the foregoing (.5). | 3.00 | 2,715.00 |
| 6/27/19 | SW | Stay violation letter to ███████████. | .60 | 543.00 |
| 7/03/19 | SW | Conference call w/LabCorp counsel re mailings and data (.5); follow-up meetings and discussion internally re same (1) | .90 | 814.50 |
| 7/08/19 | BEJ | Electronic correspondence with creditor re claim against Debtor. | .20 | 97.00 |
| 7/08/19 | SW | Respond to backlog of creditor inquiries. | 1.00 | 905.00 |
| 7/29/19 | BEJ | Drafted correspondence re violation of automatic stay and electronic correspondence re same. | .80 | 388.00 |
| 8/02/19 | SW | Deal with backlog of creditor requests - Harlequin, CPA, Clinical Path, Optum (1.); internal discussions re same (.4); review files related to same (.5) | 1.90 | 1,719.50 |
| 8/07/19 | SW | Respond to contract creditor inquiries. | .80 | 724.00 |
| 8/07/19 | AMK | Attention to issues relating to creditors. | 1.00 | 625.00 |
| 8/08/19 | SW | Numerous emails and calls re getting files back to clients with zero balances. | 1.30 | 1,176.50 |
| 8/09/19 | BEJ | Electronic correspondence re issues relating to claim by APEX. | .10 | 48.50 |
| 8/14/19 | SW | Stay letter to ████████████████ (.6); respond to creditor inquiries (.4); exchange emails w/Mr. Artrip.(.1) | 1.10 | 995.50 |
| 8/19/19 | SW | Stay letter re ███████████████████related to same. | .90 | 814.50 |
| 8/21/19 | BEJ | Review issues re returned service items. | .20 | 97.00 |
| 9/03/19 | SW | Exchange emails and t/c w/Harlequin counsel (.2); internal exchanges re same, and review file (.6). | .80 | 724.00 |
| 9/23/19 | BEJ | Electronic correspondence re voluntary dismissal. | .20 | 97.00 |
| | | Task Sub-Total | 30.10 | $ 21,122.50 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

Non-Working Travel

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 7/16/19 | SW | Travel to court for "second day" hearing and hearing on 105 motion (2); return to office (.9) | 1.40 | 1,267.00 |
| 8/08/19 | SW | Travel to and from White Plains courthouse for DIP financing hearing. | 2.00 | 1,810.00 |
| 9/13/19 | SW | Travel to White Plains courthouse for hearing on retentions, bar date, and insurance; return travel home. | 1.70 | 1,538.50 |
| 9/13/19 | AMK | Travel re hearing | .50 | 312.50 |
| | | Task Sub-Total | 5.60 | $ 4,928.00 |

Plan and Disclosure Statement

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 8/01/19 | BEJ | Electronic correspondence and conferences re filing of SOFAs and schedules. | .70 | 339.50 |
| 8/02/19 | SW | Research re liquidating plan scenarios. | 2.00 | 1,810.00 |
| 9/16/19 | AMK | Draft plan. | 2.00 | 1,250.00 |
| 9/18/19 | AMK | Draft plan. | 2.00 | 1,250.00 |
| 9/19/19 | AMK | Draft plan. | 1.00 | 625.00 |
| 9/20/19 | AMK | Draft plan. | 1.00 | 625.00 |
| 9/23/19 | AMK | Draft plan. | 3.00 | 1,875.00 |
| 9/24/19 | AMK | Draft plan. | 2.00 | 1,250.00 |
| | | Task Sub-Total | 13.70 | $ 9,024.50 |

Regulatory Matters

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 6/27/19 | SW | Conference call w/AG representatives (.4); follow up w/lists and related document research (.9); internal conference call re same (.7). | 2.00 | 1,810.00 |
| 7/03/19 | SW | Meeting at S&I offices w/regulatory team re responding to ████████. | 2.50 | 2,262.50 |
| 7/03/19 | AMK | Attention to issues related to regulatory requests. | 1.50 | 937.50 |
| 7/08/19 | SW | T/c w/████████████████████; conference call w/regulatory counsel re same (.2); follow up calls re same (.3). | .70 | 633.50 |
| 7/09/19 | SW | Responsive letter to NYS Division of Human Rights (1.1); gathering facts related to same, including file review and t/c w/Mr. Wollman (1.3) | 2.40 | 2,172.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 7/10/19 | SW | T/c's w/Messrs. Weinberg and Iason re status of discussions with A'sG (.4); follow up w/individual states re same (.3); review procedures and file research re capabilities (1). | 1.70 | 1,538.50 |
| 7/11/19 | SW | Review "motion to dismiss motion" filed by Indiana AG, as well as the Indiana AG's motion to convert the case (.7); research related to same (.8); begin prepare written response for filing, and circulate draft for comment (2.1). | 3.70 | 3,348.50 |
| 7/11/19 | AMK | Attention to questions re regulatory matters. | 2.20 | 1,375.00 |
| 7/12/19 | SW | T/c w/Texas and Indiana AG's re their demands for privileged documents, and other related matters (.3); revise and finalize statement in support of information procedures motion (1.7); internal discussions re same (.2) | 2.20 | 1,991.00 |
| 7/15/19 | SW | Review ██████████████████████ ████ (.3); internal discussions re same (.4); t/c w/regulatory co-counsel re next steps (.3); research and other preparation for tomorrow's hearing on information procedures motion (3.8). | 4.70 | 4,253.50 |
| 7/15/19 | AMK | Attention to regulatory issues related to 105 motion (2.3). | 2.30 | 1,437.50 |
| 7/16/19 | SW | Attend hearing on and argue 105 motion (2.0); follow up discussions w/adversary and counsel in court (.7) | 2.70 | 2,443.50 |
| 7/23/19 | SW | Exchange emails w/team re notices related to Indiana CID (.3); internal discussions re same (1.2). | 1.50 | 1,357.50 |
| 7/24/19 | AMK | Attention to regulatory issues. | .50 | 312.50 |
| 7/26/19 | BEJ | Revisions to Debtor's Motion for Order Authorizing Reimbursement and/or Payment of Expenses and electronic correspondence re same. | 1.50 | 727.50 |
| 7/26/19 | SW | Review ████████████████████████ (.3); research re interplay of bankruptcy and regulatory issues (2.6) | 2.90 | 2,624.50 |
| 7/29/19 | SW | Conference call w/legal team re dealing with ██████████ (.5); follow-up research related to same (.6). | 1.10 | 995.50 |
| 7/30/19 | AMK | Attention to regulatory issues. | 1.50 | 937.50 |
| 8/01/19 | SW | Conference call w/team re responding to regulators, strategy for channeling requests for efficiency, ████████████ (1.); follow-up discussions re same (1.1) | 2.10 | 1,900.50 |
| 8/05/19 | SW | Full team (lawyers only) call re responding to regulators, maintaining data security, related matters (.5); follow up discussions w/team members related to same (.9) | 1.40 | 1,267.00 |
| 8/07/19 | SW | Review draft response to Indiana CID and related calls. | 1.10 | 995.50 |
| 8/09/19 | SW | Conference call re responding to regulators in light of yesterday's hearing (1); review draft message re same and provide comments to group (.2); back-and-forth with group re same (.3). | 1.50 | 1,357.50 |

CHAPMAN AND CUTLER LLP

Invoice #:  1872321

| Date | Atty | Services Rendered | Hours | Amount |
|------|------|-------------------|-------|--------|
| 8/13/19 | SW | Review records partially responsive to NYS DHR (.2); research related to same (1.2); review Colorado letter (.2); review memorandum re ▮▮▮▮ (.2); related calls and emails (.3); review ▮▮▮▮ redraft (.3). | 2.40 | 2,172.00 |
| 8/14/19 | SW | Meeting at S&I with Company and Fuchs legal team to discuss CID response, ▮▮▮▮, and related matters, including longer term resolution of case. | 3.00 | 2,715.00 |
| 8/16/19 | SW | Review memorandum summarizing discussions, and emails back and forth re same. | 1.00 | 905.00 |
| 8/20/19 | SW | Review revised Indiana CID circulated by co-counsel (.4); calls w/Mr. Weinberg and internal regarding responsiveness and need for 105/court (.8) | 1.20 | 1,086.00 |
| 8/21/19 | SW | Review proposed agreement received from lead regulators (.3); t/c w/Mr. Spears re same (.2); conference call w/full group re same (1); provide comments to stipulation (.4); review comments of others (.2); internal meeting related to same (.5). | 2.50 | 2,262.50 |
| 8/22/19 | SW | Conference call w/Mr. Wollman and legal team re need to ▮▮▮▮ ▮▮▮▮ (.5); follow up calls and emails re same (.4); review transcript re Indiana (.3). | 1.20 | 1,086.00 |
| 8/23/19 | SW | Review Michigan AG complaint; exchange emails related to same. | .80 | 724.00 |
| 9/03/19 | SW | Review file, gather facts, prepare, and send response to Missouri AG regarding consumer complaint, and exchanges w/client re same. | 1.00 | 905.00 |
| 9/05/19 | SW | Review request from class action attorney (.1); internal discussions and emails re same (.4); conference call w/regulatory team to discuss same (.5); follow up w/counsel (.3); related research (1.2) | 2.50 | 2,262.50 |
| 9/05/19 | SW | T/c w/Mr. Sugden re Quest CID and internal discussions re same. | .40 | 362.00 |
| 9/16/19 | SW | Review revisions to stipulation (.3); conference call to discuss response and related procedural issues (1); research related to same (2). | 3.30 | 2,986.50 |
| 9/20/19 | SW | Review "example" email with attachment creating proposed Texas language (.3); internal discussions re same (.4); exchange of emails w/Texas re same (.2). | .90 | 814.50 |
| 9/20/19 | AMK | Attention to questions re regulatory issues. | .20 | 125.00 |
| 9/24/19 | SW | Exchange emails w/Ms. Chavez and revise and send revised language. | .80 | 724.00 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Atty | Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 9/25/19 | SW | Provide substantial markup to proposed form of order, and other comments to main settlement document and notice (.9); internal exchange of emails related to same (.2). | 1.10 | 995.50 |
| | | Task Sub-Total | 66.00 | $ 56,804.00 |
| | | Total Fees | | $ 477,268.50 |

**OTHER CHARGES AND DISBURSEMENTS SUMMARY**

| Date | Description | Amount |
|---|---|---|
| | Postage | 1,130.38 |
| | Document Production | 80.04 |
| | Express Mail | 14.39 |
| 6/20/19 | Worked late on Retrieval matter. | 74.09 |
| 6/20/19 | Worked late on Retrieval matter. | 86.08 |
| 6/20/19 | Breakfast meeting. | 5.99 |

WORD PROCESSING

| Date | Description | Amount |
|---|---|---|
| | Document Production | 281.52 |

DELIVERY SERVICES/MESSENGER

| Date | Description | Amount |
|---|---|---|
| | Express Mail | 376.32 |

POSTAGE

| Date | Description | Amount |
|---|---|---|
| | Postage | 826.47 |

LOCAL TRAVEL

| Date | Description | Amount |
|---|---|---|
| 6/18/19 | Roundtrip train fare to deliver package to 201 Varick Street. | 5.50 |
| 7/03/19 | Worked late on Matter | 119.34 |
| 7/03/19 | Worked late on Matter. - Uber 6/24/19 | 80.79 |
| 7/18/19 | Worked late on Retrieval-Masters Matter | 79.84 |
| 7/18/19 | Worked late on Retrieval-Masters Matter | 79.58 |
| 7/18/19 | Worked late on Retrieval-Masters matter | 88.32 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Description | Amount |
|---|---|---|
| 7/25/19 | Attendance at hearing - Parking at $48.00, plus $1.00 tip. | 49.00 |
| 7/25/19 | Worked late on matter | 82.97 |
| 8/01/19 | Worked Late on Matter | 101.16 |
| 8/15/19 | Travel from meeting at Spears & Imes. | 17.25 |
| 8/15/19 | Attendance at Hearing | 68.70 |
| 8/15/19 | R/T subway fare to 341 Meeting with client. | 11.00 |
| 8/15/19 | Travel to NY for Hearing - Public Transportation (Train from Hotel to Hearing) | 25.50 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from Airport to Home) | 29.72 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from NY C&C Office to Hotel) | 21.35 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from Hotel to Airport) | 42.14 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from Airpot to NY C&C Office) | 54.06 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from Home to Airport) | 38.26 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from NY C&C Office to Hotel) | 18.52 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from Airport to Home) | 36.32 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from Hotel to Airport) | 38.50 |
| 8/15/19 | Travel to NY for Hearing - Public Transit (from hearing to NY C&C Office) | 9.75 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from C&C NY office to hearing) | 142.96 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from C&C NY office to hotel) | 21.36 |
| 8/15/19 | Travel to NY for Hearing - Taxi (from C&C NY office to hotel) | 39.50 |
| 9/25/19 | Worked late on RMCB matter. | 86.62 |
| 9/25/19 | Attend Hearing in New York - Public Transit (Hotel to Train) | 22.25 |
| 9/25/19 | Attend Hearing in New York - Public Transit (train ticket from Hotel to Hearing) | 9.75 |
| 9/25/19 | Attend Hearing in New York - Public Transit (train ticket to hearing) | 24.95 |
| 9/25/19 | Attend Hearing in New York - Taxi (from Airport to Home) | 37.77 |
| 9/25/19 | Attend Hearing in New York - Taxi (from Hotel to Airport) | 52.49 |
| 9/25/19 | Attend Hearing in New York - Taxi (from Court to NY Office) | 53.03 |
| 9/25/19 | Attend Hearing in New York - Taxi (from NY Office to Hotel) | 17.85 |
| 9/25/19 | Attend Hearing in New York - Taxi (from Airport to Hotel) | 41.51 |
| 9/25/19 | Attend Hearing in New York - Taxi (from Home to Airport) | 39.79 |

OUT-OF-TOWN TRAVEL

| Date | Description | Amount |
|---|---|---|
| 8/08/19 | WiFi connection - revisions to proposed order for submission to Chambers. | 6.00 |
| 8/15/19 | Travel to NY for Hearing - Air WiFi | 16.99 |
| 8/15/19 | Travel to NY for Hearing - Air WiFi | 9.99 |
| 9/18/19 | Attendance at the September 13, 2019 Omnibus Hearing | 12.44 |
| 8/15/19 | Travel to NY for Hearing - Airfare | 710.60 |

CHAPMAN AND CUTLER LLP

Invoice #: 1872321

| Date | Description | Amount |
|---|---|---|
| 8/15/19 | Travel to NY for Hearing - Airfare (and Lawyers Travel fees) | 388.60 |
| 9/25/19 | Attend Hearing in New York - Airfare | 726.60 |

MEALS

| Date | Description | Amount |
|---|---|---|
| 8/15/19 | Travel to NY for Hearing - Personal Meal | 5.36 |
| 8/15/19 | Travel to NY for Hearing - Personal Meal | 35.20 |
| 8/15/19 | Travel to NY for Hearing - Personal Meal | 5.25 |
| 9/25/19 | Attend Hearing in New York - Personal Meal | 9.18 |
| 9/25/19 | Attend Hearing in New York - Personal Meal | 14.00 |

DEPOSITION TRANSCRIPTS

| Date | Description | Amount |
|---|---|---|
| 8/23/19 | Transcript of 08/08/2019 Hearing. | 98.55 |

OTHER PROFESSIONALS

| Date | Description | Amount |
|---|---|---|
| 8/09/19 | 07/16/2019 - Transcript of Hearing | 64.80 |

OTHER

| Date | Description | Amount |
|---|---|---|
| 7/31/19 | Bankruptcy filing | 1,717.00 |
| 7/31/19 | Bankruptcy filing | 200.00 |

| | |
|---|---|
| Total Other Charges and Disbursements | $ 8,583.24 |

| | |
|---|---|
| TOTAL FEES, OTHER CHARGES AND DISBURSEMENTS | $ 485,851.74 |

Exhibit E

Retention Order Attached

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re                                                  :    Chapter 11
                                                       :
Retrieval-Masters Creditors Bureau, Inc.,[1]           :    Case No. 19-23185 (RDD)
                                                       :
                            Debtor.                    :
---------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHAPMAN AND CUTLER LLP AS ATTORNEYS FOR THE DEBTOR, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of the debtor and debtor in possession (the

"**Debtor**") in the above-captioned case for entry of an order (this "**Order**") authorizing the

Debtor to retain and employ Chapman and Cutler LLP ("**Chapman**") as its attorneys effective

*nunc pro tunc* to the Petition Date, pursuant to sections 327(a) of title 11 of the United States

Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"); and the Court

having reviewed the Application, the Declaration of Steven Wilamowsky, a partner of Chapman

(the "**Wilamowsky Declaration**"), and the declaration of Russell Fuchs, the Chief Executive

Officer of the Debtor (the "**Fuchs Declaration**"); and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that the

Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found

that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]  The last four digits of the Debtor's taxpayer identification number are 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

found that the Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and upon the record of the hearing held by the Court on the Application (the "**Hearing**"); and there being no objections to the relief granted herein; and the Court having found based on the representations made in the Application and in the Wilamowsky Declaration that (a) Chapman does not hold or represent an interest adverse to the Debtor or its estate, (b) Chapman is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (c) the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the legal and factual bases set forth in the Application and at the Hearing having established just cause for the relief granted herein; now, therefore, it is

HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Debtor is authorized to retain and employ Chapman as its attorneys *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter annexed hereto as **Exhibit 1** as modified by this Order.

3.      To the extent there is an inconsistency among this Order, the Application and/or the Engagement Letter, the terms of this Order shall govern.

4.      Chapman is authorized to provide the Debtor with the professional services described in the Application and the Engagement Letter.  Specifically, but without limitation, Chapman will render the following legal services:

   a.      advising the Debtor with respect to its powers and duties as a debtor in possession;

   b.      advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

- 2 -

c.    attending meetings and negotiating with representatives of creditors and other parties in interest on behalf of the Debtor;

d.    taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting potential actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

e.    preparing pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

f.    representing the Debtor in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.    advising the Debtor in connection with any potential sale or other disposition of assets;

h.    appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

i.    taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto, or other similar case disposition; and

j.    performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; and (ii) advising the Debtor on corporate and litigation matters.

5.    Chapman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of the Court, and all issues regarding Chapman's compensation and reimbursement incurred in connection with this chapter 11 case shall be decided by the Court.

6.    Chapman shall provide at least ten (10) business-days' notice to the Debtor, the U.S. Trustee and the Committee before implementing any increases in the rates set forth in the

Application or the Engagement Letter and shall file such notice with the Court.  All parties in interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code.

7.      Chapman shall not withdraw as the Debtor's counsel before the effective date of any chapter 11 plan confirmed in this chapter 11 case or before the conclusion of this chapter 11 case under any other disposition without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

8.      The Debtor and Chapman are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

9.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

12.      Chapman shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding reimbursement of fees and expenses to Chapman.

13.      The third paragraph on page 3 of the Engagement Letter regarding an evergreen retainer is of no force or effect.

14.     Any dispute relating to the services provided by Chapman shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

15.     Chapman shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.


Dated:  September 18, 2019
        White Plains, New York


                    /s/ Robert D. Drain
                    THE HONORABLE ROBERT D. DRAIN
                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Engagement Letter**

## Chapman and Cutler LLP

Attorneys at Law · Focused on Finance®

Steven Wilamowsky
Partner

1270 Avenue of the Americas
30th Floor
New York, New York 10020-1708

T 212.655.6000
D 212.655.2592
wilamowsky@chapman.com

May 28, 2019

*By E-Mail*

Mr. Russell Fuchs
President
Retrieval Masters Creditors Bureau, Inc.
4 Westchester Plaza
Elmsford, New York 10523

      Re:   Engagement for Legal Services

Dear Mr. Fuchs:

      This letter (this *"Agreement"*) sets forth the terms of your agreement to engage Chapman and Cutler LLP (the *"Firm," "we," or "us"*) to represent Retrieval Masters Creditors Bureau, Inc. (*"Client"* or *"you"*) in the Matter (as defined below). The Firm will not represent anyone else in the Matter (including, for example, any principals, owners, officers, directors or employees of Client).[1]

      *Scope of Representation.* The Firm agrees to represent Client from time to time in connection with a potential liquidation and/or financial restructuring of Client's business, whether in or out of a proceeding under the United States Bankruptcy Code (the *"Matter"*), and not as to other matters unless Client separately retains the Firm to represent it in such other matters. The Firm's representation will be limited to customary legal advice and services for matters of this type. Client is not engaging the Firm to provide advice on business matters and business risks. If you engage us for any related or additional matters, we will describe them in a separate engagement letter, in an email or in a written supplement to this letter.

      *Fees and Expenses.* The Firm will charge for the legal services that we provide and expenses incurred in connection with this representation, at our normal hourly rates from time-to-time in effect for the Firm's lawyers (which currently range from $400.00 to $1,030.00) and paralegals and law clerks (which currently range from $220.00 to $380.00). These rates are revised from time to time; additionally, the rates for attorneys are normally adjusted on January 1

---

[1]   We understand that Client also does business as American Medical Collection Agency, which therefore also is a "Client" for purposes of the Matter.

## Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 2

to reflect their increased seniority and experience. Notwithstanding the foregoing, however, we have agreed that Steven Wilamowsky, the attorney primarily tasked with representing Client in the Matter, will bill his time at a discounted rate of $905 per hour for the duration of this engagement, rather than at his standard hourly rate (currently $945).

In addition, we will bill for expenses and charges incurred in connection with performing services for Client, including express delivery services; filing fees; travel expenses; messengers; searches of official records; service of process; and transcripts. Billing for ancillary services and expenses may lag the rendering or use of those services by several months because of delays in the receipt of third-party bills and the posting of accounts.

If a bankruptcy filing occurs, payment of our statements for post-filing services rendered and expenses incurred will be governed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and procedures established in the relevant jurisdiction, currently contemplated to be the United States Bankruptcy Court for the Southern District of New York.

To ensure the prompt payment of the Firm's fees and charges, the Firm requires, as a condition to this engagement, an immediate, initial payment of not less than $100,000 as an advance fee for services to be rendered and expenses to be incurred in connection with the Firm's representation of Client. In addition, the Firm will require other advance payments from time to time in amounts necessary to maintain an advance payment balance of at least $25,000 in consideration of anticipated services to be rendered and expenses to be incurred. The need for additional advanced amounts will be determined based on the circumstances at the time and expectations of what work will be required by Client. If you fail to honor promptly any such advance request, the Firm reserves the right to demand payment in full, cease performing further work and withdraw from the representation. In the event a bankruptcy filing becomes necessary, we would require a minimum advance payment balance on hand, net of all accrued and estimated fees and expenses at the time of filing, in an amount not less than $50,000. We will return to you any portion of our advance fee that is not earned upon the conclusion of our engagement.

Some fees, charges and disbursements incurred before the filing of a bankruptcy petition (voluntary or involuntary) may remain unpaid as of the date of a bankruptcy filing. Immediately prior to the filing we will prepare an estimated invoice for fees and expenses incurred and deduct such amount from the advance. Thereafter, we will perform a reconciliation with respect to prepetition fees and expenses actually incurred, with any additional amounts to be charged against the advance or, alternatively, as the case may be, any excess amounts previously deducted to be returned to and augment the remaining advance. After the filing of any case under chapter 11 of the Bankruptcy Code, the remaining advance will be held for application to any further trailing prepetition fees and expenses and postpetition fees and expenses in accordance with Federal Rule of Bankruptcy Procedure 2016 or other applicable laws and rules.

# Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 3

Postpetition fees and expenses are to be paid by Client as and when approved by the Court and are not intended to be set off against the advance until the conclusion of the case.

If at any point you have any issues or concerns with any of our invoices or reimbursement requests, we ask that the issue be brought to our attention promptly so that we may resolve it in a timely and mutually satisfactory manner.

### *Other Firm Relationships and Waiver of Conflicts of Interest.*

(a)    The Firm has represented, now represents, and will continue to represent numerous clients, nationally and internationally, over a wide range of industries and businesses in a broad variety of matters. Conflicts of interest might arise that could deprive existing or prospective clients of the right to use the Firm as its counsel. Consequently, as an integral part of the engagement, this Agreement confirms our mutual agreement that with respect to any potential conflict arising by virtue of our representation of Client in connection with the Matter and not any potential conflicts arising by virtue of the Firm's representation of Client in another or future matter, the Firm may represent current or future clients, whether with respect to counseling, transactional matters, litigation, other adversarial proceedings, or other matters, but only on a basis not adverse to Client. Such matters are referred to collectively as *"Permitted Representations."*

(b)    Client waives any current or potential conflicts of interest with respect to Permitted Representations arising by virtue of the Firm's representation of it in connection with the Matter described in this Agreement and not any current or potential conflicts of interest arising by virtue of this Firm's representation of it in another or future matter. In furtherance of this Agreement, Client agrees that it will not for itself or any other party assert that its retention of the Firm hereunder is a basis for disqualifying the Firm from representing another party in any Permitted Representation, and Client agrees that any Permitted Representation does not constitute a breach of duty, in each case, to the extent described in this paragraph (b).

(c)    Client agrees that it will not, for itself or any other entity or person, unreasonably assert that either: (i) the Firm's representation of Client in the Matter; or (ii) the Firm's actual, or possible, possession of confidential information belonging to Client is a basis to disqualify the Firm from representing another entity or person in any Permitted Representation. Client further

---

°    Client acknowledges, however, that its status as a creditor or other party-in-interest in any bankruptcy or other insolvency proceeding in which another Firm client or potential client is also a creditor or party-in-interest (whether or not holding equivalent rights of recovery) shall not, by itself, constitute adversity for the purposes hereof.

## Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 4

agrees to reasonably cooperate in providing a waiver letter to permit the Firm to engage in a Permitted Representation.

    (d)    With respect to Permitted Representations, we will adhere to our professional obligation not to disclose any confidential information or to use it for another party's benefit without Client's consent or agreement. With respect to Permitted Representations, the Firm will, at Client's request, internally screen the lawyers and work product involved in the engagement referred to in this Agreement from the lawyers and work product involved in any Permitted Representation. Provided that the Firm acts in this manner, Client would not for itself or any other party assert that our possession of such information, even though it may relate to a matter for which we are representing another client or may be known to someone at our Firm working on the matter: (i) is a basis for disqualifying us from representing another of our clients; or (ii) constitutes a breach of any duty owed by our Firm.

    *Consent Regarding the Firm Privileged Communications.* It may be necessary or appropriate for the Firm or Firm lawyers to consult (at the Firm's own expense) with the Firm's General Counsel, other Firm lawyers or external counsel regarding our rights and responsibilities concerning the Firm's engagement with Client. In such instances, a conflict of interest may arise between the Firm and Client as to the subject matter of such consultation. Client consents to such consultations, waives any conflict of interest that may result from the consultations, and acknowledges that such consultations are protected by the Firm's (i.e., not Client's) attorney-client privilege.

    *Conclusion of Representation.* Following the conclusion of our representation, we will keep confidential any non-public information Client has supplied to us that we retain in accordance with applicable rules of professional conduct. At Client's request, we will return Client's papers and property to Client. The Firm will retain its own files pertaining to the matter in accordance with the Firm's then existing records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials after the termination of the engagement in accordance with our then existing records retention program.

    *Termination of Representation.* This engagement and the attorney-client relationship created by this matter will end when we have completed the legal services discussed in the scope of representation describe above. If Client later engages us for any related or additional matter, that engagement and its scope must be confirmed in a separate engagement letter, an email or in a written supplement to this Agreement.

    Client may terminate the engagement at any time, and for any reason, by informing us in writing. Similarly, we may terminate or withdraw from our representation of Client at any time, provided we comply with the applicable rules governing our professional conduct. If we decide

# Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 5

to so withdraw, Client agrees to take all steps necessary to release us from any further obligation to represent Client, including signing any documents necessary to complete our withdrawal. In the event of a termination or our withdrawal, Client will pay us for all fees and charges through such point.

After the conclusion of this matter, Client may ask us, or we might be compelled, to undertake certain post-engagement tasks relating to this matter, such as responding and objecting to subpoenas, searching for and producing documents, preparing for testimony, testifying in a proceeding, performing work relating to transitioning a matter to new attorneys, or similar activities. In such case, we will promptly notify Client, and Client agrees to compensate us for our fees and the expenses we incur, including payment for time spent by our attorneys and other timekeepers calculated at our then-current hourly rates. Nothing in this Agreement, however, obligates our attorneys or personnel to submit to interviews or provide testimony, and any post-engagement work shall not constitute the performance of legal services for Client or create or revive an attorney-client relationship between Client and the Firm.

*Disputes.* Part 137 of the Rules of the Chief Administrator of the Courts provides a procedure for the arbitration (and in some cases mediation) of fee disputes between attorneys and their clients in certain civil matters where the fee dispute is more than $1,000 or less than $50,000. If Client has a fee dispute between $1,000 and $50,000, Client may elect to resolve any fee dispute by arbitration before the New York State Fee Dispute Resolution Program. The arbitration will be binding on the Firm and Client unless either the Firm or Client seeks a trial within 30 days of the arbitration decision. If Client elects to arbitrate a fee dispute, the Firm will provide Client with the appropriate forms to commence the arbitration procedure.

All other claims arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in New York, New York in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof.

*Governing Law.* This Agreement is governed by the laws of the State of New York, without regard to its conflict of laws provisions, and may be executed in counterparts.

*Lawyer Review.* Although we are fully confident that we can represent Client, you may wish to consult with an independent attorney to assist you in deciding whether to retain our law firm, (ii) grant the waiver provided for in clause (c) under Other Firm Relationships and Waiver of Conflicts of Interests and (iii) sign this engagement letter, and we encourage you to do so. Of course, we are happy to speak with you further if you have any questions about this Agreement, our earlier discussions, or anything else that bears on your decision about whether to retain the Firm.

# Chapman and Cutler LLP

Mr. Russell Fuchs
May 28, 2019
Page 6

If this letter accurately reflects our agreement to represent you, please sign this letter and return it to me. We look forward to representing you in this matter.

Very truly yours,

CHAPMAN AND CUTLER LLP

By _Steven Wilamowsky_
Steven Wilamowsky

ACKNOWLEDGED AND AGREED:

Retrieval Masters Creditors Bureau, Inc.

By _Russell Fuchs_

cc:     David Spears, Esq.