CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Counsel for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | : | Case No. 19-23185 (RDD) |
| | : | |
| Debtor. | : | |

**DEBTOR'S REPLY TO LIMITED OBJECTION OF
LABORATORY CORPORATION OF AMERICA HOLDINGS,
LABORATORY CORPORATION OF AMERICA, QUEST
DIAGNOSTICS INCORPORATED, AND OPTUM360, LLC TO
JOINT MOTION TO ADJOURN DOCKET NUMBERS 3 AND 52
WITHOUT DATE AND WITHOUT PREJUDICE AND NOTICE
AGREEMENT BETWEEN DEBTOR AND MULTI-STATE GROUP**

Retrieval-Masters Creditors Bureau, Inc. (the "Debtor") as and for its reply (this "Reply")

to the *Limited Objection* (the "Objection") *by Laboratory Corporation of America Holdings,*

*Laboratory Corporation of America, Quest Diagnostics Incorporated, and Optum360, LLC*

(collectively, the *"*MDL Defendants*") to the Debtor's Joint Motion to Adjourn Docket Numbers*

---

[1]   The last four digits of the Debtor's taxpayer identification number is 9495.  The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.  The Debtor also has done business as American Medical Collection Agency.

*3 and 52,* dated October 7, 2019 [Doc. No. 153] the ("<u>Joint Motion</u>")[2] and in further support of the Joint Motion, by its undersigned counsel, respectfully represents as follows:

### Introduction

The Joint Motion is the product of prolonged litigation, discussions, and negotiations over the last several months between the Debtor and various States' Attorneys General, led primarily by Indiana and Texas, regarding the terms under which the Multi-State Group will receive information from the Debtor in connection with the Multi-State Group's respective civil investigations of the data security breach that precipitated the Debtor's chapter 11 case. The Joint Motion incorporates the Agreement, which was designed to respect both the Multi-State Group's legitimate desire for information from the Debtor while remaining sensitive to the severe financial and human-resource constraints under which the Debtor finds itself, as well as the desire of the Multi-State Group to avoid conceding the Court's jurisdiction over their investigations.

The MDL Defendants, who are all former clients of the Debtor currently subject to putative class actions (the "<u>Multi-District Litigation</u>") overseen by the United States Judicial Panel on Multidistrict Litigation (MDL No. 2904), have filed their Objection, which would upend the delicate balance reflected in the Agreement by asking the Court to: (a) issue an unnecessary mandate *ordering* the Multi-State Group to do what they already have agreed to do, which is not share any confidential information received from the Debtor with anyone outside the Multi-State Group; and (b) requiring the vetting of any such information with the MDL Defendants before the Debtor can provide them to the Multi-State Groups.

---

[2]    Capitalized terms not otherwise defined herein have the meanings ascribed to them by the Motion.

- 2 -

## Reply

The Objection has no merit. As this Court, and all parties that have been following the docket of this case, *including all of the MDL Defendants*, are well aware, a key issue for the Multi-State Group has been their position that the Court does not have the power and/or jurisdiction to delimit the nature or conduct of their respective investigations. While the Debtor believes that the Court clearly *does* have both the power and the jurisdiction to protect the Debtor in this way, the Debtor and the Multi-State Group, with the encouragement of the Court, have sought to moot the issue, if possible, by working cooperatively to agree on the manner in which the Debtor will provide the Multi-State Group with requested documents and information, and otherwise respond to information requests.

The parties' efforts have borne fruit, resulting in the Agreement, pursuant to which the Multi-State Group has voluntarily agreed to an investigatory process designed to limit the burden on the Debtor by, among other things, allowing for the channeling of information requests and the secure production of documents to designated representatives of the Multi-State Group. Now, at the eleventh hour,[3] the MDL Defendants have suddenly emerged, potentially derailing the Agreement by seeking to impose a condition that the Agreement was carefully crafted to avoid. Specifically, the MDL Defendants want the Court to "modify the proposed order granting the Motion to direct that the Multi-State Group not disclose documents and information received from AMCA outside the Multi-State Group until further order of the Court." Objection at 2.

The requested "modification" would undermine the Debtor's carefully crafted bargain with the Multi-State Group, and is unnecessary in any event, given that the Multi-State Group already has committed that information provided under the Agreement will be accorded "the

---

[3] The Debtor did not know that the MDL Defendants had any issues with the Joint Motion until the Friday night prior to the Monday objection deadline.

highest level of protection against disclosure provided under [the] respective laws" of any State that receives it.  *See* Agreement, § G(i).

With respect to the MDL Defendants' demand for "access" to the documents to be provided to the Multi-State Group under the Agreement, that request is unfounded as well and should be denied.  First, and critically, providing such access to the MDL Defendants presents a substantial risk of disclosure of personally identifiable information to MDL Defendants from whom such information did not originate, as the Debtor does not have the wherewithal to segregate all requested of such information on a (former) client-by-client basis.

Second, the notional multi-party vetting protocol – the terms of which have not even been proposed, much less negotiated and agreed to -- likely would delay for weeks or months the Debtor's actual production to the Multi-State Group of the information it has requested, thereby frustrating the Debtor's efforts to satisfy the Multi-State Group's requests.  This is doubly the case considering that, if the MDL Defendants are permitted to intrude into the delicately balanced arrangement crafted by the Debtor and the Multi-State Group, at such point, the Multi-District Litigation *plaintiffs* are sure to follow suit and complicate matters further still.  That would turn the entire, separate and discrete civil regulatory investigation by the Multi-State Group into an end-run around the automatic stay that otherwise protects the Debtor in connection with the private lawsuits in which it has been named.

Third, contrary to their assertion in the Objection, the MDL Defendants have no "contractual rights" that would prevent the Debtor from responding to the Multi-State Group's information requests, even if those asserted rights remained enforceable in the Debtor's chapter 11 proceeding.  That is because, as is typical, the Debtor's agreements do not proscribe the transmittal of "confidential information" when done pursuant to a court order.  Indeed, by way of

example, the Debtor's service agreement with Quest Diagnostics expressly provides that the Debtor "may disclose Confidential Information when required to do so by court order."

Finally, while not directly relevant to the Joint Motion, the Debtor takes exception to the accusation that "over the last five months, certain MDL Defendants have repeatedly requested that the Debtor provide the very same documents now being produced to the Multi-State Group." The Debtor does not know which of the objectors are the "certain MDL Defendants" the Objection refers to, but it knows that the LabCorp entities have been dormant in the Debtor's case since shortly after its commencement, while Quest/Optum has gone silent for weeks on end as the Debtor has attempted in good faith to negotiate a resolution of the parties' competing demands.

*[Remainder of page intentionally left blank]*

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court grant the Joint Motion and overrule the Objection in its entirety.[4]

Dated: October 25, 2019
      New York, New York

                    CHAPMAN AND CUTLER LLP
                    *Counsel for the Debtor and Debtor in Possession*

                    By:   /s/Steven Wilamowsky
                          Steven Wilamowsky
                          1270 Avenue of the Americas
                          New York, NY 10020-1708
                          Telephone: 212.655.6000

                              -and-

                          Aaron M. Krieger
                          111 West Monroe Street
                          Chicago, IL 60603-4080
                          Telephone: 312.845.3000

---

[4] Given the importance of moving the investigation forward, the Debtor respectfully requests that to the extent that the Court is not prepared to rule on the basis of the pleadings, that the Court schedule a conference call or telephonic hearing with the Court at which time the matter can be considered, as soon as can be reasonably accommodated by the Court's calendar.