UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                              :     Chapter 11
                                                   :
Retrieval-Masters Creditors Bureau, Inc.,[1]       :     Case No. 19-23185 (RDD)
                                                   :
          Debtor.                                  :
---------------------------------------------------------x

**STIPULATION AND [PROPOSED] ORDER RESOLVING MOTION
OF INFORM DIAGNOSTICS, INC. FOR AN ORDER MODIFYING
THE AUTOMATIC STAY TO PERMIT TERMINATION OF
CERTAIN CONTRACTS OR, IN THE ALTERNATIVE, TO
PROVIDE ADEQUATE PROTECTION AND COMPEL THE
DEBTOR TO ASSUME OR REJECT CERTAIN CONTRACTS**

This *Stipulation and* **[PROPOSED]** *Order Resolving Motion of Inform Diagnostics Life Sciences for an Order Modifying the Automatic Stay to Permit Termination of Certain Contracts or, in the alternative, to Provide Adequate Protection and Compel the Debtor to Assume or Reject Certain Contracts* (this "Stipulation") is entered into by and between Retrieval-Masters Creditors Bureau, Inc. (the "Debtor") and Inform Diagnostics, Inc. ("Inform Diagnostics" and, together with the Debtor, the "Parties"), by their undersigned counsel, with reference to the following facts:

# RECITALS

A.  Inform Diagnostics contracted with the Debtor to facilitate the collection of certain of its account receivables pursuant to the following agreements: (1) the Collection Agency Agreement, dated April 1, 2015; (2) the HIPAA Business Associate Agreement, dated

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495.  As of November 1, 2019, the Debtor's service address for purposes of this chapter 11 case is 200 Pemberwick Road, Greenwich, CT 06831.  The Debtor also has done business as American Medical Collection Agency.

April 1, 2015; (3) the Collection Agency Agreement, dated April 1, 2016; and (4) the Amendment No. 1 to Collection Agency Agreement (collectively, the "Contracts").[2]

      B.      Pursuant to the Contracts, the Debtor collected certain funds on behalf of Inform Diagnostics, and was entitled to retain a fixed percentage of those funds. In connection with such collection, the Debtor holds protected health information ("PHI") with respect to certain of Inform Diagnostics' patients.

      C.      Since June 17, 2019 (the "Petition Date"), the Debtor is no longer operating its business as a going concern or performing under the Contracts. However, residual obligations associated with the Contracts may exist.

      D.      On September 24, 2019, Inform Diagnostics filed its *Motion of Inform Diagnostics Life Sciences for an Order Modifying the Automatic Stay to Permit Termination of Certain Contracts or, in the alternative, to Provide Adequate Protection and Compel the Debtor to Assume or Reject Certain Contracts* [Docket No. 147] (the "Motion") seeking to terminate the Contracts and compel the return of all PHI. Since filing the Motion, the Debtor and Inform Diagnostics have engaged in discussions concerning the status of the Contracts in the context of this bankruptcy case.

      E.      The Parties wish to wind-up their relationship on an amicable basis and confirm the Debtor's rejection of the Contracts.

---

[2]     The Contracts identify Inform Diagnostics by its prior name, Miraca Life Sciences. On January 8, 2018, Miraca Life Sciences announced its change of name to Inform Diagnostics, Inc.

## **A G R E E M E N T**

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. Upon approval of this Stipulation, the Contracts shall be deemed rejected by the Debtor as of the Petition Date, with the Parties' obligations under the Contracts terminated except as provided herein.

2. The Debtor agrees and confirms that all PHI the Debtor holds is contained on systems that are disconnected from any power source (except when specifically "powered up" to retrieve information solely for purposes related to ongoing litigation and/or regulatory investigations) and is in any event inaccessible by any remote means. The Debtor further agrees and confirms that, except as expressly permitted herein, PHI will not be used for any purpose or otherwise shared with any party unless authorized by Inform Diagnostics or directed by this Court or another court of competent jurisdiction. In the event the Debtor is required to share PHI, the Debtor shall provide Inform Diagnostics with prompt written notice of any such request or requirement so that Inform Diagnostics may seek a protective order or other appropriate remedy; *provided, however*, that Inform Diagnostics shall be deemed to have received notice of any production of PHI that may be made to governmental entities arising from or in connection with that certain *Joint Motion to Adjourn Docket Numbers 3 and 52 Without Date and Without Prejudice and Notice of Agreement Between Debtor and Multi-State Group* [Doc. No. 153].

3. The Debtor agrees and confirms that it will not conduct collection efforts on behalf of Inform Diagnostics, and that Inform Diagnostics is free to pursue collection efforts itself, or contract with a third-party for collection, of such accounts previously assigned to the Debtor for collection under the Contracts.

4. To the extent that, notwithstanding the foregoing, payments continue to be received by the Debtor in respect of accounts previously assigned to the Debtor for collection under the Contracts, the Debtor shall be under no obligation to process such payments, and shall forward such payments as-is to Inform Diagnostics by United States mail at an address designated by Inform Diagnostics.

5. Inform Diagnostics reserves the right to file one or more claims against the Debtor arising out of or relating to the Contracts, and the Debtor reserves the right to assert any objections or counter-claims thereto.

6. The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, neither shall be considered the sole or primary drafter for the purposes of the interpretation of any ambiguities in this Stipulation.

7. This Stipulation shall not be effective unless and until "so ordered" by the Court.

8. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of this Stipulation.

[Signature Page Follows]

Dated: November 13, 2019
New York, New York

| **CHAPMAN AND CUTLER LLP** | **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.** |
|---|---|
| /s/ Steven Wilamowsky | /s/ Kaitlin R. Walsh |
| Steven Wilamowsky, Esq. | Kaitlin R. Walsh, Esq. |
| 1270 Avenue of the Americas | 666 Third Avenue |
| New York, NY 10022 | New York, NY 10017 |
| Telephone: 212.655.6000 | Telephone: 212.935.3000 |
| Email: wilamowsky@chapman.com | Email: krwalsh@mintz.com |
| and | and |
| Aaron M. Krieger (admitted *pro hac vice*) | Adrienne K. Walker, Esq. |
| 111 West Monroe Street | One Financial Center |
| Chicago, IL 60603-4080 | Boston, MA 02111 |
| Telephone: 312.845.3000 | Telphone: 617.542.6000 |
| Email: akrieger@chapman.com | Email: akwalker@mintz.com |
| *Attorneys for Debtor and Debtor in Possession* | *Attorneys for Inform Diagnostics, Inc.* |

**SO ORDERED:**

Dated: [_____], 2019
      White Plains, NY

_____
The Honorable Robert D. Drain
United States Bankruptcy Judge