| | |
|---|---|
| Christopher R. Donoho, III | William Hao |
| John D. Beck | **ALSTON & BIRD LLP** |
| **HOGAN LOVELLS US LLP** | 90 Park Avenue |
| 390 Madison Avenue | New York, NY 10016 |
| New York, New York 10017 | Telephone: (212) 210-9400 |
| Telephone: (212) 918-3000 | Facsimile: (212) 210-9444 |
| Facsimile: (212) 918-3100 | Email: william.hao@alston.com |
| Email: chris.donoho@hoganlovells.com | |
|         john.beck@hoganlovells.com | -and- |

*Attorneys for Laboratory Corporation of America Holdings and Laboratory Corporation of America*

William S. Sugden (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W. Peachtree St.
Atlanta, Georgia 30309-3424
Telephone 404-881-7000
(F) 404-253-8235
Email: will.sugden@alston.com

Jessica C.K. Boelter (admitted *pro hac vice*)
William E. Curtin
**SIDLEY AUSTIN LLP**
787 Seventh Ave
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: jboelter@sidley.com
        wcurtin@sidley.com

*Attorneys for Optum360, LLC*

*Attorneys for Quest Diagnostics Incorporated*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Retrieval-Masters Creditors Bureau, Inc.,[1] | Case No. 19-23185 (RDD) |
| Debtor. | |

**SUPPLEMENTAL STATEMENT IN SUPPORT OF JOINT MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. §§ 105 AND 362, DIRECTING THE DEBTOR TO PRODUCE CERTAIN DOCUMENTS**

---

[1] The last four digits of the Debtor's taxpayer identification number are 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

Laboratory Corporation of America Holdings and Laboratory Corporation of America, Optum360, LLC and Quest Diagnostics Incorporated (collectively, the "**Movants**"), by and through their undersigned counsel, respectfully submit this supplemental statement in support (the "**Statement**") of their joint motion (Dkt. No. 180; the "**Motion**") for entry of an Order, pursuant to sections 105(a) and 362(d)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), directing Retrieval-Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency (the "**Debtor**") to produce to the Movants' outside counsel the documents and information contained in the Debtor Response[2] to allow them to designate documents as confidential in order to prevent a substantial risk of irreparable harm to the Movants that would occur if such documents were publicly disclosed. In support of the Motion, the Movants respectfully state as follows:

## PRELIMINARY STATEMENT

1. By the Motion, the Movants seek limited and focused relief consisting solely of the production to the Movants' outside counsel of a copy of the documents and information the Debtor has agreed to produce to the Multi-State Group—for the purpose of allowing the Movants to conduct an outside-attorneys-eyes-only confidentiality review. Since the November 14th Hearing, the Debtor has disclosed to Movants the broad categories of documents that will comprise the Debtor Response. The documents will include the Movants' confidential, sensitive information that they provided to the Debtor pursuant to contractual provisions that obligated the Debtor to protect the confidentiality of the information. The confidential information at issue could include information relating to trade secrets, competitive information, pricing details, and customers and patients, the disclosure of which could cause irreparable harm to the Movants.

---

[2] All capitalized terms used but not defined herein are used as defined in the Motion.

2

2. In the Motion, the Movants noted that the Bankruptcy Code provides several alternate procedures under which such relief could be granted. As set forth below, and in addition to the procedures set forth in the Motion, the Movants submit that it also would be proper for the Court to grant the Movants the relief they seek under Rule 9018 ("**Rule 9018**") of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

3. Accordingly, the Movants' respectfully request that the Court grant Movant's request using the procedure that it deems most appropriate.

## JURISDICTION

4. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a) and 362(d) and Bankruptcy Rules 2004 and 9018.

## SUPPLEMENTAL BACKGROUND

5. On November 14, 2019, the Court held a hearing (the "**November 14th Hearing**") on the Agreement Motion and the Limited Objection thereto, at which the Debtor, the Multi-State Group and the Movants appeared and were heard. By order dated November 21, 2019, the Court overruled the Limited Objection and granted the Agreement Motion (Dkt. No. 204).

6. At the November 14th Hearing, the Court discussed Rule 9018 as a potential procedural mechanism for the relief sought in the Motion.

**SUPPLEMENTAL ARGUMENT**

7. Rule 9018 provides alternative authority to direct the production of the documents in the Debtor Response to the Movants' outside counsel. Rule 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . ." Fed. R. Bankr. P. 9018. This Court has "broad" power under Rule 9018. *In re Global Crossing Ltd.*, 295 B.R. 720, 724 (S.D.N.Y. 2003).

8. Although Rule 9018 is normally utilized as a means to implement section 107 of the Bankruptcy Code, courts have utilized Rule 9018 on a stand-alone basis because Rule 9018 does not require papers to be filed with the court. In *In re Handy Andy Home Imp. Centers, Inc.*, an unsecured bank committee filed a Rule 2004 motion seeking production of certain documents from and authority to conduct depositions of non-debtor companies. 199 B.R. 376 at 378 (Bankr. N.D. Ill. 1996). After the motion was filed, parties entered into a confidentiality stipulation governing the terms for production of certain confidential commercial documents and information, then sought a protective order restricting access to documents and information that any party marked as highly confidential. *Id.* The Court first held that although section 107(b) provided authorization to enter protective orders, it was "inapplicable to this situation" because "[s]ection 107 only applies to filed documents" and the discovery materials were not going to be filed. *Id.* at 381. The Court went on to hold that Rule 9018(1), independent of section 107, provided the court with the power to issue the protective order because it does not contain a filing requirement and "[i]ts sole requirement is that the information for which protection is sought falls into on [sic] of the required categories." *Id.* at 382.

9. Although some courts, including in this district, have held that Rule 9018 does not provide a separate basis for relief, those cases all involved instances where parties were attempting to use Rule 9018 to restrict access to papers that were filed with the court, which is unquestionably the exclusive purview of section 107. *See e.g.*, *In re Williams*, No. 15-71767, 2017 WL 6278764, at *1, *2 (Bankr. W.D. Va. Dec. 8, 2017) (motion to file confidential exhibits under seal); *In re Rivera*, 524 B.R. 438, 441, 443 (Bankr. D.P.R. 2015) (motions to seal complaints of filed advisory proceedings); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 168, 171 (Bankr. S.D.N.Y. 2013) (joint motion to seal documents filed in adversary proceedings); *In re Coy*, 324 B.R. 393, 395, 401 (Bankr. M.D. Fla. 2005) (motion to mask individual's social security number on debtor's chapter 7 petition); *In re Gitto/Global Corp.*, 321 B.R. 367, 370, 373 (Bankr. D. Mass. 2005) (motion to seal or redact portions of chapter 11 examiner's report). Movants do not seek to restrict access to papers that were filed with this Court.

10. Instead, the Movants' request is to establish procedures to protect the confidentiality of documents that will *not* be filed with the Court, and is therefore an appropriate use of Rule 9018. *Handy Andy*, 199 B.R. at 382 (holding that Rule 9018 does not contain a filing requirement and requires only that the information sought to be protected falls into one of the protected categories). The information sought to be protected here includes information relating to trade secrets, competitive information, pricing details, and customers and patients, the disclosure of which could cause irreparable harm to the Movants and falls squarely into the first required category of Rule 9018. *See* Motion ¶¶ 1, 31; Fed. R. Bankr. P. 9018 (1) (authorizing the issuance of any order, "to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ").

## RESERVATION OF RIGHTS

11. The Movants reserve all of their rights, remedies, and defenses in this chapter 11 case, including, but not limited to, all of their rights with respect to discovery on any matters.

## CONCLUSION

WHEREFORE, the Movants respectfully request that this Court grant the Motion and enter an order (1) pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code and Rules 2004 and 9018 of the Bankruptcy Rules, directing the Debtor to produce to the Movants' outside counsel the documents and information contained in the Debtor Response and (2) granting such other and further relief as the Court deems just and proper.

Dated: November 27, 2019
New York, New York

Respectfully submitted,

/s/  John D. Beck
Christopher R. Donoho, III
John D. Beck
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: chris.donoho@hoganlovells.com
john.beck@hoganlovells.com

*Attorneys for Laboratory Corporation of America Holdings and Laboratory Corporation of America*

/s/   William E. Curtin
Jessica C.K. Boelter (admitted *pro hac vice*)
William E. Curtin
**SIDLEY AUSTIN LLP**
787 Seventh Ave
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: jboelter@sidley.com
wcurtin@sidley.com

*Attorneys for Quest Diagnostics Incorporated*

/s/  William Hao
William Hao
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
Email: william.hao@alston.com

-and-

William S. Sugden (admitted *pro hac vice*)
One Atlantic Center
1201 W. Peachtree St.
Atlanta, Georgia 30309-3424
(P) 404-881-7000
(F) 404-253-8235
Email: will.sugden@alston.com

*Attorneys for Optum360, LLC*